OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON')

12-28-16  , JY.  AC

DATE (MAILROOM-MAIN UNIT)  OFFICER INT.

## UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA
_Tallahassee_ DIVISION

### CIVIL RIGHTS COMPLAINT FORM
### TO BE USED BY PRISONERS IN ACTIONS UNDER 42 U.S.C. § 1983

_JURY TRIAL DEMANDED_

_PERRY T. LAPUMA_

Inmate # _086188_

(Enter full name of Plaintiff)

vs.

CASE NO: _4:16 CV 799_
(To be assigned by Clerk)
_WS - CAS_

_Sr. LPN V. COUCH_
_ARNP ANP- BC K. LIGHTFOOT_
_SR. HSA C. SIMCOX_
_CHOMD A. BUCARELLI_
_NP C. KENDRICK_

(Enter name and title of each Defendant.
If additional space is required, use the
blank area below and directly to the right.)

_SGT John Doe_

### ANSWER ALL QUESTIONS ON THE FOLLOWING PAGES:

Filed DEC 29 '16 US DC Fln 4PM 1250

I.     **PLAINTIFF:**

State your <u>full name</u>, inmate number (if applicable), and full mailing address in the lines below.

Name of Plaintiff:      *PERRY T. LAPUMA*
Inmate Number          *#086188*
Prison or Jail:            *Taylor Corr. Inst.*
Mailing address:        *8501 Hampton Springs Rd.*
                              *Perry, Florida*
                                           *32348*

II.    **DEFENDANT(S):**

State the <u>name</u> of the Defendant in the first line, official position in the second line, place of employment in the third line, and mailing address. Do the same for <u>**every**</u> Defendant:

(1)   Defendant's name:      *J. COUCH*
        Official position:         *Sr. Licence Practical Nurse*
        Employed at:             *Taylor C.I. Annex*
        Mailing address:        *1725 Mahan Center Blvd.*
                                     *Tall. FL. 32308*

(2)   Defendant's name:      *Keatbadge Ra'Tendo Lightfoot*
        Official position:         *ARNP*
        Employed at:             *N/A*
        Mailing address:        *351 W. Camden St., ste. 100*
                                     *Baltimore, MD 21201*

(3)   Defendant's name:      *Ana Bucarelli*
        Official position:         *Medical Doctor*
        Employed at:             *Fl. Primary care ctrs of Tampa*
        Mailing address:        *6726 Henley Road*
                                     *Tampa, FL. 33634*    *— Continue —*

**<u>ATTACH ADDITIONAL PAGES HERE TO NAME ADDITIONAL DEFENDANTS</u>**

2

-continued-

II. DEFENDANT(S):

(4) C. Simcox
SR. Health Service Administrator
Unknown (Corizon Health Care, Inc.)
unknown mailing address

(5) C. Kendrick
Nurse Practitioner
Taylor C.I.
8501 Hampton Springs Rd.
Perry, FL. 32348

(6) Sgt. John Doe
Sgt.
Taylor C.I. Annex
8501 Hampton Springs Rd.
Perry, FL. 32348

2 (a)

III.    **EXHAUSTION OF ADMINISTRATIVE REMEDIES**

**Exhaustion of administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. § 1997e(a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.**

IV.    **PREVIOUS LAWSUITS**

NOTE:  FAILURE TO DISCLOSE **ALL** PRIOR CIVIL CASES MAY RESULT IN THE DISMISSAL OF THIS CASE.  IF YOU ARE UNSURE OF ANY PRIOR CASES YOU HAVE FILED, THAT FACT MUST BE DISCLOSED AS WELL.

A.    Have you initiated other actions in **state court** dealing with the same or similar facts/issues involved in this action?
Yes( )                         No( )

1.    Parties to previous action:
   (a)    Plaintiff(s): _Perry T. LaPuma_
   (b)    Defendant(s): _Fla. Dept. of Corr. + Corizon_
2.    Name of judge: _Parker_          Case #: _14-CA-0661_
3.    County and judicial circuit: _Taylor / Third_
4.    Approximate filing date: _2014_
5.    If not still pending, date of dismissal: _2016_
6.    Reason for dismissal: _Failed to provide expert Affidavit (PSR)_
7.    Facts and claims of case: _Failed to properly diagnose + treat Plaintiffs Chronic Abdominal Pain and Emergency Treatment_
   **(Attach additional pages as necessary to list state court cases.)**

B.    Have you initiated other actions in **federal court** dealing with the same or similar facts/issues involved in this action?

Yes( )                         No( ✓ )

1.    Parties to previous action:
   a.    Plaintiff(s): _____
   b.    Defendant(s): _____
2.    District and judicial division: _____
3.    Name of judge: _____    Case #: _____
4.    Approximate filing date: _____
5.    If not still pending, date of dismissal: _____
6.    Reason for dismissal: _____

3

7.    Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list other federal court cases.)**

C.    Have you initiated other actions (*besides those listed above in Questions (A) and (B)*) in **either state or federal court** that relate to the fact or manner of your incarceration (including habeas corpus petitions) or the conditions of your confinement (including civil rights complaints about any aspect of prison life, whether it be general circumstances or a particular episode, and whether it involved excessive force or some other wrong)?

Yes(   )                         No( ✓ )

If YES, describe each action in the space provided below.  If more than one action, describe all additional cases on a separate piece of paper, using the same format as below.

1.    Parties to previous action:
     a.    Plaintiff(s): _____
     b.    Defendant(s): _____
2.    District and judicial division: _____
3.    Name of judge: _____   Case #: _____
4.    Approximate filing date: _____
5.    If not still pending, date of dismissal: _____
6.    Reason for dismissal: _____
7.    Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

D.    Have you ever had any actions in **federal court** dismissed as frivolous, malicious, failing to state a claim, or prior to service?  If so, identify each and every case so dismissed:

Yes(   )                   No( ✓ )

1.    Parties to previous action:
     a.    Plaintiff(s): _____
     b.    Defendant(s): _____
2.    District and judicial division: _____
3.    Name of judge: _____   Case Docket # _____
4.    Approximate filing date: _____   Dismissal date: _____
5.    Reason for dismissal: _____

4

6.   Facts and claims of case: _____

_____

**(Attach additional pages as necessary to list cases.)**

## V.   STATEMENT OF FACTS:

State briefly the FACTS of this case. Describe how each Defendant was involved and what each person did or did not do which gives rise to your claim. In describing what happened, state the names of persons involved, dates, and places. Do not make any legal arguments or cite to any cases or statutes. You must set forth separate factual allegations in separately numbered paragraphs. You may make copies of this page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5) additional pages should be attached. (If there are facts which are not related to this same basic incident or issue, they must be addressed in a separate civil rights complaint.)

1. On or about February 5th, 2011, Plaintiff declared a medical Emergency experiencing sever abdominal pain and back pain, and was escorted to the medical clinic (while incarcerated at Taylor C.I. Annex) by a young black femal officer, who stayed with the Plaintiff inside the clinic and witnessed everything;

2. As soon as Plaintiff entered the clinics examination-room Defendant Couch stated Plaintiff's condition was not a medical emergency because he could walk and because he was not bleeding to death;

3. Plaintiff then told Defendant Couch he had sever abdominal pain that was causing his back to hurt, doubled over in pain, unable to walk straight and feeling very ill and nauseated;

4. Defendant Couch then stated it was not a medical emergency and threatened Plaintiff with a write-up (disciplinary report) for declaring a medical emergency on a weekend;

5

5. Defendant Couch had an unwritten policy that no-inmate was to declare a medical emergency on a weekend unless he is bleeding to death or unable to walk;

6. Defendant Couch then tried to coerce Plaintiff into signing a refusal for medical care and treatment, but Plaintiff refused to sign;

7. Defendant Couch then grudgingly preformed a quick physical examination of Plaintiff and quickly stated, while filling out the medical assessment of Plaintiff that Plaintiff was only suffering from a back problem;

8. Plaintiff tried correcting Defendant Couch's assessment by telling her that he is suffering from sever abdominal pain and nauseated and ill;

9. Defendant Couch then mocked the Plaintiff and said, no, you have back pain and that's what I'm writing in your medical file;

10. Plaintiff asked Defendant Couch for some pain medication and she gave him four pills;

11. On March 3rd, 2011, Plaintiff sent Defendant Simcox a written request in concern of his medical emergency above, his - continued -

6

present medical condition and him expecting a followup referral with a Doctor for his serious medical need, see Request attached as Exhibit "A";

12. On March 9th, 2011, Defendant Simcox answered the above request indicting Plaintiff's serious medical condition did not warrent a followup Doctors examination;

13. On or about March 12th, 2011, Plaintiff was seen by Defendant Jan Lee in refence to his abdominal and back pain, and recent burning and painful urination. Blood was discovered in Plaintiff's urine;

14. On March 14th, 2011, Plaintiff wrote another request to Defendant Simcox, pointing out his serious medical condition (suffering) and the medical emergency he had declared above; that his abdominal pain is internal and radiating to his back area. That Defendant Lightfoot has ignored Plaintiff's this serious condition and has intentionally delayed seeing him for his medical emergency and recent sick call visit, see request attached as Exhibit "B";

15. On or about April 21, 2011, Plaintiff was seen by Defendant Lightfoot, however, she refused to address Plaintiff's medical

7.

emergency above and his serious medical
problems with his abdomen;

16. On or about April 25th, 2011, Plaintiff
Filed formal grievance #1104-224-038
in reference to the above information. The
grievance was sent to the Warden of Taylor
C.I. making his office aware of the Plain-
tiff's immediate medical needs. The grievance
was denied stating Plaintiff to "increase his
fluid intake" in reference to treating the
seven pain in his abdomen and back this
treatment plan was ordered without the
benefit of physical examination or
scientific diagnosis of Plaintiff's cause
of pain by the defendants see grievance
#1104-224-038 attached as Exhibit C;

17. On or about April 29th, 2011, Plaintiff
was seen by Defendant Lightfoot in
reference to his two month old complaint of
black in his stool and constant pain in his
abdomen and back, sometimes seven. De-
fendant Lightfoot was suppose to order
tests for Hpylori, CMP, CBC, Hepatitis panel,
amylase, and lipase, she also was suppose to
order Chest and cervical spine x-rays
and ultrasound of Plaintiff's abdomen and
pelvis;

18. On or about May 5th, 2011, Plaintiff

8.

sent Defendant Simcox another written
inmate request. Plaintiff stated the diag-
nostic tests that were supposed to be ordered
by Defendant Lightfoot on April 29th, 2011
were suddenly cancelled as a retaliatory act
right after Plaintiff filed a formal grievance
against Defendant Lightfoot and medical staff.
Plaintiff requested immediate examination and
treatment by the Chief Health Officer fearing
reprisal and delay of diagnosis and treatment
for his pain. Plaintiff notified Defendant Simcox
the pain in his abdomen and back was increasing
as was the symptoms he was suffering due to
BP meds Metoprolol. Defendant's reply was to
report to sick call. The issue of the can-
celled diagnostic Tests was not addressed;

19. Plaintiff continued to use 'sick call' and
    filed written inmate requests for medical
attention. F.D.O.C. Employees and Agents refused
to appreciate Plaintiff's worsening condition and
need for immediate diagnostic determination of
his pains source

20. On May 24th, 2011, Plaintiff appealed
    the denial of his formal grievance #1104-
224-038 and mailed it by U.S. Mail certified
receipt received but did not receive a response,
see copy of receipt attached a Exhibit "D";

21. On or about July 8th, 2011, Plaintiff

9.

sent Defendant Simcox another written inmate request. Plaintiff asked if he was still scheduled for the x-rays and ultrasounds of his internal organs. Plaintiff stated his abdomen pain had reached a point where he was having difficulty standing and was doubled-over for extended periods of time. Defendant Simcox replied only that there was nothing scheduled, "access sick call, see request attached as Exhibit 'E';

22. On or about August 28th, 2011, Plaintiff filed grievance 1108-224-004 with the warden at Taylor C.I. In this grievance, Plaintiff notified the warden of the medical Provider's denial of adequate medical care and treatment and intentional lack of Care Constituting Deliberate Indifference in reference to his desperate pleas for medical attention for sever pain in his abdomen. see this grievance attached as Exhibit 'F'; The grievance was answered stating the abdominal ultrasound had to be "resent"; even though there's no record Defendant Lightfoot even sent it;

23. Plaintiff appealed the aforementioned grievance denial to the office of the Secretary outlining the lack of proper diagnosis or treatment of his worsening medical condition. The Appeal was denied

10.

Plaintiff was directed to access sick call if he experienced problems, see Appeal grievance #11-6-30314 attached as Exhibit 'G';

24. On or about September 23rd, 2011, seven months later, Plaintiff was sent to Lake Butler Regional Medical Center. Radiologist, Doctor E. E. Franco examined Plaintiff's ultrasound results documenting Plaintiff had "several echogenic structures within the Gallbladder lumen, which may represent sludge balls versus non-shadowing small Gallstones". A copy of this Report are attached and marked as Exhibit 'H';

25. On or about October 27th, 2011, Plaintiff consulted with Chief Health Officer of Taylor C. I. Defendant Bucarelli who refused to elaborate on the structures in Plaintiff's gallbladder. Plaintiff requested to be evaluated by a Gastro-Specialist to determine if his gallbladder was the cause of his sever pain in his abbomen and back. Defendant Bucarelli refused to refer the Plaintiff dispite his worsening conditicn and Chronic pain. Defendant Bucarelli also refused to diagnos or treat the pain herself;

11.

26. In November and December 2011, Plaintiff filed formal grievances #1111-224-090 and 11-6-34886; and Appeal grievances 11-6-38782 with the warden of Taylor C.J. and the office of the Secretary. The grievances and Appeal outlined the fact Health Care Providers were deliberately Indifferent to Plaintiff's sever pain and refused to treat his gall bladder;

27. On February 12th, 2012, Plaintiff sent Defendant another written request. Plaintiff requested a Gastroenterologist outside consult that his condition required and to review the structures found in the ultrasound x-rays on 8-23-2011. Defendant Simcox replied, "No Treatment was offered because it was felt that any was needed." And that she "could not verify [Plaintiff] would be referred to a Gastroenterologist". see request attached as Exhibit 'I';

28. On or about February 22, 2012 Plaintiff filed another formal grievance #1202-224-055 with the warden at Taylor C.I. see grievance attached as Exhibit 'J'. Plaintiff requested evaluation and treatment by a Gastroenterologist, which is not available at Taylor C.I.; For sever pain in his abdomen and back he had been forced to endure

12.

For over a year even though Plaintiffs blood-work revealed symptoms of Acute Pancretitis high levels of Bicarbonate, Glucose and lipids (fats) to name a few. Defendants Lightfoot and Bucarelli was aware of this and chose to intentionally deny and/or delay medical care and treatment for this very serious disease, Chronic Acute Pancretitis. This grievance was "Approved" and Defendant Lightfoot was directed to prepare a consultation with the outside Gastroenterologist on March 1st, 2012;

29. Defendants Lightfoot Bucarelli and Simon continued to treat Plaintiff as a nuisance even though they knew the seriousness of his condition through the blood tests and/or the ultrasound that clearly reveals that Plaintiff was suffering from Pancretitis. As with the the ultrasound where Plaintiff waited unnecessarily for over seven months Plaintiff would again have to wait many more months before he is seen by the Gastroenterologist going through unnecessary pain and suffering while waiting that nearly cost Plaintiff his life;

30. Neither Defendant Lightfoot nor Defendant Bucarelli complied

13.

with the directive of the "Approved" grievance #1207-224-055. No consultation was ever scheduled with a Gastroenterologist. Plaintiff continued to suffer sever pain in his abdomen and back, vomiting and nausea. Plaintiff continued to address the issue through sick call as ordered to no avail;

31. On or about June 29th, 2012 Plaintiff sent Defendant Simcox another written request, requesting that she check on the Gastroenterologist consult. Defendant Simcox replied, "No gastro consult has been done" see request attached and marked as Exhibit "K";

32. On or about July 18, 2012, Plaintiff filed grievance #1207-224-057 with the Warden at Taylor C.I. This grievance outlined the fact Defendants refused to schedule Plaintiff to see a Gastroenterologist in compliance with office's order dated March 1, 2012. Plaintiff discribed how the lack of adequate medical care and treatment had been causing him pain and suffering for over seventeen months. Plaintiff requested immediate compliance with the approved grievance to see a Gastroenterologist. This was now denied stating, "since it has been so long since your previous

14.

assessment, you have been scheduled to
be seen by a Provider for a re-assessment"
The Appeal grievance #12-6-27762, was also
denied stating, "you are encouraged to
cooperate with Health Care staff," and
"should you experience problems, sick call
is available" Dated September 28th, 2012.
The Defendants Bucarelli, Lightfoot
and/or Simcox refused to follow their
own written directives, thereby, making
a showing of deliberate indifference
to Plaintiff's obvious serious medical
needs, be it, for Plaintiff filing a number
of grievances against defendants Couch and
Nurse Beat, and Lightfoot, Bucarelli and
Simcox or for some other reason such
as cost does not matter; see formal
and Appeal grievances #1207-224-057 and
12-6-27762 attached as Exhibit 'L';

33. On or about, August 13, 2012 Plain-
    tiff was seen by a Ms. P. Kalu ARNP
who ordered the Gastroenterologist consult
after waiting some (11) eleven months, after the
finding of, SLUDGE BALLS VERSUS NON-
SHADOWING SMALL GALLSTONES in the
ultrasound conducted on September 23,
2011 and over (5) five months since De-
fendant Bucarelli approved and then dis-
approved the consult and (17) seventeen
months since Plaintiff declared his

15.

First medical Emergency suffering sever abdominal pain on or about February 5th, 2011;

34. On or about October 19th, 2012 Plaintiff was seen by outside Gastroenterologist Dr. Geerken MD SOPC RMC who recommended a colonoscopy done;

35. On or about December 6th, 2012, Plaintiff was transported to Regional Medical Center, Lake Butler where the colonoscopy was conducted by Dr. Geerken M.D.. Dr. Geerken M.D. explained the structures located in Plaintiff's Gallbladder on September 23, 2011, were, in fact, Gallstones. Dr. Geerken M.D. advised Plaintiff they would discuss treatment options for the Gallstones at a later date;

36. On or about December 26th, 2012 8:20 PM, Plaintiff became severly ill and vomiting violently. This occurred during 8:00 PM count and locked in a two man cell at Taylor C.I. Annex K-Dorm. Plaintiff attempted to declare a medical Emergency but he was to weak to get the attention of the dorm officer so there were other inmates banging on the doors. After some ten minutes an

16.

Officer came to our wing and to Plaintiff's cell and had the Femal Officer in the Buble to roll or open Plaintiff's cell Door. Plaintiff was in sever pain in his abdomin and made it out to the foyer/officer's station. The Femel officer in the Buble inquired into Plaintiff's medical emengency and called a nurse and wheel chair;

37. Nurse Gay arrived with the wheel-chair, inquired into Plaintiff's condition and helping him into the wheel chair;

38. Defendant sgt. John Doe upon seeing Plaintiff in the wheelchair ordered him out of the wheelchair for non-medical reasons. Plaintiff was forced to walk approximately ¼ mile to Taylor C.I. Annex medical Clinic doubled over in pain, while Defendant sgt. John Doe badgered and threatened to take Plaintiff back to his cell if he did not answer every question he asked of Plaintiff;

39. There were many witnesses who seen Defendant sgt. John Doe make Plaintiff get out of the wheelchair;

40. Nurses at the Clinic preformed a cursory examination of Plaintiff

17.

and called Defendant Bucarelli due to it being the weekend, and authorized a transfer to Doctor's Memorial Hospital, in Perry, Fl. for Plaintiff's declared medical Emergency above on 12-26-2011;

41. Doctor's Memorial Hospital staff determined Plaintiff needed transport to Memorial Hospital, Jacksonville, Florida by helicopter but Defendant Sgt. John Doe told medical staff he would have to call it in. Defendant Sgt. John Doe told the Captain in change O.I.C. that he could transport Plaintiff by van to Memorial Hospital, so Plaintiff was transported by van, without medical equipment nor medical staff that took some two hours by van in violation of a number of Florida Statutes;

42. Plaintiff arrived at Memorial Hospital a few minutes before mid-night;

43. Memorial Hospital staff pre formed tests and/or x-rays and discovered that one of the Gallstones from the Gall Bladder had slipped into the common Bile duct blocking the fluids leaving the pancreas. The Doctor offered no hope and told Plaintiff he could try removing the gall bladder, but could not

18.

remove the gallstone lodged in the bile duct;

44. The emergency surgery was preformed on December 28th, 2012, removing the gallbladder. Plaintiff remained in critical condition with this life-threatening illness for fourteen (14) days Acute Gallstone Pancretitis (Chronic) and a total amount of eighteen (18) days at Memorial Hospital and an additional Ten (10) days at Lake Butler RMC recovering in the hospital;

45. While in critical condition after surgery, Plaintiff's health began to decline. Plaintiff became lightheaded and nauseated, with shortness of breath and a rapid, irregular heartbeat. Symptoms became more sever each time a nurse injected an unknown fluid in his IV pick-line. Plaintiff discovered he was being injected with metoprolol because Defendants refused or failed to provide accurate medical records that reflected Plaintiff's sever allergic reactions to the medication. Dr. Gooten immediately ordered hospital staff to stop the metoprolol as Plaintiff's white blood cell count had jumped by over 10,000 to 27,500;

46. Plaintiff was diagnosed with "Acute pancretitis" by the Doctors at Memorial

19.

Hospital Jacksonville as a direct result of Defendant's Couch, Lightfoot and/or Bucarelli's complete refusal and failure to timely identify and treat Plaintiff's gallstones. The Doctors at Memorial Hospital Jacksonville, Fl. provided Plaintiff with discharge paperwork stating the appropriate treatment of gallstones for a patient who has had one or more painful attacks is the removal of the gallbladder through early elective surgery to prevent more stones from forming and to prevent the stones from passing into the ducts causing infection or pancreatitis which occurred in this instant case so severely it almost killed the Plaintiff and Doctors at Memorial Hospital said it was in fact a miracle Plaintiff lived at all.

47. Cholecystectomy, Gallbladder removal, is the most common surgical procedure in the world for the treatment of gallstones (Johns Hopkins Medical Handbook, 1992, ISBN 0-929661-04-4). Plaintiff's severe Chronic Pancretitis is a permanent and continuing result of Defendant's Couch, Lightfoot and/or Bucarelli's 'refusal or failure to perform this procedure prior to December 28th, 2012. Plaintiff will suffer losses and impairments in the future in addition to those already suffered.

20.

48. On or about February 4th, 2013,
Plaintiff was returned to Taylor C.I.
Dr. Gaurang Shah MD Gastroenterologist RMC
had started Plaintiff on his pancretitis
medication CREON-12 before he returned
to Taylor C.I. on 2-4-2013 and had or-
dered follow up Consultations and Treat-
ment every six (6) months for sever
Chronic pancretities which included continued
use of Creon-12. This is in keeping
with appropriate emergency services and
care that require follow up consultations
and Treatment in order to effectively
care for emergency medical conditions,
pursuant to Section 395.1041 Florida
Statutes (2012);

49. To date none of the Health Providers
have provided Plaintiff with his
necessary medication (Creon-12) and
his most recent blood test results on
January 2016 show signs of high levels
of amylase changes in blood levels of
bicarbonate, glucose and lipids (fats).
Plaintiff fears that much damage has
been done to his pancreas due to the
Defendants refusing Plaintiff Creon-12
and in 2014 they stopped the follow up
Consultations with Dr. Shah when he
ordered the Creon-12 for the third
time on February 5th, 2014. Plaintiff

21.

is providing copies of Dr. Shah's orders for the Creon-12 for June 6th, 2013, August 6th, 2013 and February 5th, 2014 see attached and marked as Exhibit 'M';

50. On August 26th, 2013, Plaintiff filed formal grievance 1308-218-073 with the warden of Taylor C.I. The grievance stated he had been prescribed the medication Creon-12 Twice by his Gastreenterologist most recently August 6th, 2013. However, Defendant Bucarell, refused to provide it. see formal grievance #1358-218-073 and Appeal grievance #13-6-31105 attached and marked as Exhibit 'N';

51. On June 16th, 2015, Plaintiff filed formal grievance #1506-218-041 with the warden at Taylor C.I. The grievance stated Plaintiff was being denied his outside followup Gastre-Consults and treatment. That he is suffering serious stomach problems and x-rays showed spots on kidneys requiring outside specialty care. grievance was denied as was the Appeal #13-6-23919 see attached marked as Exhibit 'O';

52. On or about June 21, 2016, Plaintiff filed formal grievance #1606-218-053

22.

with the Warden at Taylor C.I.. The grievance stated Plaintiff was being denied followup Consultations and Treatment (Creon-12) that were previously ordered and stemming from the medical Emergency. NP Kendrick refused to order followup consultations and Treatment with the outside Gastro-specialist Dr. Shah on June 9th, 2016. On July 15th, 2016, Plaintiff filed his Appeal grievance #16-6-32238 which was also denied see Exhibit 'P';

23.

## VI.    STATEMENT OF CLAIMS:

State what rights under the Constitution, laws, or treaties of the United States you claim have been violated.
Be specific.  Number each separate claim and relate it to the facts alleged in Section V.  **If claims are not
related to the same basic incident or issue, they must be addressed in a separate civil rights
complaint.**

1. The actions of defendant Couch, retaliating against
Plaintiff for declaring a medical emergency, refusing
to accurately document Plaintiff's serious medical
problem and refusing to provide a doctors referral
constitutes deliberate indifference to Plaintiff's
serious medical need(s) in violation of the eighth
Amendment to the United States Constitution,
2. The failure of defendant's Lightfoot, Bucarelli
                                              - continued -

## VII.    RELIEF REQUESTED:

State briefly what relief you seek from the Court.  Do not make legal arguments or cite to cases/ statutes.

Award compensatory damages in the following amounts:
  1. $ 700.000 against defendant Couch for physical and
emotional injuries sustained as a result of being denied
adequate medical care and Treatment.
                                              - continued -

**I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACT,
INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.**

December 28th 2016                    Perry LaPuma
_____(Date)_____                    _____(Signature of Plaintiff)_____

### IF MAILED BY PRISONER:

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was (check one):
☒ delivered to prison officials for mailing or ☐ deposited in the prison's internal mail system on:
the 28th day of December , 2016.

                                      Perry V. LaPuma
                                      _____(Signature of Plaintiff)_____

Revised 03/07

24

- continued -

## VI. STATEMENT OF CLAIMS:

2. and Simcox to provide access to specialist care (Gastroenterologist) that his condition required is deliberate indifference to Plaintiffs serious medical need(s) as is unnecessary excessive delay in providing the ultrasound and outside Gastroenterologist Consult in violation of the Eighth Amendment to the United States Constitution.

3. The failure of defendents Lightfoot, Bucanelli and Kendrick to follow the specialist (Gastroenterologist) orders to provide Plaintiff his much needed medication (Creon) for his Chronic pancretitis and his followup gastro-consultations every six months consti-tutes deliberate indifference to Plain-tiffs serious medical need(s) in violation of the Eighth Amendment to The United States Constitution.

4. The actions of John Doe in ordering Plaintiff out of his Wheelchair during a medical emergency showed substantial risk to Plaintiffs health and safety in violation of the Eighth Amendment to the United States Constitution.

24 (a)

- Continued -

## VII. RELIEF REQUESTED:

2. $ 900,000 jointly and severally against defendants Lightfoot and Bucanelli for the physical and emotional injuries as a result of being denied adequate medical care and treatment.

3. $ 500,000 against defendant John Doe for the physical and emotional injuries as a result of being denied adequate medical care and treatment.

4. $ 250,000 against defendant Kendrick for the physical and emotional injuries as a result of being denied adequate medical care and treatment.

5. Award Punitive Damages in The Following Amount:

    a. $ 400,000 each against defendants Couch, Lightfoot, Bucanelli, John Doe and Simcox.

24 (d)

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Mail Number: K1-208-C
Team Number: 5
Institution: Taylor C.I. Annex

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☑ Medical ☐ Mental Health | ☐ Dental Ms. Simcox ☐ Other S H C A |
|---|---|---|---|---|

| FROM: | Inmate Name Perry J. Lafuma | DC Number 086188 | Quarters K1-208-L | Job Assignment FSG | Date 3/3/2011 |
|---|---|---|---|---|---|

**REQUEST**                                    Check here if this is an informal grievance ☐

Ms. Simcox: A few weeks ago I declared a medical Emergency complaining of sever pain on my right side - area maybe the liver. I am still suffering pain in the area and feeling sick and nauseated. To the best of my knowledge no MD examination or Diagnosis made.

I am bringing this serious medical problem to your attention because I feel it warrants immediate attention. I've been waiting for weeks. Thank you!

                            Perry J. Lafuma

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**                         DATE RECEIVED:  MAR 0 4 2011

TAYLOR C.I. MEDICAL

If you are still experiencing problems, you may access sick call to be evaluated. If you feel it requires immediate attention and cannot wait for sick call, you may declare a medical emergency. Please be aware that if you declare a medical emergency and it is determined, upon examination, to not be an emergency, you will be charged a co-pay for that visit as well as for the subsequent sick call.

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): C. Simcox, SHSA    C. SIMCOX SR. HEALTH SERVICES ADMIN TAYLOR C.I.    Date: 3/9/2011

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.

DC6-236 (Effective 10/18/09) (Technical Change 1/6/10)

Exhibit "A"

# INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Mail Number: K1-208-C
Team Number: 5
Institution: Taylor C.I. Ann

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☑ Medical ☐ Mental Health | ☐ Dental ☐ Other | Ms. Simcox SHCA |
|---|---|---|---|---|---|

| FROM: | Inmate Name Perry T. LaPuma | DC Number 086188 | Quarters K1-208-L | Job Assignment IS6 | Date 3/14/2011 |
|---|---|---|---|---|---|

## REQUEST

Check here if this is an informal grievance ☐

Mr. Simcox; I thought it best to bring it to your
Attention in concern of a serious medical need that I'm being
refused and or intentionally delayed. I declared a
medical emergency with sever pain just above the right
hip and radiateing to the front + back areas. This pain
is internal; I tried to tell medical personal (this
but they insisted it was back pain which it is
not. I'm still suffering pain in the area and
Ms. Lightfoot has ignored this serious medical
problem for the most part and has refused to
see me about it on two occasions. She intentionally
delayed seeing me after the medical emergency and
after I recently went back to sick-call Perry LaPuma

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All
informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

DATE RECEIVED **MAR 15 2011**

TAYLOR C.I. MEDICAL

You were seen by ARNP Lightfoot on 3/21/11

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): C. SIMCOX, SHSA
C. SIMCOX
SR. HEALTH SERVICES
TAYLOR C.I.

Date: 3/24/2011

Original: Inmate (plus one copy) C. Simcox, SHSA
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.

DC6-236 (Effective 10/19/09) (Technical Change 1/6/10)

Incorporated by Reference in Rule 33-103.019, F.A.C.

Exhibit 'B'

STATE OF FLORIDA  ~~11/04-3276-050~~
DEPARTMENT OF CORRECTIONS    4-25-11

## REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL
Med. Emergency
Retaliation

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From: __LaPuma Perry T.__    __086188__    __Taylor C.I. Annex__
    Last   First   Middle Initial     Number       Institution

---

Part A – Inmate Grievance

This is a Medical grievance for deliberate indifference by staff of a Serious Medical Need. On a weekend in February of 2011, I declared a Medical emergency, due to severe pain in my right lower back in the kidney area. I was escorted to Medical by a Female officer. When I arrived at Medical, two (2) nurses immediately stated it was Not a Medical emergency, threated me with a D.R. and attempted to require me to sign a refusal for treatment, which I would not do. After I wouldn't sign the refusal the nurses performed a cursory examination and stated I had back pain and sent me back to the dorm.

         On March 3rd, 2011 I sent the attached inmate request to SHCA Simcox about this problem, who replied I should go to sick call to be evaluated or declare a Medical emergency. I submitted a second request (Attached) dated March 14th, 2011 about this ARNP Lightfoot ignoring the complaints on two (2) Seperate accasions, when I saw her about my blood pressure medication. I received the response from the March 24th, 2011 request from SHCA Simcox stating I had been seen by ARNP Lightfoot on March 21st, 2011, however, ARNP Lightfoot refused to address the problem when I saw her.

         When I went to Medical on March 21st, 2011 ARNP Lightfoot was trying to correct a problem she caused by changing the blood pressure Medication regiment ordered by Doctor. The Doctor had ordered two (2) Medications and ARNP Lightfoot changed the Doctor's order to

__April 25, 2011__ ~ Page 1 of 2 continued __Perry T. LaPuma #086188__
     DATE                         SIGNATURE OF GRIEVANT AND D.C. #

Exhibit "C"

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _____ / _____
                                                      #         Signature

### INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____ Institutional Mailing Log #:_____     _____
               (Date)                                             (Received By)

DISTRIBUTION:    INSTITUTION/FACILITY          CENTRAL OFFICE
                 INMATE (2 Copies)                INMATE
                 INMATE'S FILE                   INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE      CENTRAL OFFICE INMATE FILE
                                              CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

_WARDEN_

## INMATE GRIEVANCE

one Medication, which caused my blood pressure to skyrocket. It is well-known that high blood pressure and side effects from blood pressure medication cause irreparable kidney damage, ARNP lightfoot should have known her changing the blood pressure medication would create further problems, but she was more concerned with covering up her mistake on March 21st, 2011, than anything and refused to address the kidney problem at all.

I went to sick call for this problem on April 11th 2011 and was given a urinalysis which detected blood in my urine. The nurse got permission from ARNP Lightfoot to provide me an antibiotic, however I finished the medication and the pain and problem persists. In over two (2) months, with my history of high blood pressure and side effects of blood pressure medication, I still haven't seen a doctor or had proper medical tests taken for an evaluation, when high blood pressure is known to cause permanent kidney damage. This grievance is my notice of intent to file suit for Violation of the Eighth Amendment prohibition under the U.S. Constitution for cruel and unusual punishment, pursuant to title 42 USC 1983, if I am not immediately treated and financially compensated through the grievance procedure for deliberate indifference of my serious medical need. Thank you!

Dated: April 25th, 2011            Perry LaPuma #086188

Page 2 of 2            Exhibit 'C'

DC1-303

**PART B - RESPONSE**

| LAPUMA, PERRY | 086188 | 1104-224-038 | TAYLOR ANNEX | K1208L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

You were seen by ARNP Lightfoot on 4/29/11.  At that time, she ordered the following tests:  H Pylori, CMP, CBC, Hepatitis panel, amylase, and lipase.  She ordered a chest X-ray and an ultrasound of your abdomen and pelvis. She also ordered an X-ray of your cervical spine.  She gave you 3 hemocult cards. She told you to increase your fluid intake. She continued you on your high blood pressure medications.

Based on the above information your request for Administrative Remedy or Appeal is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by Chapter 33-103.007(3)(a) and (b), and forwarding your complaint to the Florida Department of Corrections 501 South Calhoun St. Tallahassee , FL 32399.

Dr. Jesus Pichardo
Chief Health Officer

James Blackwood
Asst. Warden

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 05/06/11 |
|---|---|---|
| | | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY

   (2 Copies) Inmate

   (1 Copy) Inmate's File

   (1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

   (1 Copy) Inmate

   (1 Copy) Inmate's File - Inst./Facility

   (1 Copy) C.O. Inmate File

   (1 Copy) Retained by Official Responding

Exhib.4 "c'

*Retaliation*

**PART C - RECEIPT  (TO BE COMPLETED BY DC STAFF)**

RETURN TO:

| LAPUMA, PERRY | 086188 | 1104-224-038 | TAYLOR ANNEX | K1208L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

07H (INADEQUATE TREATMENT (MEDICAL))

| 4/27/11 | 1104-224-038 |
|---|---|
| DATE | GRIEVANCE LOG NUMBER |

sent Appeal on 5/24/11. via certified mail

'Appeal' against Formal Grievance #1104-228-038
was never returned from Tallahassee.

| SENDER: COMPLETE THIS SECTION | COMPLETE THIS SECTION ON DELIVERY |
|---|---|
| ■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.<br>■ Print your name and address on the reverse so that we can return the card to you.<br>■ Attach this card to the back of the mailpiece, or on the front if space permits. | A. Signature<br>X ☐ Agent ☐ Addressee<br>B. Received by (Printed Name)   C. Date of Delivery |
| 1. Article Addressed to:<br>Florida Dept. of Correction<br>501 South Calhoun Street<br>Tall, FL. 32399 | D. Is delivery address different from item 1? ☐ Yes<br>If YES, enter delivery address below: ☐ No<br><br>DEPT CORRECT |
|  | 3. Service Type<br>☐ Certified Mail ☐ Express Mail<br>☐ Registered ☑ Return Receipt for Merchandise<br>☐ Insured Mail ☐ C.O.D. |
| Date 5/24/2011 Q.I. | 4. Restricted Delivery? (Extra Fee) ☐ Yes |
| 2. Article Number<br>(Transfer from service label) 7004 0750 0003 3053 8276 Exhibit 'D' |  |
| PS Form 3811, February 2004   Domestic Return Receipt | 102595-02-M-1540 |

Exhibit 'D'

# INMATE REQUEST

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Mail Number: RT-208-C
Team Number: 5
Institution: Taylor Annex

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☑ Medical ☐ Mental Health | ☐ Dental Ms. Simcox ☐ Other SHCA |
|---|---|---|---|---|

| FROM: | Inmate Name Perry J. LaPuma | DC Number 084188 | Quarters RT-208-C | Job Assignment ISG | Date 7/8/2011 |
|---|---|---|---|---|---|

## REQUEST

Check here if this is an informal grievance ☐

Ms. Simcox! Would you please tell me if I'm still scheduled to have a sanignam of my organs? Today I had seven pain of my abdoment and could not stand up for some time.

Thank you! Perry L. LaPuma

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

## RESPONSE

DATE RECEIVED:

JUL 1 4 2011

TAYLOR C.I. MEDICAL

There is nothing scheduled. If you are having pain, you may access sick call to be evaluated.

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): C. Simcox, SR. HEALTH SERVICES ADS TAYLOR C.I. | Date: |
|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

C. Simcox, SHSA                                                   7/21/2011

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective )

Incorporated by Reference in Rule 33-103.019, F.A.C.

Exhibit 'E'

F.

1104-224-004

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

## REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: [✓] Warden     [ ] Assistant Warden     [ ] Secretary, Florida Department of Corrections

From: LaPuma Perry T.          086188          Taylor Corr. INST. Annx
      Last   First   Middle Initial        Number              Institution

---

MEDICAL:                    Part A – Inmate Grievance

I'm continually being denied adequate medical care and treatment
for my serious medical needs by the medical staff here at Taylor
Correctional Institution Annex constituting deliberate indifference to
my serious medical needs as follows: On 5/6/2011 Dr. Jesus
Pichando, Chief Medical Officer's response to my medical
grievance (Log Number 1104-224-038) did indicate that an
"ultrasound of your abdomen and pelvis" was ordered.
Furthermore, on 5/18/2011 the blood test results taken of
the Grievant were positive for an ulcer. Some time in
July/August the medical doctor, Bucarelli, A. indicated
to the Grievant that these test results were negative
for an ulcer. Dr. Bucarella showed malice toward
me during this interview of my test results because she told
the Grievant he should have continued taking the medication
that Dr. Lightfoot had prescribed even though Grievant
explained to her he was suffering life threatening reactions
from the bloodpressure medication. It's impossible for Dr. Bucar-
ella to determine that Grievant is or is not suffering
from an ulcer because the blood test results were in
fact positive for an ulcer! No doubt, Dr. Bucarella is
guilty of deliberate indifference to Grievants serious medical
need and other med. staff, et, al.. Without delay provide
the necessary ultra sound mentioned above. Also, this is
Grievants Notice of Intent to sue.

8/28/2011                    See Attached Response          Perry LaPuma  #086188
    DATE                                              SIGNATURE OF GRIEVANT AND D.C. #

                                                       Exhibit 'F'

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:  NO / Perry LaPuma
                                                                         #        Signature

## INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103,
Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is
entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the
inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the
institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be
returned to the inmate for processing at the institutional level.

                                                       07H-medical-Inadequate
                                                                Treatment
Submitted by the inmate on: 9/01/11          Receipt for Appeals Being Forwarded to Central Office
                           (Date)            Institutional Mailing Log #: 1104-224-004      M Keen
                                                                                          (Received By)

---

DISTRIBUTION:    INSTITUTION/FACILITY              CENTRAL OFFICE
                 INMATE (2 Copies)                 INMATE
                 INMATE'S FILE                     INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE      CENTRAL OFFICE INMATE FILE
                                                   CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 2/05)
                                    Incorporated by Reference in Rule 33-103.019, F.A.C.

**PART B - RESPONSE**

| LAPUMA, PERRY | 086188 | 1109-224-004 | TAYLOR ANNEX | K1208L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

Ms. Lightfoot ordered an ultrasound of your abdomen on 4/28/11. The request had to be re-sent and we are awaiting the appointment.

Your blood tests were normal, as Dr. Bucarelli told you.

Dr. Bucarelli was practicing good medicine in telling you that you should take your medications as prescribed. You never reported to sick call or declared a medical emergency with regard to any "allergic" reaction to the medication. There is no documentation of any adverse effects of the blood pressure medication.

Based on the above information your request for Administrative Remedy or Appeal is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by Chapter 33-103.007(3)(a) and (b), and forwarding your complaint to the Florida Department of Corrections 501 South Calhoun St. Tallahassee , FL 32399.

Dr. A. Bucarelli
Chief Health Officer

James Blackwood
Asst. Warden

| DR. A. BUCARELLI, MD, CHO | | |
| TAYLOR C.I. | | 9/1/6/11 |
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst /Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☐ Warden   ☐ Assistant Warden   ☑ Secretary, Florida Department of Corrections   RECEIVED

From: La Puma Perry T.    086188    Taylor C.t. Annex
      Last   First   Middle Initial       Number         Institution

DEPARTMENT OF CORRECTIONS
INMATE GRIEVANCES

Part A – Inmate Grievance                    11-6-30314

Grievant is appealing his attached Medical grievance (Log No. 1109-224-004) that he received on 9/23/2011 and date response on 9/16/2011. Grievant is being denied and/or delayed adequate Medical care and treatment for his serious Medical needs and will show deliberate indifference by Medical Staff as follows: The Assistant Warden Blackwood had Dr. Bucarelli CHO respond to the above mentioned Medical grievance. Dr Bucarelli response is that Ms. Lightfoot ARNP ordered an ultrasound of Grievants abdomen on 4/28/2011; that I should have continued taking the Meds prescribed by Ms. Lightfoot ARNP and that I never reported to sick-call or declared a Medical emergency with regard to any "allergic" reaction to the Medication. First of all Dr. Bucarelli states that Ms. Lightfoot ordered an ultrasound on 4/28/2011 and that the request had to be re-sent and we are awaiting the appointment. Grievant has good reason to believe that Dr. Bucarelli is being untruthful, when she said the ultrasound request had to be sent a second time because Ms. Lightfoot never sent it period! After several months Grievant wrote a request to the Sr. Health Service Administrator Ms. Simcox SHSA, asking her if there was anything (Scheduled? She said, "there is nothing Scheduled"

    Furthermore, contrary to Dr. Bucarelli, Grievant reported to sick-call several times and at least declared one or more Medical emergency's as follows: On 12/27/2010 sick-call visit allergic reaction to B/P Meds, told by nurse to stop taking all Meds until seen by clinician. On 12/31/2010 declared a Medical emergency for pain in lower back and stomach. On 3/1/2011 reported to clinic with stomach pain. On 3/4/2011 Mid. clinic complaint of back and abdomen.

9/27/2011                    1 of 2           Perry J. LaPuma #086188
DATE                                     SIGNATURE OF GRIEVANT AND D.C. #
                                              Exhibit G

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: _____ / _____
                                                                    #        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 10-3-2011      Institutional Mailing Log #: 11MR7922      _____
                          (Date)                                              (Received By)

                                                                      1109-224-004

DISTRIBUTION:   INSTITUTION/FACILITY          CENTRAL OFFICE
                INMATE (2 Copies)             INMATE
                INMATE'S FILE                 INMATE'S FILE - INSTITUTION/FACILITY
                INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                              CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)



**PART B - RESPONSE**

| LAPUMA, PERRY | 086188 | 11-6-30314 | TAYLOR ANNEX | K1208L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

It is determined that the response made to you by Dr. Bucarelli on 9/16/11 appropriately addresses the issues you presented.

It is the responsibility of your Chief Health Officer to determine the appropriate treatment regimen for the condition you are experiencing

Records reviewed indicate that you had and sonogram on 9/23/11 and you are scheduled a follow-up appointment with the physician in the very near future.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY.
UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Ebony O. Harvey IISC

| | | 10/13/ч |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

Exhibit 'G'

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and privileged information that is exempt from public disclosure. Any unauthorized review, use, disclosure, or distribution is prohibited. If you have received this message in error please contact the sender (by phone or reply electronic mail) and then destroy all copies of the original message.

**Reception and Medical Center**
P.O. Box 628
7765 South CR231
Lake Butler, FL 32054
(386) 496-6348

REQUESTED BY: Mary Beth Pliskin ARNP, PL08
Taylor Correctional Inst - 218
8501 Hampton Springs Road
Perry, FL 32348

| | |
|---|---|
| Patient Name: PERRY T LAPUMA | Patient #: 086188 |
| Date of Birth: 03/13/1955 | Age: 56Y     Gender: Male |
| Date Requested: SEP 09, 2011 | Time Performed: 09:39 |
| Procedure Date: September 23, 2011 | |
| Procedure(s): US Abdomen | |

**History:**
56 YOBM WITH ABDOMINAL PAIN.

**Report:**
ABDOMINAL ULTRASOUND: The liver is homogeneous. The gallbladder is physiologically distended. There are several echogenic structures within the lumen of the gallbladder, varying in size, they are mobile, and do not demonstrate a strong acoustic shadowing. I suspect they may represent sludge balls versus non-shadowing small gallstones. The gallbladder wall is not thickened and there is no evidence of pericholecystic fluid. The spleen is not enlarged. The pancreas is normal size and texture. Both kidneys demonstrate normal size and echogenic texture. There is no ascites. The abdominal aorta appears unremarkable.

IMPRESSION: THERE ARE SEVERAL ECHOGENIC STRUCTURES WITHIN THE GALLBLADDER LUMEN, WHICH MAY REPRESENT SLUDGE BALLS VERSUS NON-SHADOWING SMALL GALLSTONES.

Thank you for this referral.

| | |
|---|---|
| Dictating Radiologist: | E. E. FRANCO, M.D. |
| Transcribed by: | SCT     Transcription Date: September 23, 2011 |

**Electronically Signed By:** E. E. FRANCO, M.D. on 09/23/2011 at 12.33

LAB TESTS/CHART REVIEWS
☐ OK TO FILE
   M.D. INITIAL
☑ PULL CHART/
   FOLLOW UP ___ DATE
☐ NO FURTHER ACTION
   M.D. INITIAL ___ DATE 9/29/11

*10-27-11*
DR. A. BUCARELLI, M.D. CHO
TAYLOR C.I.

Page 1 of 1

*Exhibit 'H'*

# INMATE REQUEST

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Mail Number: K1-208-L
Team Number: 5
Institution: Taylor Annex

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☑ Medical ☐ Mental Health | ☐ Dental ☐ Other M.S. Simcox SHCA |

| FROM: Inmate Name Perry T. LaPuma | DC Number 086188 | Quarters K1-208-L | Job Assignment IS6 | Date 2/12/2012 |

REQUEST *Ms. Simcox*                                    Check here if this is an informal grievance ☐

Ms. Simcox, SHCA: I recently received and reviewed my Ultrasound Test Results. On 9/23/2011 the radiologist attempted to interpret my ultrasound but was unsure of the structures that were found in my gallbladder. I would like verification by you that I will receive a follow up by the gastro-expert at the medical center at Lake Butler, Fl. because I am still suffering from abdominal pain. Since Doctor Franco was unsure of his findings and no treatment offered, the next step is the gastro specialist.

Thank you,
*Perry T. LaPuma*

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

## DO NOT WRITE BELOW THIS LINE

**RESPONSE**

DATE RECEIVED: FEB 14 2012
TAYLOR C.I. MEDICAL

No treatment was offered because it was not felt that any was needed.

I cannot verify that you would be referred to a gastroenterologist. That referral decision is the decision of the provider.

If you are continuing to experience discomfort you may access sick call to be re-evaluated.

The following pertains to informal grievances only:

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): C. Simcox SHSA
C. SIMCOX
HEALTH SERVICES
TAYLOR C.I.

Date: 2/14/12

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.

DC6-236 (Effective 10/19/09) (Technical Change 1/6/10)
Incorporated by Reference in Rule 33-103.019, F.A.C.

*Exhibit 'I'*

Approved

2-22-12

# STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS

1202-224-055

### REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From: _LaPuma Perry T._   _086188_   _Taylor C.I. Annex_
    Last   First   Middle Initial     Number      Institution

---

### Part A – Inmate Grievance

Grievant is grieving his inadequate medical care and treatment for his serious medical needs under the deliberate indifferent standard set forth in federal law which reaches to an Eigth Amendment Violation for the United States Constitution under Cruel and unusual Punishment. Medical staff and Ms. Lightfoot and Dr. Bucarelli, M.D CHO (at Taylor C.I.) are denying Grievant access to outside medical care and treatment that cannot be provided here at Taylor C.I., a Gastro Specialist. Failure to provide access to specialist' care that a particular prisoners condition may require is deliberate indifferent to his medical needs. On Sept 9th 2011 an abdominal ultrasound was taken of Grievant for continual pain he was suffering. The ultrasound was done at RMC Lake Butler, Fla., and the radiologist there DR. E.E. Franco M.D dictated the ultrasound in his report on 9/23/2011. Dr. Franco discovered several echogenic structures that he is unsure what they are, therefore, a gastro specialist is necessary to diagnose these structures in the gallbladder so Grievant can recieve adequate treatment for his serious medical need that is still causing him pain and suffering.

On 2/14/2012 Ms. Simcox verified that no specialist (gastro) referral to date was offered by provider.

Remedy: Have Grievant transported to RMC Lake Butler, Fla. and seen by a gastro specialist for his serious problem with his gallbladder so he can be properly diagnosed and treated for this painful problem without further delay! Thank You!

_2/22/2012_
DATE     **See Attached Response**     _Perry T. LaPuma #086188_
SIGNATURE OF GRIEVANT AND D.C. #

Exhibit 'J'

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** _0 0_ , _Perry LaPuma_
                                                         #        Signature

### INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

O.7.H - Inadequate medical care

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _2/27/12_   Institutional Mailing Log #: _1202-224-055_   _(Received By)_
            (Date)

DISTRIBUTION:    INSTITUTION/FACILITY      CENTRAL OFFICE
                        INMATE (2 Copies)           INMATE
                        INMATE'S FILE            INMATE'S FILE - INSTITUTION/FACILITY
                        INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE
                                                   CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Revised 2/05)

**PART B - RESPONSE**

| LAPUMA, PERRY | 086188 | 1202-224-055 | TAYLOR ANNEX | K1208L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

Ms. Lightfoot will prepare a consult for you to see a gastroenterologist.

Because of the above information, your Request for Administrative Remedy or Appeal is approved.

Dr. A. Bucarelli
Chief Health Officer

James Blackwood
Asst. Warden

_____
SIGNATURE AND TYPED OR PRINTED NAME
OF EMPLOYEE RESPONDING

_____
SIGNATURE OF WARDEN, ASST. WARDEN, OR
SECRETARY'S REPRESENTATIVE

_____
DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Mail Number: K1-208-L
Team Number: 3
Institution: Taylor Away
Ms. Simcox

TO: (Check One)
☐ Warden   ☐ Classification   ☑ Medical   ☐ Dental
☐ Asst. Warden   ☐ Security   ☐ Mental Health   ☐ Other

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Perry T. LaPuma | 086188 | K1-208-L | F56 | 6/29/12 |

**REQUEST**    Check here if this is an informal grievance ☐

Ms. Simcox: A gastro consult was
approved on 3/1/2012 by Dr. Bucarelli.
Ms. Light tried was to prepare the consult
but never did. Please check on this
because I'm still suffering pain in the
area of my stomach & Gall Bladder.
Also, would you please consider having
BP checks more promptly by instructing
the nurses and placing BP beside
the inmates names on the call outs.
Thank you,
Perry LaPuma

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

**DO NOT WRITE BELOW THIS LINE**

**RESPONSE**

DATE RECEIVED: JUN 3 2012
TAYLOR C.I. MEDICAL

checks. You are scheduled for BP
checks. If you are experiencing other
problems you may access sick call
to be evaluated.
No gastro consult has been done.

The following pertains to informal grievances only.
Based on the above information, your grievance is
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Signature): C. Simcox SHSA   6/03/12
C. SIMCOX
OR HEALTH SERVICES ADMIN
TAYLOR C.I.

Original: Inmate (plus one copy)
CC: Retained by official responding or if applicable

Exhibit 'K'

P18 - 12

STATE OF FLORIDA
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**   1207-224-057

TO: ☑ Warden       ☐ Assistant Warden       ☐ Secretary, Florida Department of Corrections

From: __LaPuma Perry T.__     __086188__     __Taylor C.I. Annex__
         Last    First    Middle Initial       Number         Institution

| MEDICAL | Part A – Inmate Grievance |

Grievant is again being denied and/or delayed adequate medical care and treatment for his serious medical needs. Grievant is being denied access to specialist care. Also, failure to provide access to specialist care that a particular prisoners condition may require is deliberate indifferent to his medical needs. Grievant is being denied access to an outside gastro-specialist care and/or treatment where Ms. Lightfoot and/or Dr. Bucarelli's lack of evident qualifications to diagnose and treat Grievants abdomen and/or gall bladder problem and where the radiologist Dr. Franco could not identify the structures that were found in Grievants gallbladder on Sept. 9th, 2011, during §ultrasound of Grievants abdomen. Further, necessary outside appointments must be provided without excessive delay. On March 1st, 2012 Asst. Warden James Blackwood and Dr. A. Bucarelli approved a gastroenterologist consult but Ms. Lightfoot has failed to prepare the consult see grievance Number# 1202-224-055 3/1/12. Grievant has brought this approved Gastro-consult to the attention of medical staff recently at sick-call and wrote a request to Ms. Simcox about this, who failed to respond!
   History of Abdomen Pain and Suffering - Continued-
                          Page 1 of 2

__July 18th, 2012__                        __Perry D. LaPuma  #086188__
         DATE                              SIGNATURE OF GRIEVANT AND D.C. #
                                                Exhibit L'
              See Attached Response

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**   00,  _____
                                                                        #          Signature

#1207-224-052
Griev. Log No.:
Taylor C.I. Annex

# HISTORY OF ABDOMEN PAIN & SUFFERING

Grievant began suffering abdomen pain soon after taking the blood pressure medication [Metoprolol]. Also, Grievant complained of a number of side-affects linked to [Metoprolol], (many times) to medical staff here at Taylor C.I.. Grievances were also Filed against Ms. Lightfoot, Dr. Bucarelli and staff for being deliberate indifferent to my medical needs concerning adverse and/or allergic reactions to bloodpressure medications and refusing to change the medications, see grievances Numbers: #1104-224-038; #1109-224-007; #1111-224-090; #1169-224-004; 11-6-30314; 11-6-30314; 11-6-34886; and on 3/1/2012 #1202-224-055 approved gastroenterologist.

Grievant has suffered unnecessarily because of deliberate actions and inactions by Ms. Lightfoot, Dr. Bucarelli, medical staff and/or Asst. Warden Blackwood

Notice has been given!

July 18th, 2012                    Perry T. LaRuma #086188
                                   Perry T. LaRuma
                                   Taylor C.I. Annex

2 of 2

## PART B - RESPONSE

| LAPUMA, PERRY | 086188 | 1207-224-057 | TAYLOR ANNEX | K1208L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

Since it has been some time since your previous assessment, you have been scheduled to be seen by a provider for a re-assessment.  She will determine from that evaluation if there is any need for an outside consultation.

Based on the above information your request for Administrative Remedy or Appeal is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by Chapter 33-103.007(3)(a) and (b), and forwarding your complaint to the Florida Department of Corrections 501 South Calhoun St. Tallahassee , FL 32399.

Dr. A. Bucarelli
Chief Health Officer

Greg Archie
Asst. Warden

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN OR SECRETARY'S REPRESENTATIVE | 08/17/12 DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

Exhibit "L"

RECEIVED
AUG 31 2012
DEPARTMENT OF CORRECTIONS
INMATE GRIEVANCES

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

DEPARTMENT OF CORRECTION
INMATE GRIEVANCES

TO: ☐ Warden  ☐ Assistant Warden  ☑ Secretary, Florida Department of Corrections

From: __LaPuma Perry T.__  ___086188___  __Taylor Correctional C.A.__
    Last   First   Middle Initial       Number        Institution

12-6-27762

---

**Part A – Inmate Grievance**

Grievant is appealing his formal grievance that was denied on 8/17/2012 at the institutional level at Taylor C.I. Annex see formal grievance attached NO.: #1207-224-057. This is a medical grievance that was previously approved at the institutional level on 3/1/2012 by Dr. A. Bucarelli, chief Health officer and Asst. Warden, James Blackwood, see this formal grievance attached to this grievance: grievance NO.: #1202-224-055.

Grievant's serious medical need requires specialized care by a gastroenterologist, which cannot be provided by Taylor C.I. medical personel. Grievant continues to suffer with abdomenal pain and other medical problems with his gallbladder while Dr. Bucarelli, the medical department, and the warden, and security refuse to approve and transport him to the necessary outside specialist that his abdomen condition requires, which is deliberate indifferent to his serious medical need(s).

On 9/23/2011 an abdomen ultrasound of Grievant revealed several echogenic structures, in gallbladder. See copy of Abdomenal Ultrasound Report attached to this grievance, by Dr. Franco M.D.

There's no doubt that medical personel at Taylor Correctional Institution and Department staff are deliberate indifferent by refusing and/or delaying outside medical care and treatment for Grievant's serious medical needs above.

MAILED ON: P.S.

__August 28th, 2012__          _Perry T. LaPuma #086188_
DATE             SIGNATURE OF GRIEVANT AND D.C. #

Exhibit 'L'

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**    __001__
                                                    #          Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: __8/31/12__    Institutional Mailing Log #:_____    __1207-224-057__
             (Date)                                              (Received By)

DISTRIBUTION:    INSTITUTION/FACILITY        CENTRAL OFFICE
                   INMATE (2 Copies)           INMATE
                   INMATE'S FILE             INMATE'S FILE - INSTITUTION/FACILITY
                   INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE
                                             CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 2/05)          Incorporated by Reference in Rule 33-103.006, F.A.C.

MAILED/FILED
WITH AGENCY CLERK

OCT 0 3 2012

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| LAPUMA, PERRY | 086188 | 12-6-27762 | TAYLOR ANNEX | K1208L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

Please be advised that this office cannot corroborate your allegations against the health care staff.

It is the responsibility of your Chief Health Officer to determine the appropriate treatment regimen for the condition you are experiencing.

You are encouraged to cooperate with your health care staff by following the treatment regimen prescribed.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Ebony O. Harvey IISC

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

*Shah 6-6-13*

## FLORIDA DEPARTMENT OF CORRECTIONS
### PHYSICIAN'S ORDER SHEET
USE BALL POINT PEN ONLY—PRESS FIRMLY—NO MORE THAN ONE ORDER PER LINE

| Institution: | | Date: | Time: | ☐ Inpatient<br>☐ Outpatient | Inmate Name _____ |
|---|---|---|---|---|---|

List Allergies Here

STAT | Initial Each Order as Transcribed

ACE 1

DC# _____
Dorm _____
Diagnosis: _____

Time Noted:

Nurse Signature/Stamp

Doctor Signature/Stamp

Date/Time:

DC4-714B (9/05)

Distribution: White Original—Pharmacy    Canary—Medical Record

---

## FLORIDA DEPARTMENT OF CORRECTIONS
### PHYSICIAN'S ORDER SHEET
USE BALL POINT PEN ONLY—PRESS FIRMLY—NO MORE THAN ONE ORDER PER LINE

Institution: Taylor    Date: 6/6/13    Time: Noon    ☐ Inpatient  ☐ Outpatient

Inmate Name 0-086188  TM 40  12/27/2012
DC# _____
Dorm  LAPUMA, PERRY THOMAS
Diagnosis: W/M DOB 03/13/1955(57)  DD

STAT | Initial Each Order as Transcribed

ACE 1

① Creon 12  1 T  PO  T meals × 3 wks

Time Noted: 1245

Nurse Signature/Stamp  C.B. BECKER SRLPN
TAYLOR C.I.

Doctor Signature/Stamp
GAURANG SHAH, MD
GASTROENTEROLOGIST
RMC

Date/Time: 6-6-13

DC4-714B (9/05)

Distribution: White Original—Pharmacy    Canary—Medical Record

---

## FLORIDA DEPARTMENT OF CORRECTIONS
### PHYSICIAN'S ORDER SHEET
USE BALL POINT PEN ONLY—PRESS FIRMLY—NO MORE THAN ONE ORDER PER LINE

Institution: Taylor/DC    Date: 5/8/13    Time: 05    ☐ Inpatient  ☑ Outpatient

Inmate Name Lapuma, Perry
DC# 086188
Dorm _____
Diagnosis: _____

STAT | Initial Each Order as Transcribed

Tolnaftate Cream apply lid prn affected areas 3 weeks

J. STANALAND
SLPN
TAYLOR C.I.

Time Noted:

Nurse Signature/Stamp  Stanaland, LPN 5-8-13  1350

Doctor Signature/Stamp
BANEPTLER
ARNP
TAYLOR C.I.

DC4-714B (9/05)

Distribution: White Original—Pharmacy    Canary—Medical Record

3-5

Exhibit RA

**FLORIDA DEPARTMENT OF CORRECTIONS**
**PHYSICIAN'S ORDER SHEET**
USE BALL POINT PEN ONLY–PRESS FIRMLY—NO MORE THAN ONE ORDER PER LINE

| Institution: Taylor | Date: 8/15/13 | Time: 10·30 | ☐ Inpatient ☑ Outpatient | Inmate Name: Lapuma P. |
|---|---|---|---|---|

DC#: 086188
Dorm: _____
Diagnosis: HTN

List Allergies Here
ACI   ACE Inhibitors

STAT / Initial Each Order as Transcribed

√ f/u appt. c̄ med. Dr. B next wk
√ see diet pass enclosed
√ Zantac 150 mg po bid X 60 mos

V. COUCH
SR. LPN
TAYLOR C.I.

Time Noted: 30   Nurse Signature/Stamp _____   Doctor Signature/Stamp _____   Date/Time: _____

B. HEULER
ARNP
TAYLOR

DC4-714B (9/05)   Distribution: White Original—Pharmacy   Canary—Medical Record

---

**FLORIDA DEPARTMENT OF CORRECTIONS**
**PHYSICIAN'S ORDER SHEET**
USE BALL POINT PEN ONLY—PRESS FIRMLY—NO MORE THAN ONE ORDER PER LINE

| Institution: Taylor | Date: 8/4/13 | Time: 11·30 | ☐ Inpatient ☐ Outpatient | Inmate Name: Lapuma P. |
|---|---|---|---|---|

DC#: 086188
Dorm: _____
Diagnosis: _____

List Allergies Here
An
Ace

STAT / Initial Each Order as Transcribed

(Neou 12 c̄ meals  # 6 wtly

Time Noted: _____   Nurse Signature/Stamp _____   Doctor Signature/Stamp _____   Date/Time: _____

GAURANG SHAH, MD
GASTROENTEROLOGIST
RMC

DC4-714B (9/05)   Distribution: White Original—Pharmacy   Canary—Medical Record

---

**FLORIDA DEPARTMENT OF CORRECTIONS**
**PHYSICIAN'S ORDER SHEET**
USE BALL POINT PEN ONLY—PRESS FIRMLY—NO MORE THAN ONE ORDER PER LINE

| Institution: _____ | Date: 6/26/13 | Time: 12·3_ | ☐ Inpatient ☐ Outpatient | Inmate: LAPUMA, PERRY T   AGE:58 |
|---|---|---|---|---|

DC#: A#J002144662206   URN:J770687   SEX:M
Shah MD: Gaurang N.   DOB: 03/13/1955
Dorm: DOS: Jun 27, 2013   U#:J00122441086188
Diag: _____

List Allergies Here
Lopressor

STAT / Initial Each Order as Transcribed

(1) Discharge to RMC Today
(2) Return all Meds & order
(3) Recheck urp clinic in 6 wk

Time Noted: _____   Nurse Signature/Stamp _____   Doctor Signature/Stamp _____   Date/Time: _____

GAURANG SHAH, MD
GASTROENTEROLOGIST
RMC

DC4-714B (9/05)   Distribution: White Original—Pharmacy   Canary—Medical Record

5 of 5

Exhibit A

**FLORIDA DEPARTMENT OF CORRECTIONS**
**PHYSICIAN'S ORDER SHEET**
USE BALL POINT PEN ONLY—PRESS FIRMLY—NO MORE THAN ONE ORDER PER LINE

| Institution: | Date: 2/3/14 | Time: m | ☐ Inpatient ☐ Outpatient | Inmate Name: Lapuma Perry |
|---|---|---|---|---|
| | | | | DC#: 086188 |
| | List Allergies Here | ACB ink | | Dorm: |
| STAT | Initial Each Order as Transcribed | | | Diagnosis: Pancreatitis |

Occult blood test (FOBT) X 3 cards

| Time Noted: 790 | Nurse Signature/Stamp | Doctor Signature/Stamp Dr. Bur Taylor MD CHO | Date/Time: 2/3/14 |
|---|---|---|---|

DC4-714B (9/05)    Distribution: White Original—Pharmacy    Canary—Medical Record

---

**FLORIDA DEPARTMENT OF CORRECTIONS**
**PHYSICIAN'S ORDER SHEET**
USE BALL POINT PEN ONLY—PRESS FIRMLY—NO MORE THAN ONE ORDER PER LINE

| Institution: | Date: 2/3/14 | Time: m | ☐ Inpatient ☐ Outpatient | Inmate Name: Lapuma Perry |
|---|---|---|---|---|
| | | | | DC#: 086188 |
| | List Allergies Here | ACB ink | | Dorm: |
| STAT | Initial Each Order as Transcribed | | | Diagnosis: Pancreatitis HTN Dislipidemia |

Bufly 20 mg P.O. BID   PRN

| Time Noted: 790 | Nurse Signature/Stamp | Doctor Signature/Stamp | Date/Time: 2/3/14 |
|---|---|---|---|

DC4-714B (9/05)    Distribution: White Original—Pharmacy    Canary—Medical Record

---

**FLORIDA DEPARTMENT OF CORRECTIONS**
**PHYSICIAN'S ORDER SHEET**
USE BALL POINT PEN ONLY—PRESS FIRMLY—NO MORE THAN ONE ORDER PER LINE

| Institution: | Date: 2/3/14 | Time: | ☐ Inpatient ☐ Outpatient | Inm0-086188 TM 40 06/24/2013 |
|---|---|---|---|---|
| | | | | DC#: LAPUMA, PERRY THOMAS |
| | List Allergies Here | ACB ink | | Dorm: |
| STAT | Initial Each Order as Transcribed | | | Diag: W/M DOB 03/13/1955(58) XX |

① Creon 12 T PO c meals x 6 mtu
② Low fat diet

| Time Noted: 2300 | Nurse Signature/Stamp | Doctor Signature/Stamp GAURANG SHAH, MD GASTROENTEROLOGY | Date/Time: |
|---|---|---|---|

DC4-714B (9/05)    Distribution: White Original—Pharmacy    Canary—Medical Record

4-5

Exhibit "M"

☐ **Mental Health Inpatient**

FLORIDA DEPARTMENT OF CORRECTIONS
**DRUG EXCEPTION REQUEST**

☐ **Mental Health Outpatient**

**INSTRUCTIONS:** Drug exception request (DER) to be submitted with the order/prescription. Only one exception per form.
**Requesting Institution:** complete inmate identifier and items 1 through 16 and forward all requests to the Regional Medical Executive Director who will complete items 17 through 20 and forward to the dispensing pharmacy.
**Dispensing Pharmacy:** complete items 21 through 26 and send original to the Health Information Specialist (HIS) and keep a copy on file in pharmacy.
**HIS:** complete lines 27 and 28, file in active health record, forward copy to attending physician, and send copy to the Director of Pharmacy Services in central office.

**PATIENT INFORMATION**

1. Height: 5' 7"     2. Weight: 147 (lbs)    3. BMI: ___    4. Allergies: ACE / INH

5. Presenting Diagnosis: _Pancreatitis, Hyperlipidemia._

6. Current Drugs/Dosage: _Bentyl 20mg BID_
_Cardizem 240 POQd_
_ASA 81mg POQd (oo)_

7. Other Information: _____

**REQUEST FOR AUTHORIZATION**

8. Check One:
☐ Four or More Psychotropics
☑ Nonformulary Drug
☐ Drug Dose Variance Requested
☐ Nonapproved Use of Approved Drug
☐ More than One Med in MH Treatment Category
☐ Other

9. Requested Drug (name and strength): _Creon 12_

10. Dosage: _One c meals_   11. Dose Range: _____

12. Rationale for use of nonformulary medication: _____
_Chr. Abd Pain_
_Pancreatitis_

13. Route: _Oral_    14. Stop Date: _6 months_

15. Attending Physician Name: _G. Shah MD_

16. Signature/date/(stamp): _G. Shah_  / 2/7/14    GAURANG SHAH, MD
GASTROENTEROLOGIST

_G. Shah_
2/7/14

**FAX NUMBER TO WHICH THE APPROVED/DISAPPROVED DER SHOULD BE SENT:** _____

**AUTHORIZATION/NOTIFICATION**
Regional Medical Executive Director or Regional Psychiatric Consultant

17. ☐ Approved    18. Date: _____    19. Comments: _____
☑ Disapproved
☐ Approved w/ Modification
_MUST BE SUBMITTED_

20. Signature/stamp: _____   _BY SMW_

**PHARMACY**

21. Received By: _____    22. Date: _____    23. Time: _____

24. Prescription Dispensed: _____

25. Date: _____    26. Time: _____

**HEALTH INFORMATION SPECIALIST (HIS)**

27. Copy Received (date/time):
Date: _____    Time: _____

28. Received By (signature/time): _____

Inmate Name
DC#_____ 0-086188  TM 40  06/24/2013 ___
Date of Birth  LAPUMA, PERRY THOMAS
Institution __
W/M DOB 03/13/1955(58) XX
DC#_____
DC4-648 (Revised 11/11)

_Exhibit 'M'_

Dr. Shah 2-5-14

# PHYSICIAN'S ORDER SHEET

**USE BALL POINT PEN ONLY—PRESS FIRMLY—NO MORE THAN ONE ORDER PER LINE**

| Institution: TMCI | Date: 2/5/14 | Time: | ☐ Inpatient ☒ Outpatient | Inm# O-086188 TM 40 06/24/2013 |
|---|---|---|---|---|
| | List Allergies Here | | | DC# LAPUMA, PERRY THOMAS |
| | AOB n/a | | | Dorm |
| | | | | Diag W/M DOB 03/13/1955 (58) XX |

Initial Each Order as Transcribed

STAT

① Creon 12 T po c meals x 6 mth

② Low fat diet

| Time Noted 2300 | Nurse Signature/Stamp | Doctor Signature/Stamp | Date/Time: |
|---|---|---|---|
| | | BABRANS SHAH, MD GASTROENTEROLOGIST | |

DC4-714B (9/05)                    Distribution: White Original—Pharmacy    Canary—Medical Record

TAYLOR MAIN UNIT

PAGE 15/20          RECEIVED 02/17/2014 08:06          85088384187          02/17/2014 08:04

please verify 12,000 u. Creon dose

(only one profiled is 6000u. tid & I will order
12,000 unit size if ↑ dose)

Thanks!

Dr. SHAH wrote the order
if any specific clarification
give cont to MS Shepard
to call Dr SHAH and
clarify this situation
Thanks AK

Dr. Shah
904-737-2300

2-5

Exhibit "M"

8-26-13

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

1300218073

13-6-31105

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

From: LaPuma Perry T.          086188          Taylor C. I.
<u>Last   First   Middle Initial</u>        <u>Number</u>        <u>Institution</u>

---

Part A – Inmate Grievance

Grievant is being denied and/or delayed adequate medical care and/or treatment for a serious medical need. On December 26th, 2012 Grievant declared a medical emergency at Taylor C.I. I was taken to Taylor C.I.'s clinic, Doctors Memorial Hospital and two hours later to Memorial Hospital in Jacksonville. I was diagnosed with severe/chronic pancreatitis with an inflamed gallbladder. On 12-29-2013 Grievant's gallbladder was removed and he remained in critical condition for 14 days. Grievant's surgeon and/or other gastro-specialist at R.M.C., Lake Butler, Fla. recommended treatment for Grievant's stomach that included medication for my pancreas on two occasions, in April 2013 and on 8-8-2013. To date the Health Care Providers here at Taylor Corr. Inst. medical clinic have not approved this necessary medication nor have they prescribed it, even though Grievant asked several Nurses about it and wrote a request that was not answered in three weeks.

   Please provide the above-mentioned medication without further delay!

---

8-26-2013          See Attached Response          Perry T. LaPuma 086188
<u>DATE</u>                                  <u>SIGNATURE OF GRIEVANT AND D.C. #</u>

Exhibit 'N'

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**   _____/_____
                                                                   #          Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the sensitive nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative feels that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level.

**RECEIVED**
AUG 29 2013
Submitted by the inmate on: _____
                          (Date)
TAYLOR CORRECTIONAL INSTITUTION
ASSISTANT WARDEN'S OFFICE

Receipt for Appeals Being Forwarded to Central Office

OTA

Institutional Mailing Log #: 1305-218-073      _____ (Received By)

**DISTRIBUTION:**       **INSTITUTION/FACILITY**        **CENTRAL OFFICE**
                    INMATE (2 Copies)               INMATE
                    INMATE'S FILE                   INMATE'S FILE - INSTITUTION/FACILITY
                    INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE
                                                    CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 2/05)        Incorporated by Reference in Rule 33-103.019, F.A.C.

## PART B - RESPONSE

| LAPUMA, PERRY | 086188 | 1308-218-073 | TAYLOR C.I. | F2105L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

It is the responsibility of your health care staff to determine the appropriate treatment regimen for the condition you are experiencing including medication prescriptions.

Records reviewed indicate that you have not accessed sick call to address any complaints.

If you are experiencing problems, sick call is available so that you may present your concerns to your health care staff.

Based on the above information your request for Administrative Remedy or Appeal is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by Chapter 33-103.007(3)(a) and (b), and forwarding your complaint to the Florida Department of Corrections 501 South Calhoun St. Tallahassee , FL 32399.

Dr. Ogunsanwo
Asst. Secretary of Health Services

David McCallum
Warden

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 9-6-13 |
|---|---|---|
| | | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

Exhibit 'N'

**RECEIVED**

SEP 20 2013

TAYLOR CORRECTIONAL INSTITUTION
ASSISTANT WARDEN'S OFFICE

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

**RECEIVED**

SEP 2 6 2013

DEPARTMENT OF CORRECTIONS
GRIEVANCES

TO: ☐ Warden   ☐ Assistant Warden   ☑ Secretary, Florida Department of Corrections

From: LaPuma  Perry  T.     086188     Taylor C. I.
         Last     First   Middle Initial     Number        Institution

---

**Part A – Inmate Grievance**

Medical

This is Grievant's Appeal to his Formal Grievance # 1308-218-073 with return date, 9-6-13. Contrary to to response several times as follows: During a medical call out with Ms. Haulfr, E.N.P. when she asked me about 'ALL' my medications and if I had received them? I told her I was not receiving my pancreas medication. She told Grievant she would check on it to check back at the medication window in a few days. Grievant checked back at the medication window for weeks talking to a number of nurses about the pancreas meds. Finally on or about 8-15-13 one nurse told me Dr. Bucarelli, MD had not approved the pancreas meds that it probly cost to much. Grievant then filed his Formal Grievance on 8-26-13. On February 4th, 2012 Grievant returned from Lake Butler, RMC after having his gallbladder removed and suffering sever pancreatitus (Chronic). Two or three Gastho specilist ordered and/or recommended I be put on the pancreas medication. To deny the Grievant the necessary treatment in the form of medication is deliberate indifference to his serious medical needs. Dr. Bucarelli should follow these gastoo specilist necessary recommendations. Refusing to do so is deliberate indifference. Please provide said med ASAP.

September 18th, 2013 (Grievance attached)
1308-218-073
DATE                                    SIGNATURE OF GRIEVANT AND D.C. #
                                         Perry T. LaPuma 086188

Exhibit 'N'

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**  _____ / _____
                                                                              #          Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006,

MEU 388-268-073
6-26-13 CAROM-1

MAILED
WITH AGENCY CLERK

DEC 23 2013

Department of Corrections
Inmate Grievances Appeals

**PART B - RESPONSE**

| LAPUMA, PERRY | 086188 | 13-6-31105 | TAYLOR C.I. | F2105L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

Please be advised that this office cannot corroborate your allegations against the health care staff; nor do inmates have the authority to dictate disciplinary action on Health Care Staff members.

It is the responsibility of your Chief Health Officer to determine the appropriate treatment regimen for the condition you are experiencing. This includes medication prescriptions.

You are encouraged to cooperate with your health care staff by following the treatment regimen prescribed.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Ebony O. Harvey IISC

| | | 12/19/13 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION - INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

Exhibit "N1

## FLORIDA DEPARTMENT OF CORRECTIONS
### REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☑ Warden  ☐ Assistant Warden  ☐ Secretary, Florida Department of Corrections

1506 218 041

From or IF Alleging Sexual Abuse, on the behalf of:

LaPuma Perry T.     086188     Taylor C.I. M/u
Last    First    Middle Initial    DC Number    Institution

---

### Part A – Inmate Grievance

Medical

Grievant is being denied adequate medical care and treatment for his serious medical needs because Corizon Health Services, Ins. do not want the medical doctors at Taylor C.I. to send inmates to outside specialist consults because of cost. Grievant's Gastro Specialist Dr. Gaurang Naginal Shah MD was approved by Central Office at Tallahassee for follow-up medical care and treatment for Grievant's serious needs but Corizon Health Care, Inc. still denied his necessary outside specialist care that cannot be provided at Taylor C.I. clinic, thereby, denying Grievant his Right to adequate medical care and Treatment for his serious medical needs that cannot be provided at this institution. Recently, Grievant was seen by Dr. Lopez MD at Taylor Clinic where he gave X-ray results that revealed spots or lesions that could not be diagnosed by him. Grievant is suffering serious problems with his stomach and kidneys and needs outside specialist care and treatment without further delay! If Grievant is not approved the necessary out consults mentioned above he will have to file a 1983 complaint to U.S. District Judge Robert Hinkle Northern District for an injunction against Corizon Health Services, Inc.

6-16-2015
DATE

See Attached Response

Perry LaPuma 086188
SIGNATURE OF GRIEVANT AND D.C. #

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

___1    Exhibit "O"
#    Signature

---

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

RECEIVED
JUN 18 2015
TAYLOR CORRECTIONAL INSTITUTION
ASSISTANT WARDEN'S OFFICE

Submitted by the inmate on: _____ (Date)

Receipt for Appeals Being Forwarded to Central Office
Institutional Mailing Log #: 1506 218 041

(Received By)

DISTRIBUTION:    INSTITUTION/FACILITY    CENTRAL OFFICE
                 INMATE (2 Copies)    INMATE
                 INMATE'S FILE    INMATE'S FILE - INSTITUTION/FACILITY
                 INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE
                                                 CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)    Incorporated by Reference in Rule 33-103.006, F.A.C.

*E*

*Appeal on July 6, 2015*

## PART B - RESPONSE

| LAPUMA, PERRY | 086188 | 1506-218-041 | TAYLOR C.I. | F2105L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

In your request for administrative remedy or appeal you grieved inadequate  medical care.

Your grievance has been reviewed and considered, and your record reviewed.

Review of your record reveals that your medical concerns have been evaluated and treated by the provider. You have a pending diagnostic test scheduled.

For continued or worsening of symptoms, please complete sick call request.

Based on the above information your request for Administrative Remedy or Appeal is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by Chapter 33-103.007(3)(a) and (b), and forwarding your complaint to the Florida Department of Corrections 501 South Calhoun St. Tallahassee , FL 32399.

Dr.  Magaly Matanzo
Chief Health Officer

Shannon Varnes,
Warden

| M. MATANZO M.D | | 6/29/15 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

*Exhibit O¹*

RECEIVED
JUL 06 2015
TAYLOR CORRECTIONAL INSTITUTION
ASSISTANT WARDEN'S OFFICE

(Gastro - consult)

RECEIVED
JUL 10 2015
DEPARTMENT OF CORRECTIONS
INMATE GRIEVANCES

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

| LaPuma | Perry | T. | 086188 | Taylor M.u |
|--------|-------|-----|--------|------------|
| Last | First | Middle Initial | DC Number | Institution |

---

**Part A – Inmate Grievance**

MEDICAL                                          15-6-23919

Grievant is appealing the denial of his Formal Grievance #1506-218-041 at the institutional level. Dr. Magaly Matanzo Chief Health Officer (C.H.O.) for Corizon Health Services and Shannon Vares (Warden) denied Grievant's formal grievance above, see attached; Grievant provides his response as follows: Grievant's medical concerns have not been adequately evaluated nor treated by the Provider above. Before Corizon Health Services, Inc. took over as the medical Provider at Taylor Corr. Inst., Grievant was being provided access to his specialist appointments that his condition required, that, Corizon has now continued to deny. Furthermore Corizon is now attempting to render medical services to Grievant by unqualified personal which is deliberate indifference, as is the failure to provide access to his Gastro-specialist Dr. Gaurang Naginial Shah, M.D. which his condition requires. Also, even though recent diagnostic test revealed serious condition(s) with Grievant's Kidneys and abnormal results in blood tests, Corizon still is denying him outside specialist appointment(s) to his gastro-specialist Dr. Shah, even though Florida's Secretaries Representive aknowledges he was approved by them previously, but Corizon is choosing to deny Grievant nevertheless.

| 7-5-2015 | Perry LaPuma #086188 |
|----------|----------------------|
| DATE | SIGNATURE OF GRIEVANT AND D.C. # |

Exhibit "O"

---

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

_____ / _____
#        Signature

This form is used for filing a formal grievance at the institution or

**INSTRUCTIONS**

AUG 12 2015

Department of Corrections
Inmate Grievance Appeals

**PART B - RESPONSE**

| LAPUMA, PERRY | 086188 | 15-6-23919 | TAYLOR C.I. | F2105L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

It is determined that the response made to you by Dr. Mantanzo on 6/29/15 appropriately addresses the issues you presented.

It is the responsibility of your health care staff to determine the appropriate treatment regimen for the condition you are experiencing including specialty consults.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Ebony O. Harvey IISC

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

*Exhibit O'*

6-21-16 orig
1606-218-053
gastro check

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse**, on the behalf of:

LaPuma Perry T.      086188      Taylor M/U
Last   First   Middle Initial      DC Number      Institution

<u>Medical</u>                   Part A – Inmate Grievance

Grievant is being denied medical care and Treatment for his serious medical Needs (Chronic Pancretitis). On June 9th, 2016, Grievant was seen by Ms. Kendrick C. NP (at Taylor's clinic) for pain in his abdomen, to renew his special diet pass (Low residue) and to renew his pancreas medication (Cheon-12) for his Chronic pancretitis. For no medical reason Ms. Kendrick C. NP refused to renew Grievants diet pass and has failed to renew his prescription for Cheon-12. Furthermore, the Health Service Provider at Taylor C.I. and/or Ms. Kendrick C. NP have failed to follow statutory laws by refusing to provide 'followup consultations (gastroenterologist) and Treatment prescribed by Dr. Shah(gastroenterologist) pursuant to section 395.1041 Fla. stat." Access To Emergency services and care". Initially, Grievant was treated by Dr. Shah and other specialist as a medical emergency at Memorial Hospital, Jacksonville, Fl. for a life-threatening illness (Acute gallstone pancretitis) (Chronic) for 18 days, therefore, the emergency services require Grievants 'followup consultations and treatment that was ordered by Dr. Shah above. Should Ms. Kendrick C. NP and/or the 'Provider refuse the above mentioned followup consultations and Treatment they will be guilty of "intentionally interfering with Treatment once prescribed" see Estelle v. Gamble, 429 US at 105

June 21, 2016
DATE

Perry A LaPuma 086188
SIGNATURE OF GRIEVANT AND D.C. #

Exhibit 'P'

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

_____ / _____
                                      #        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

JUN 22 2016

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: _____ (Date)
TAYLOR MAIN UNIT
ASSISTANT WARDEN

Institutional Mailing Log #: 1606-218-053

07H

A Read
(Received By)

DISTRIBUTION:        INSTITUTION/FACILITY        CENTRAL OFFICE
                     INMATE (2 Copies)           INMATE
                     INMATE'S FILE                INMATE'S FILE - INSTITUTION/FACILITY
                     INSTITUTIONAL GRIEVANCE FILE  CENTRAL OFFICE INMATE FILE
                                                    CENTRAL OFFICE GRIEVANCE FILE

DC1-303 (Effective 11/13)                         Incorporated by Reference in Rule 33-103.006, F.A.C.

## PART B - RESPONSE

| LAPUMA, PERRY | 086188 | 1606-218-053 | TAYLOR C.I. | F2105L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

In your request for administrative remedy or appeal you grieved inadequate medical care.

Review of your record reveals that you have been seen by the provider and you medical concerns addressed.

Referrals to the specialty clinic is done at the discretion of the provider.

Therefore based on the above information your request for Administrative Remedy or Appeal is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by Chapter 33-103.007(3)(a) and (b), and forwarding your complaint to the Florida Department of Corrections 501 South Calhoun St. Tallahassee, FL 32399.


Dr. Tyrone Lopez
Chief Health Office

Acting on behalf of
Shannon Varnes, Warden

Robert Surles, Asst Warden - Operations

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 7-5-16 DATE |

Exhibit "P"

**FLORIDA DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED

JUL 21 2016

JUL 18 2016

TAYLOR CORRECTIONAL INSTITUTION
ASSISTANT WARDEN'S OFFICE

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

LaPuma Perry t.    086188    Taylor M/U
Last    First    Middle Initial    DC Number    Institution

**Part A – Inmate Grievance**    16-32238

MEDICAL
Grievant is appealing his formal medical grievance #1606-218-053 see attached. Asst. Warden Robert Surles acting on behalf of Shannon Varnes Warden for Taylor Correctional Institution (T.C.I) had Dr. Tyrone Lopez respond to the attached grievance as follows: "Referrals to specialty clinics is done at the discretion of the Provider". Consequently, Dr. Lopez's response is in direct conflict with statutory law see section 395.1041 Florida Statutes "Access to Emergency Services and Care". This statute also requires the physician and/or Provider to provide appropriate emergency services and care, followup consultations and treatment after the patient leaves the outside hospital where the treating physician (Dr. Shah) prescribes "followup consultations and treatment (chemo-rx etc) see section 395.1041 (1) Florida Statutes. Ms. Kendrick c. Nurse Practitioner NP, Dr. Lopez and/or Taylor C.I's Wardens above are "Intentionally denying Grievant's prescribed Followup Consultations and Treatment ordered by Dr. Shah (gastroenterologist) several times, thereby violating Grievant's Eighth Amendment right (to adequate medical care and treatment) for the United States Constitution see Estelle v. Gamble, 425 US at 105. The DOC, Corizon Health Services, Inc. and the Provider presently in charge are put on Notice.

July 15th 2016
DATE

Perry L-Lapuma #086188
SIGNATURE OF GRIEVANT AND D.C. #

Exhibit "P"

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

None + Denijohn
#    Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006, Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response to the grievance must be attached (except as stated below).

When the inmate feels that he may be adversely affected by the submission of a grievance at the institutional level because of the nature of the grievance, or is entitled by Chapter 33-103 to file a direct grievance he may address his grievance directly to the Secretary's Office. The grievance may be sealed in the envelope by the inmate and processed postage free through routine institutional channels. The inmate must indicate a valid reason for not initially bringing his grievance to the attention of the institution. If the inmate does not provide a valid reason or if the Secretary or his designated representative determines that the reason supplied is not adequate, the grievance will be returned to the inmate for processing at the institutional level pursuant to F.A.C. 33-103.007 (6)(d).

Receipt for Appeals Being Forwarded to Central Office

Submitted by the inmate on: 7-19-16    Institutional Mailing Log #: 16 MR 6578
(Date)    (Received By)

**DISTRIBUTION:**    INSTITUTION/FACILITY    CENTRAL OFFICE
INMATE (2 Copies)    INMATE
INMATE'S FILE    INMATE'S FILE - INSTITUTION/FACILITY
INSTITUTIONAL GRIEVANCE FILE    CENTRAL OFFICE INMATE FILE
CENTRAL OFFICE GRIEVANCE FILE

1606-218-053
7H

DC1-303 (Effective 11/13)    Incorporated by Reference in Rule 33-103.006, F.A.C.

MAILED/FILED
WITH AGENCY CLERK

OCT 26 2016

Department of Corrections
Inmate Grievance Appeal

**PART B - RESPONSE**

| LAPUMA, PERRY | 086188 | 16-6-32238 | TAYLOR C.I. | F2105L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

In addition, the institution was contacted and they provided this office with information regarding the issues you presented.

It is determined that the response made to you by Dr. Lopez on 7/5/16 appropriately addresses the issues you presented.

Reviewed records indicate that you are being monitored in the chronic clinic and you were last seen on 7/19/16.

It is the responsibility of the health care staff to determine the appropriate treatment regimen for the condition you are experiencing including specialty consults, medication prescriptions, diagnostic testing, or lab work.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY.
UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Tom Reimers
Health Services Director

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | *T. Bowden* SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

PERRY T. LAPUMA #080188
Taylor Correctional Institution
8501 Hampton Springs Rd.
Perry, Fl. 32348

Honorable Robert Hinkle
United States Courthouse
110 East Park Avenue
Tallahassee, Florida
32301

OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON

12-28-16 , Dye. R

DATE (MAILROOM RAIN UNIT)  OFFICER INT.