# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**PERRY T. LAPUMA, D.C. #086188**
*Plaintiff,*

**Vs.**

**CASE NO: 4:16-CV-00799-WS-CAS**

**ANA BUCARELLI, M.D., C.H.O.**
**GREG ARCHIE, Asst. Warden**
**CORIZON HEALTH SERVICES, Inc.**
**CENTURION OF FLORIDA,  Inc.**
**FRAN WOOD, Asst. Warden**
**SHANNON VARNES, Warden**
**JULIE JONE, Sec. Florida Dep't. Of Corrections**
**JOHN DOE, Region II Regional Medical Director**
**C. KENDRICK, A.R.N.P.**
**MELANIE KEY, Nurse**
**RICHARD LAUBAUGH, M.D., C.H.O.,**
                    *Defendant(s).*

OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON
8-18-2017
DATE (MAILROOM-MAIL UNIT)   OFFICER INT.

_____/

## SECOND AMENDED CIVIL RIGHTS COMPLAINT
## UNDER 42 U.S.C.§1983

### I. PLAINTIFF:

PERRY T. LAPUMA #086188, Taylor Correctional Institution, 8501 Hampton Springs Rd., Perry, Fla. 32348

### II. Defendant(s):

**(1)** ANA BUCARELL, M.D., C.H.O., Taylor Correctional Institution, 8501 Hampton Springs Rd., Perry, Fla. 32348
                    **Sued in individual capacity**

1

**(2)** GREG ARCHIE, Asst. Warden, Taylor Correctional Institution, 8501 Hampton Springs Rd., Perry, Fla. 32348

**Sued in individual and official capacity**

**(3)** CORIZON HEALTH SERVICES, Inc., Taylor Correctional Institution, 8501 Hampton Springs Rd., Perry, Fla. 32348

**Sued in official capacity**

**(4)** CENTRURION OF FLORIDA, Inc., Taylor Correctional Institution, 8501 Hampton Springs Rd., Perry, Fla. 32348

**Sued in official capacity**

**(5)** FRAN WOOD, Asst. Warden, Taylor Correctional Institution, 8501 Hampton Springs Rd., Perry, Fla. 32348

**Sued in individual and official capacity**

**(6)** SHANNON VARNES, Warden, Taylor Correctional Institution, 8501 Hampton Springs Rd., Perry, Fla. 32348

**Sued in individual and official capacity**

**(7)** JULIE JONE, Sec. Florida Dep't. Of Corrections, 501 S. Calhoun St., Tallahassee, Fla.32399

**Sued in official capacity**

**(8)** JOHN DOE II, Region II Regional Medical Director, Taylor Correctional Institution, 8501 Hampton Springs Rd., Perry, Fla. 32348

**Sued in individual and official capacity**

**(9)** C. KENDRICK, A.R.N.P., Taylor Correctional Institution, 8501 Hampton Springs Rd., Perry, Fla. 32348

**Sued in individual capacity**

**(10)** MELANIE KEY, Nurse, Taylor Correctional Institution, 8501 Hampton Springs Rd., Perry, Fla. 32348

**Sued in individual capacity**

**(11)** RICHARD LAUBAUGH, M.D., C.H.O., Taylor Correctional Institution, 8501 Hampton Springs Rd., Perry, Fla. 32348

**Sued in individual capacity**

2

### III.   EXHAUSTION OF ADMINISTRATIVE REMEDIES

Exhaustion of Administrative remedies is required prior to pursuing a civil rights action regarding conditions or events in any prison, jail, or detention center. 42 U.S.C. §1997 e (a). Plaintiff is warned that any claims for which the administrative grievance process was not completed prior to filing this lawsuit may be subject to dismissal.

### IV.   PREVIOUS LAWSUITS

**A.** Have you initiated other actions in **State Court** dealing with the same or similar facts/issues involved in this action?

Yes (✓)      No (  )

**1.** (a) Plaintiff:  Perry T. LaPuma

(b)Defendants:  Fla. Dep't. Of Corr., and Corizon H.S. Inc.

**2.** Name of judge: Parker,      Case#14-CA-0661

**3.** County and judicial circuit: Taylor County, Third Judicial Circuit.

**4.** Filing date: 2014

**5.** Date of dismissal: 2016

**6.** Reason for the dismissal: Failed to provide expert Affidavit (P.S.R.)

**7.** Facts and claims of case:  Failed to properly diagnose and treat chronic abdominal pain, emergency treatment, blood pressure med's.

**B.** Have you initiated other actions in Federal court dealing with the same or similar facts/issues involved in this action. Yes (  )  No (✓)

**1.** N/A

**2.** N/A

3

**3.** N/A

**4.** N/A

**5.** N/A

**6.** N/A

**7.** N/A

**C.** Have you initiated other actions (besides those listed above in Question (a) and (B) in either State or Federal Court that relates to the facts or manner of your incarceration or the conditions of your confinement? Yes (✓)    No ( )

**1.** a. Plaintiff:  Perry T. Lapuma

   **b.** Defendants: Dr. Lee and Nurse Collins

**2.** District and judicial division: Northern District, Tallahassee

**3.**  Name of judge: Maurice M. Paul,          Case#1:00CV140-MP/WCS

**4.** Approximate filing date: 2000

**5.**  If not still pending, date of dismissal: 2000

**6.** Reason for dismissal: voluntary dismissal

**7.**  Facts and claims of case: <u>Nurse Collins caused serious injury  to Plaintiff's ear, causing severe infections that were not treated adequately.</u>

   **(Attach additional pages as necessary to list cases.)**

<u>**CASE (2)**</u>

**1.** Parties to previous actions:

a. Plaintiff: <u>Perry LaPuma</u>

b. Defendant(s) <u>Dr. Vizcarra</u>

4

**2.** District and judicial division: <u>Northern/Tallahassee</u>

**3.** Name of judge: Robert Hinkle case Docket # <u>4:00CV-48-RH/WCS</u>

**4.** Approximate Filing date: <u>1999</u> Dismissal date: <u>2004</u>

**5.** Reason for dismissal: <u>Lost at bench trial</u>

**6.** Facts and Claims of Case: <u>1st and 8th Amendment violations, defendant Vizcarra retaliated against Plaintiff for writing medical grievance against him causing physical and emotional injuries.</u>

    **D.** Have you ever had any actions in Federal court dismissed as frivolous, malicious, failing to state a claim, or prior to service? If so, identify each and every so dismissed.

    Yes ( )        No (✔)


## V.    STATEMENT OF FACTS:

**1.** On or about February 5th, 2011, plaintiff declared a medical emergency experiencing severe abdominal and back pain, and was escorted to the medical clinic by a female officer, who stayed with the plaintiff inside the clinic and witnessed everything;

**2.** As soon as plaintiff entered the clinic examination room Sr. Nurse Couch stated Plaintiff's condition was not a medical emergency because he could walk and because he was not bleeding to death;

**3.** Plaintiff then told nurse Couch he had severe abdominal pain that was causing his back to hurt, doubled over in pain unable to walk straight and feeling very ill and nauseated;

**4.** Nurse Couch then stated it was not a medical emergency and threatened Plaintiff with a write-up (disciplinary report) for declaring a medical emergency on a weekend;

**5.** Nurse Couch had an unwritten policy that no inmate was to declare a medical emergency on a weekend unless he is bleeding to death or unable to walk;

**6.** Nurse Couch then tried to coerce Plaintiff into signing a refusal for medical care and treatment, but Plaintiff refused to sign;

**7.** Nurse Couch then grudgingly preformed a quick physical examination of Plaintiff and quickly stated, while filling out the medical assessment of plaintiff that Plaintiff was only suffering from a back problem;

**8.** Plaintiff tried correcting Nurse Couch's assessment by telling her that he is suffering from severe abdominal pain and nauseated and ill;

**9.** Nurse Couch then mocked the Plaintiff and said no, you have back pain and that is what I'm writing in your medical file;

**10.** Plaintiff asked Nurse Couch for some pain medication and she gave him four pills;

**11.** On March 3rd, 2011 Plaintiff sent Sr. H.S. A. Simcox a written request in concern of his medical emergency above, his present medical condition and him expecting a follow up referral with a doctor for his serious medical need.(See request Attached as Exhibit-A);

**12.** On or about March 9th, 2011 Sr. H.S. A. Simcox answered the above request indicating Plaintiff serious medical condition did not warrant a follow up Doctors examination;

**13.** On or about March 12th, 2011 Plaintiff was seen by Nurse Jan Lee in reference to his abdominal and back pain and recent burning and painful urination. Blood was discovered in Plaintiff's urine;

**14.** On March 14th, 2011 Plaintiff wrote another request to Sr. H.S.A. Simcox pointing out his serious medical condition (sufferings) and the medical emergency he had declared above that his abdominal pain is internal and radiating to his back area. That Ms. Lightfoot has ignored Plaintiff's serious medical condition and has intentionally delayed seeing him for his medical emergency and recent sick call visit. (See request attached as Exhibit –B);

6

**15.** On or about April 21st, 2011 Plaintiff was seen by Ms. Lightfoot, however she refused to address Plaintiff's medical emergency above and his serious medical problem with his abdomen;

**16.** On or about April 25th, 2011 Plaintiff filed formal grievance log #1104-224-038 in reference to the above information. The grievance was sent to the Warden of Taylor C.I. making his office aware of the Plaintiff's immediate medical needs. The grievance was denied stating Plaintiff to "increase his fluid intake" in reference to treating the severe pain in his abdomen and back this treatment plan was ordered without the benefit of physical examination or scientific diagnosis of Plaintiff's cause of pain by the defendant's. (See grievance log# 1104-224-038 attached as Exhibit-C);

**17.** On or about April 29th, 2011 Plaintiff was seen by A.R.N.P Lightfoot in reference to his two month old complaint of blood in his stool and constant pain in his abdomen and back, sometimes severe. Ms. Lightfoot was suppose to order tests for Hpylori, CMP, CBC, Hepatitis panel, amylase, and lipase she also was suppose to order chest and cervical spine ex-rays and ultra sound of plaintiff's abdomen and pelvis;

**18.** On or about May 5th, 2011 Plaintiff sent Sr. H. S. A. Simcox another written inmate request. Plaintiff stated the diagnostic tests that were supposed to be ordered by A.R.N.P Lightfoot on April 29th, 2011 were suddenly cancelled as a retaliatory act right after plaintiff filed a formal grievance against A.R.N.P Lightfoot and medical staff. Plaintiff requested immediate examination and treatment by the Chief Health Officer fearing reprisal and delay of diagnosis and treatment for his pain. Plaintiff notified Simcox that the pain in his abdomen and back was increasing as was the symptoms he was suffering due to BP meds. Metoprolol. Ms. Simcox reply was to report to sick call. The issue of the canceled diagnostic tests was not addressed;

**19.** Plaintiff continued to use sick call and filed written inmate requests for medical attention. F.D.O.C. employees and agents refused to appreciate Plaintiff's worsening condition and need for immediate diagnostic determination of his pains source;

**20.** On May 24th, 2011 Plaintiff appealed the denial of his formal grievance #1104-224-038 and mailed it by U.S. Mail certified receipt received but did not receive a response.(See copy of receipt attached as Exhibit-D);

**21.** On or about July 8th, 2011, Plaintiff sent Sr. H. S. A. Simcox another written inmate request. Plaintiff asked if he was still scheduled for the x-rays and ultrasounds of his internal organs. Plaintiff stated his abdomen pain had reached a point where he was having difficulty standing and was double over for extended periods of time. Sr. H. S. A. Simcox replied only that there was nothing scheduled "access sick call". (See request attached as Exhibit –E);

**22.** On or about August 28th, 2011 Plaintiff filed grievance log#1109-224-004 with the Warden at Taylor C.I. In this grievance, Plaintiff notified Taylor C.I. warden of the medical provider's denial of adequate medical care and treatment and intentional lack of care constituting deliberate indifference in reference to his desperate pleas for medical attention for severe pain in his abdomen. (See this grievance attached as Exhibit-F). The grievance was answered stating the abdominal ultrasound had to be resent, even though there's no record that Ms. Lightfoot ever sent it;

**23.** Plaintiff appealed the aforementioned grievance denied to the office of the Secretary outlining the lack of proper diagnosis or treatment of his worsening medical condition. The appeal was denied and Plaintiff was directed to access sick call if he experienced problems. (See appeal grievance#11-6-30314, attached as Exhibit –G);

**24.** On or about September 23, 2011, seven months later Plaintiff was sent to Lake Butler Regional Medical Center, to see a radiologist, a Doctor E. E. Franco, who examined the ultrasound results documenting that Plaintiff had "several echogenic structures within the gallbladder lumen, which may represent sludge balls verses non-shadowing small gallstones". (A copy of this report is attached and marked as Exhibit-H);

**25.** On or about October 27th, 2011, Plaintiff consulted with chief Health Officer at Taylor C.I... Defendant Bucarelli who refused to elaborate on the structures in Plaintiff's gallbladder. Plaintiff requested to be evaluated by a gastro specialist to determine if his gallbladder was the cause of his severe pain in his abdomen and back. Defendant Bucarelli refused to refer the Plaintiff despite his worsening condition and chronic pain. Defendant Bucarelli also refused to diagnose or treat the pain herself;

**26.** In November and December 2011, Plaintiff filed formal grievances #1111-224-090; #11-6-34886; and #11-6-38782 with the Warden of Taylor C.I. and the office of the Secretary. The grievances and the appeal outlined the fact

8

health care providers were deliberate indifferent to Plaintiff severe pain and refused to treat his gallbladder;

27. On February 12th, 2012, Plaintiff sent Sr. H. S. A. Simcox another written request. Plaintiff requested a gastroenterologist outside consult that his condition required and to review the structures found in the ultrasound x-rays on 9-23-2011. Ms. Simcox replied "no treatment was offered because it was felt that any was needed". And that she could not verify [Plaintiff] would be referred to a gastroenterologist. (See request attached as Exhibit-I);

28. On or about February 22, 2012, Plaintiff filed another formal grievance #1202-224-055 with the Warden at Taylor C.I... (See grievance Attached as Exhibit-J). Plaintiff requested evaluation and treatment by a gastroenterologist, which is not available at Taylor C.I., for severe pain in his abdomen and back that he had been forced to endure for over a year even though plaintiffs blood-work revealed symptoms of acute pancreatitis high levels of Bicarbonate, Glucose and lipids (fats) to name a few. Ms. Lightfoot and Bucarelli were aware of this and chose to intentionally deny and/or delay medical care and treatment for this very serious disease, chronic acute pancreatitis. This grievance was "approved" and A.R.N.A. Lightfoot was directed to prepare a consultation with the outside gastroenterologist on March 1st, 2012;

29. Ms. Lightfoot, Bucurelli, and Simcox continued to treat Plaintiff as a nuisance even though they knew the seriousness of his condition through the blood tests and /or the ultrasound that clearly reveals that plaintiff was suffering from pancreatitis. As with the ultrasound where plaintiff waited unnecessarily for over seven months plaintiff would again have to wait many more months before he is seen by the gastroenterologist going through unnecessary pain and suffering while waiting, that, nearly cost plaintiff his life;

30. Neither Ms. Lightfoot, nor defendant Bucurelli complied with the directive of the approved grievance #1207-224-055. No consultation was ever scheduled with a gastroenterologist. Plaintiff continued to suffer severe pain in his abdomen and back, vomiting and nausea. Plaintiff continued to address the issue through sick call as ordered to no avail;

31. On or about June 29th, 2012 plaintiff sent Ms, Simcox another written request requesting that she check on the gastroenterologist consult. Ms. Simcox replied "no gastro consult has been done." See request attached as Exhibit –K);

**32.** On or about July 18, 2012, Plaintiff filed grievance log#1207-224-057 with the warden at Taylor C.I... This grievance outlined the fact Defendants refused to schedule Plaintiff to see a gastroenterologist in compliance with prior grievance #1207-224-055, dated March 1, 2012. Plaintiff described how the lack of adequate medical care and treatment had been causing him pain and suffering for over seventeen months. Plaintiff requested immediate compliance with the approved grievance to see a gastroenterologist. This was now denied stating "since it has been so long since your previous assessment, you have been scheduled to be seen by a provider for a reassessment. The appeal grievance #12-6-27762 was also denied on September 28th, 2012. Defendant    Bucarelli and K. Lightfoot and C. Simcox refused to follow their own written directives making a showing of deliberate indifference to Plaintiffs serious medical needs and Defendant Greg Archies decision to deny Plaintiffs previously approved gastro-consult by Assist. Warden James Blackwood was an act not based upon medical reasons because Plaintiffs medical record reflects that his abdomen pain continued to be a serious need that Dr. Bucarelli and K. Lightfoot were unable to treat and called for an outside medical specialist that his condition required a gastroenterologist consult. Also, the Secretary's D.O.C. representative stated in appeal grievance above that: "please be advised this office cannot corroborate your allegations against health care staff," (See formal and appeal grievances #1207-224-057, and 12-6-27762 attached as Exhibit-'L';

**33.** On or about August 13th, 2012. Plaintiff went to medical clinic at Taylor C.I. complaining of abdominal and back pain, and was examined by Ms. Patricia N. Kalu ARNP, who agreed to have Plaintiff transported to an outside gastroenterologist and did have him sign a specialist consult form after he had previously been denied the same consult for some (11) eleven months by Ms. K. Lightfoot, A. Bucarelli, C. Simcox, and Greg Archie. From the time the ultrasound (on September 23rd, 2011) revealed gallstones in Plaintiffs gallbladder until Ms. Kalu had him sign the above consult form on August 13th, 2012.

**34.** On or About October 19th, 2012, Plaintiff was seen by the outside gastroenterologist, Dr. Geerken MD, SOPC, RMC who recommended a colonoscopy be done;

**35.** On or about December 6th, 2012, Plaintiff was transported from Taylor C.I. to Regional Medical Center, Lake Butler, Fla. where the colonoscopy was performed by Dr. Geerken. After the colonoscopy was finished by Dr. Geerken he explained that he did in fact view the gallstones and would discuss treatment options at a later date;

**32.** On or about July 18, 2012, Plaintiff filed grievance log#1207-224-057 with the warden at Taylor C.I... This grievance outlined the fact Defendants refused to schedule Plaintiff to see a gastroenterologist in compliance with prior grievance #1207-224-055, dated March 1, 2012. Plaintiff described how the lack of adequate medical care and treatment had been causing him pain and suffering for over seventeen months. Plaintiff requested immediate compliance with the approved grievance to see a gastroenterologist. This was now denied stating "since it has been so long since your previous assessment, you have been scheduled to be seen by a provider for a reassessment. The appeal grievance #12-6-27762 was also denied on September 28th, 2012. Defendant     Bucarelli and K. Lightfoot and C. Simcox refused to follow their own written directives making a showing of deliberate indifference to Plaintiffs serious medical needs and Defendant Greg Archies decision to deny Plaintiffs previously approved gastro-consult by Assist. Warden James Blackwood was an act not based upon medical reasons because Plaintiffs medical record reflects that his abdomen pain continued to be a serious need that Dr. Bucarelli and K. Lightfoot were unable to treat and called for an outside medical specialist that his condition required a gastroenterologist consult. Also, the Secretary's D.O.C. representative stated in appeal grievance above that: "please be advised this office cannot corroborate your allegations against health care staff," (See formal and appeal grievances #1207-224-057, and 12-6-27762 attached as Exhibit-'L';

**33.** On or about August 13th, 2012. Plaintiff went to medical clinic at Taylor C.I. complaining of abdominal and back pain, and was examined by Ms. Patricia N. Kalu ARNP, who agreed to have Plaintiff transported to an outside gastroenterologist and did have him sign a specialist consult form after he had previously been denied the same consult for some (11) eleven months by Ms. K. Lightfoot, A. Bucarelli, C. Simcox, and Greg Archie. From the time the ultrasound (on September 23rd, 2011) revealed gallstones in Plaintiffs gallbladder until Ms. Kalu had him sign the above consult form on August 13th, 2012.

**34.** On or About October 19th, 2012, Plaintiff was seen by the outside gastroenterologist, Dr. Geerken MD, SOPC, RMC who recommended a colonoscopy be done;

**35.** On or about December 6th, 2012, Plaintiff was transported from Taylor C.I. to Regional Medical Center, Lake Butler, Fla. where the colonoscopy was performed by Dr. Geerken. After the colonoscopy was finished by Dr. Geerken he explained that he did in fact view the gallstones and would discuss treatment options at a later date;

36. On or about December 26th, 2012, at about 8:20 pm. Plaintiff became severely ill with severe pain in his abdomen and began vomiting violently. This occurred during 8:00 P.M. count so the doors had been locked while Plaintiff was being housed at Taylor C.I. Annex, K-dorm. After Plaintiff had finished vomiting he attempted to declare a medical emergency but was too ill and weak to get the attention of the Officer's so other inmates joined in when they discovered Plaintiff's medical emergency. Finally, after some 10 minutes of banging on the doors an Officer came to check on the banging and instructed the female Officer in the Bubble (control room) to roll the door on Plaintiff's cell. The Officer told Plaintiff to tell the female Officer in the Bubble the Medical Emergency. With difficulty Plaintiff made it out to the foyer and told the Officer what had occurred above and she called in the Medical Emergency to the Annex Medical Clinic and asked for a nurse and wheelchair;

37. A Nurse Gay arrived with the wheelchair, inquired into Plaintiff's Medical condition and Plaintiff provided him the information as explained in paragraph #36 and Nurse gay helped Plaintiff into the wheelchair;

38. Sgt. John Doe upon seeing Plaintiff in the wheelchair ordered him out of the wheelchair for non-medical reasons. Plaintiff was forced to walk approximately ¼ mile to the medical clinic at the Annex, doubled over in pain, while Sgt. John Doe badgered and threatened to take plaintiff back to his cell if he did not answer every question he asked of Plaintiff;

39. There were many witnesses who seen Sgt. John Doe order Plaintiff, out of the wheelchair, because they had just cleared count and when the Sgt. John Doe seen the witnesses he told them to go back into their cells;

40. Upon arriving at the clinic the nurses did a quick examination and called Dr. Bucarelli. Dr. Bucarelli authorized a transfer to Doctor's Memorial Hospital, Perry, Fl. As a Medical Emergency on December 26th 2012;

41. Doctor Memorial Hospital Staff determined Plaintiff needed transport to Memorial Hospital Jacksonville, Fl. By helicopter but Sgt. John Doe told medical staff he would have to call the Captain. Sgt. John Doe told the Captain in charge that he could transport plaintiff by van to Memorial Hospital, so he was transported by van, without medical equipment nor medical staff that took some two hours by van in violation of a number of Florida's Statutes;

42. Plaintiff arrival at Memorial Hospital a few minutes before midnight;

11

**43.** Memorial Hospital Staff preformed test and/or x-rays and discovered that one of the gallstones from the gallbladder had slipped into the common bile duct blocking the fluids from leaving the pancreas. The Doctor offered no hope and told Plaintiff he could try removing the gallbladder but could not remove the gallstone that was lodged in the bile duct:

**44.** Emergency surgery was performed on December 28th, 2012 removing the gallbladder. Plaintiff remained in critical condition with this life-threatening illness for (14) days acute gallstone pancreatitis (chronic) for a total of (18) days at Memorial hospital with an additional (10) ten days at RMC Lake Butler, FL.;

**45.** While in critical condition after surgery Plaintiff's health began to decline even further. He became lightheaded and nauseated with shortness of breath and a rapid irregular heartbeat, symptoms became more sever each time a nurse injected an unknown fluid in his IV-pick-line. Plaintiff discovered he was being injected with 'Metoprolol' while being treated at Memorial Hospital because defendant's and/or medical staff at Taylor C.I. refused or failed to provide accurate medical records that reflect Plaintiff's severe allergic reactions to the medication., Dr. Gecken immediately ordered hospital staff to stop the metoprolo blood pressure medication as Plaintiff's white blood cell count jumped 10,000 to over 20,000.

**46.** Plaintiff was diagnosed with "goldstone pancreatitis" and treated by outside specialist during the medical emergency at Memorial Hospital Jacksonville, Florida from December 27th, 2012 through January 14th, 2013, who continued to treat Plaintiff at R.M.C. Lake, FL., as a direct result of V. Couch, K. Lightfoot, A. Bucarelli, C. Simcox and Asst. Warden Greg Archie and/or the Secretary Dept. of Corrections for failing to provide adequate medical care and treatment for a very serious medical need(s) for chronic pancreatitis and gallstones in the gall bladder. Memorial Hospital staff provided Plaintiff with paperwork stating the appropriate treatment of gallstones for a patient who has had one or more painful attacks is the removal of the gallbladder though elective surgery to prevent more stones from passing into the ducts causing infection or pancreatitis which occurred in this instant case so severely it almost killed plaintiff, the doctor's said it was a miracle he lived at all. Also, Dr, David Michael Ferriss M.D. attributed Plaintiff's abdominal pain the past year to a history of gallstones:

**47.** Cholecystectomy, gallbladder removal is the most common surgical procedure in the world for the treatment of gallstones; see (John Hopkins Medical

Handbook 1992). Plaintiff's severe acute pancreatitis was also diagnosed as Chronic pancreatitis and is a permanent and continuing result of Ms. V. Couch, K. Lightfoot A. Bucarelli, C. Simcox, Greg Archie and/or The Secretary Dept. of Corr. Refused on failure to perform this procedure prior to December 26th, 2012. Plaintiff will suffer losses and impairments in the future in addition to those already suffered.

**48.** On or about February 4th, 2013, Plaintiff was returned to Taylor C.I., Dr. Gaurang Shah, M.D. gastroenterologist R.M.C., Lake Buttler, FL. had started Plaintiff on his pancreas medication (creon-12) and his special diet for his chronic pancreatitis before he returned to Taylor C.I. on 2-4-2013 and ordered follow-up gastro consultations every (6) six months;

**49.** To date none, of the Health Providers at Taylor C.I. (Defendants) have provided Plaintiff with his necessary medication (cheon-12) that was prescribed and ordered by Dr. Shah mentioned above. Also, follow-up consultations continued until February 5th, 2014, when Corizon Health Services, Inc. abruptly stopped all further follow-up gastro-consultations right after Dr Shah ordered creon-12 for the third time for Plaintiff without any Prescription refills all three times. Plaintiff is providing copies of Dr. Shah's orders for his creon-12 medication and special diet for June 6th. 2013, August 6th, 2013, and February 5th, 2014 see Exhibit "M";

**50.** On or about August 26, 2013, Plaintiff filed formal grievance #1308-218-073 with the Warden of Taylor C.I. David McCallum. The grievance stated Plaintiff had been prescribed medication for chronic pancreatitis (creon-12) twice by his gastroenterologist Dr. Shah, most recently on or about August 6th, 2013, however, Defendant Bucarelli refused to provide it, see formal grievance #1308-218-073 and appeal grievance #13-6-31105 Exhibit 'N';

**51.** On or about June 16th, 2015, Plaintiff filed formal grievance 1506-218-041 with the Warden at Taylor C.I. The grievance stated Plaintiff was being denied his outside follow-up gastro-consults' and treatment. That he is suffering serious stomach problems and x-rays (ultrasound) showed spots on his kidneys requiring outside specialist care that cannot be provided by the health provider at Taylor C.I. Defendant Varnes again refused to have Plaintiff transported to his follow-up gastro appointment without a medical reason see formal grievance #1506-218-041 and appeal grievance #13-6-23919 Exhibit "O";

13

**52.** On or about June 21st, 2016, Plaintiff Filed formal grievance # 1606-218-053 with Warden Defendant Varnes at Taylor C.I. The grievance stated Plaintiff was being denied his follow-up gastro consults for chronic pancreatitis and his prescribed treatment for his chronic pancreatitis, creon-12 medication and special diet that had been previously ordered stemming from a medical emergency. Defendant Kendrick ARNP refused to order the necessary follow-up consultations for Plaintiff even though they are nonnegotiable as did the warden see Exhibit "P" formal grievance #1606-218-053 and appeal grievance #16-6-32238 attached as Exhibit 'P';

**53.** On or about January 11th, 2017, Plaintiff during a blood pressure chronic clinic evaluation at Taylor's medical clinic he pointed out to the Provider Defendant Melanie Key licensed clinician, the need for his follow-up gastro-consultations and treatment, medication creon-12 and special diet renewed. Ms. Key refused and Plaintiff filed a formal grievance #1701-218-091 and Defendant's Richard Laubaugh CHO and Mr. Varnes both refused the meds (creon-12) failing to address the follow-up consultation with gastro-specialist in order for him to determine how much treatment will be needed the following (6) six month's but the follow-up consultations were abruptly stopped without warning or medical reason, they were stopped because Dr. Shah kept ordering the medication creon-12 and a Nurse for Corizon told Plaintiff it was because of the high cost see formal grievance # 1701-218-091 Exhibit "Q";

**54.** On February 11th, 2017, Plaintiff filed his appeal grievance to the above formal grievance in paragraph #53. To date, Plaintiff has not received a response to his appeal grievance, therefore, he has exhausted his state remedies. On February 13th, 2017 the Secretary of Fla. Dept. of Corr. at 501 Calhoun St. Tall. FL. 32399 mailed a receipt for Appeal Grievance #Log Number 17-6-07432. According to Chapter 33-103-011 (3) (C) The Secretary's Office had 30 days from the date of receipt, to respond, they did not.

**55.** Despite exhausting all available administrative remedies, Plaintiff never received his medication (creon-12) to treat his Chronic pancreatitis, and, as of the date of filing this Action, still suffers abdomen and back pain.

## VI.   **STATEMENT OF CLAIMS:**

**57.** The failure or refusal of Defendant Bucarelli to provide adequate medical care and treatment for continuous abdominal and back pain, an ultrasound of the abdomen, access to outside gastroenterologist that his particular condition required without excessive delay and 'access to emergency services and care follow-up consultation(s) and treatment with gastro-specialist to treat chronic pancreatitis, constitutes deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

**57.** The failure or refusal of defendant Archie to provide the necessary outside gastroenterologist consult that was previously approved by Asst. Warden James Blackwood that resulted in permanent  injury constitutes deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment to the united States Constitution.

**58.** The failure of refusal of defendant Corizon to provide follow-up consultations and treatment prescribed by gastroenterologist Dr. Shah and his prescribed medication (creon-12) to treat Chronic pancreatitis, constituted deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

**59.** The failure or refusal of defendant Centurion to provide follow-up consultations and treatment prescribed by gastroenterologist Dr. Shah and his prescribed medication (creon-12) and diet (low-res) to treat chronic pancreatitis, constitutes deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

**60.** The actions of defendant's Wood, John Doe II, Varnes and Julia Jones, intentionally denying follow-up consultation(s) and treatment (access to follow-up Emergency Care) prescribed by treating physician Dr. Shah gastroenterologist for chronic pancreatitis and medication (creon-12) constitutes deliberate indifference to the Plaintiff's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

**61.** The failure or refusal of defendant's Kendrick, Key and Laubaugh to provide follow-up consultations and treatment prescribed by the treating physician Dr. Shah gastroenterologist, constitutes deliberate indifference to the Plaintiff 's serious medical needs in violation of the Eighth Amendment to the United States Constitution.

15

**Relief Requested:**

**WHEREFORE**, Plaintiff requests that the court grant the following relief:

**A.** Issue a declaratory judgment stating that:

**1.** Defendant Julie Jones, Varnes and Centurion's actions in failing to provide adequate medical care for the Plaintiff violated and continues to violate the Plaintiff's rights under the Eighth Amendment to the United States Constitution and constitutes a direct denial of; Access to Emergency services and care for follow-up, consultation(s) and treatment under (S. 395.1041 F.S.) State Law (Florida).

**B.** Issue an injunction ordering defendant's Julie Jones, Varnes and/or Centurion or their agents to:

**1.** Immediately arrange follow-up consultation(s) with Plaintiff's treating physician Dr. Shah gastroenterologist so he may revaluate and treat his pancreatitis;

**2.** Immediately arrange for the Plaintiff's need for treatment prescribed and/or previously ordered by Dr. Shah mentioned in this Complaint/Action; pills creon-12 and special diet low res. etc.;

**3.** Carry out without delay the treatment directed by Dr, Shah above;

**C.** Award Compensatory damage in the following:

**1.** $700,000 against defendant Bucarelli for the physical, emotional and permanent injury's for her failure and/or refusing to provide adequate medical care and treatment to the Plaintiff.

**2.** $400,000 jointly and severally against defendant's Kendrick, key and Laubaugh for the physical and emotional injury resulting from their failure to provide adequate medical care and treatment to the Plaintiff.

**3.** $400,000 jointly and severally against defendants Wood, Varnes and Julie Jones for the physical and emotional injury resulting from their failure to provide adequate medical care and treatment to the Plaintiff.

**4.** $500,000 against defendant Archie for physical, emotional and permanent injury resulting from his failure or refusing to provide medical care and treatment for the Plaintiff's serious medical needs.

**5.** $500,000 jointly and severally against defendant Corizon and Centurion, for the physical and emotional injuries resulting from their failure or denial of adequate medical care and treatment to the Plaintiff.

**6.** $400,000 against defendant John Doe II for the physical and emotional injuries as a result of his denial to provide adequate medical care and treatment for the Plaintiff.

**D.** Award punitive damages in the following amounts:

**1.** $500,000 against defendant Bucarelli;

**2.** $300,000 against defendant Laubaugh;

**3.** $400,000 against defendant Archie;

**4.** $400,000 against defendant John Doe II;

**5.** $500,000 each, against defendant Corizon and Centurion.

**E.** Grant such other relief as it may appear that Plaintiff is entitled.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING STATEMENTS OF FACTS, INCLUDING ALL CONTINUATION PAGES, ARE TRUE AND CORRECT.

AUGUST 18th, 2017

I declare (or certify, verify, or affirm) under penalty of perjury that this complaint was delivered to prison officials for mailing on the 18th, day of August 2017.

Perry J. LaPuma

Perry J. LaPuma D.C. # 086188
Taylor Correctional Institution
8501 Hampton Springs Road
Perry, Florida 32348

17

# INMATE REQUEST

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Mail Number: K1-208-L
Team Number: 5
Institution: Taylor C.I. Annex

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☑ Medical ☐ Mental Health | ☐ Dental ☐ Other | Ms. Simcox SHCA |

| FROM: | Inmate Name Perry T. LaPuma | DC Number 086198 | Quarters K1-208-L | Job Assignment FSG | Date 3/3/2011 |

## REQUEST

Check here if this is an informal grievance ☐

Ms. Simcox: A few weeks ago I declared a medical emergency complaining of sever pain on my right-side-area, maybe the liver. I am still suffering pain in the area and feeling sick and nauseated. To the best of my knowledge no MD examination or diagnosis made.

I am bringing this serious medical problem to your attention because I feel it warrants immediate attention. I've been waiting for weeks. Thank you!

_Perry T. LaPuma_

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

### DO NOT WRITE BELOW THIS LINE

**RESPONSE**

DATE RECEIVED: MAR 0 4 2011

TAYLOR C.I. MEDICAL

If you are still experiencing problems, you may access sick call to be evaluated. If you feel it requires immediate attention and cannot wait for sick call, you may declare a medical emergency. Please be aware that if you declare a medical emergency and it is determined, upon examination, to not be an emergency, you will be charged a co-pay for that visit as well as for the subsequent sick call.

[The following pertains to informal grievances only:]

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Signature): C. Simcox, SHSA
C. SIMCOX
SR. HEALTH SERVICES ADMIN
TAYLOR C.I.

Date: 3/9/2011

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.

DC6-236 (Effective 10/19/09) (Technical Change 1/6/10)

_Exhibit "A"_

# STATE OF FLORIDA
## DEPARTMENT OF CORRECTIONS

**INMATE REQUEST**

Mail Number: K1-208-L
Team Number: 5
Institution: Taylor C.I. Ann

| TO:<br>(Check One) | ☐ Warden | ☐ Classification | ☑ Medical | ☐ Dental | Ms. Simcox |
|---|---|---|---|---|---|
| | ☐ Asst. Warden | ☐ Security | ☐ Mental Health | ☐ Other | SHSA |

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Perry T. LaPuma | 086188 | K-208-L | ISG | 3/14/2011 |

**REQUEST**                                                    Check here if this is an informal grievance ☐

Mr. Simcox: I thought it best to bring it to your
Attention in concern of a serious medical need that I'm being
refused and or intentionally delayed. I declared a
medical emergency with skier pain just above the right
hip, and radiating to the front + back areas. This pain
is internal: I tried to tell medical personal this
but they insisted it was back pain which it is
not. I'm still suffering pain in the area and
Ms. Lightfoot has ignored this serious medical
problem for the most part and has refused to
see me about it on two occasions. She intentionally
delayed seeing me after the medical emergency and
after I recently went back to sick-call Perry LaPuma

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All
informal grievances will be responded to in writing.

---

### DO NOT WRITE BELOW THIS LINE

**RESPONSE**                                    DATE RECEIVED: MAR 1 5 2011

TAYLOR C.I. MEDICAL

You were seen by ARNP Lightfoot on 3/21/11

[The following pertains to informal grievances only:]
Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied,
you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

Official (Signature): C. Simcox, SHSA        Date:
C. SIMCOX
SR. HEALTH SERVICES ADMIN.
TAYLOR C.I.

Original: Inmate (plus one copy)                                    3/24/2011
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.

DC6-236 (Effective 10/19/09) (Technical Change 1/6/10)
Incorporated by Reference in Rule 33-103.019, F.A.C.

Exhibit 'B'

(У 04-224-030

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

Med. Emergency
Retaliation

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☑ Warden      ☐ Assistant Warden      ☐ Secretary, Florida Department of Corrections

From: LaPuma Perry T.      086188      Taylor C.I. Annex
      Last  First  Middle Initial      Number      Institution

---

Part A – Inmate Grievance

This is a Medical grievance for deliberate indifference by staff of a Serious Medical Need. On a weekend in February of 2011, I declared a Medical emergency, due to severe pain in my right lower back in the kidney area. I was escorted to Medical by a Female Officer. When I arrived at Medical, two (2) nurses immediately stated it was not a Medical emergency, threated me with a D.R. and attempted to require me to sign a refusal for treatment, which I would not do. After I wouldn't sign the refusal the nurses performed a cursory examination and stated I had back pain and sent me back to the dorm.

On March 3rd, 2011 I sent the attached inmate request to SHCA Simcox about this problem, who replied I should go to sick call to be evaluated or declare a Medical emergency. I submitted a second request (Attached) dated March 14th 2011 about this ARNP light foot ignoring the complaints on two (2) separate occasions, when I saw her about my blood pressure Medication. I received the response from the March 24th, 2011 request from SHCA Simcox stating I had been seen by ARNP Lightfoot on March 21st 2011, however, ARNP Lightfoot refused to address the problem when I saw her.

When I went to Medical on March 21st, 2011 ARNP Lightfoot was trying to correct a problem she caused by changing the blood pressure Medication regiment ordered by Doctor. The Doctor had ordered two (2) Medications and ARNP Lightfoot changed the Doctor's order to

April 25 2011 ~ page 1 of 2 continued
DATE

Perry T. LaPuma #086188
SIGNATURE OF GRIEVANT AND D.C. #

---

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:  1-4  Exhibit "C"

_____   _____
   #        Signature

INSTRUCTIONS

WARDEN

## INMATE GRIEVANCE

one Medication, which caused my blood pressure to skyrocket. It is well-known that high blood pressure and side effects from blood pressure medication cause irreparable Kidney damage. ARNP lightfoot should have Known her changing the blood pressure Medication would create further problems, but she was more concerned with covering up her mistake on March 21st, 2011, than anything and refused to address the Kidney problem at all.

   I went to sick call for this problem on April 11th 2011 and was given a urinalysis which detected blood in my urine. The nurse got permission from ARNP Lightfoot to provide me an antibotic, however I finished the Medication and the pain and problem persists. In over two (2) Months, with my history of high blood pressure and side effects of blood pressure Medication, I still haven't seen a doctor or had proper Medical tests taken for an evaluation, when high blood pressure is Known to cause permanent Kidney damage. This grievance is my notice of intent to file suit for Violation of the Eighth Amendment prohibition under the U.S. Constitution for cruel and unusual punishment, pursuant to title 42 USC 1983, if I am not immediately treated and financially compensated through the grievance procedure for deliberate indifference of my serious Medical Need Thank You!

Dated: April 25th, 2011     Perry L. LaPuma # 086188

DC1-303

## PART B - RESPONSE

| LAPUMA, PERRY | 086188 | 1104-224-038 | TAYLOR ANNEX | K1208L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

You were seen by ARNP Lightfoot on 4/29/11. At that time, she ordered the following tests: H Pylori, CMP, CBC, Hepatitis panel, amylase, and lipase. She ordered a chest X-ray and an ultrasound of your abdomen and pelvis. She also ordered an X-ray of your cervical spine. She gave you 3 hemocult cards. She told you to increase your fluid intake. She continued you on your high blood pressure medications.

Based on the above information your request for Administrative Remedy or Appeal is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by Chapter 33-103.007(3)(a) and (b), and forwarding your complaint to the Florida Department of Corrections 501 South Calhoun St. Tallahassee , FL 32399.


Dr. Jesus Pichardo
Chief Health Officer

James Blackwood
Asst. Warden

| | | 05/06/11 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

3 of 4      'C'

**PART C - RECEIPT  (TO BE COMPLETED BY DC STAFF)**

RETURN TO:

| LAPUMA, PERRY | 086188 | 1104-224-038 | TAYLOR ANNEX | K1208L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

07H (INADEQUATE TREATMENT (MEDICAL))

| 4/27/11 | 1104-224-038 |
|---|---|
| DATE | GRIEVANCE LOG NUMBER |

sent Appeal on 5/24/11. Via certified mail

4 of 4

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Florida Dept. of Corrections
501 South Calhoun Street
Tall., FL. 32399

Date 5/24/2011 QI

2. Article Number
(Transfer from service label)

7004 0750 0003 3053 8276

Exhibit 'D'

PS Form 3811, February 2004          Domestic Return Receipt          102595-02-M-1540

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X                                    ☐ Agent
                                      ☐ Addressee

B. Received by ( Printed Name)        C. Date of Delivery

D. Is delivery address different from item 1?   ☐ Yes
   If YES, enter delivery address below:         ☐ No

3. Service Type
   ☐ Certified Mail      ☐ Express Mail
   ☐ Registered          ☑ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

Exhibit 'D'

# INMATE REQUEST

Mail Number: _RT-208-C_
Team Number: _5_
Institution: _Taylor Anne_

**TO:**
(Check One)

- [ ] Warden
- [ ] Asst. Warden
- [ ] Classification
- [ ] Security
- [✓] Medical
- [ ] Mental Health
- [ ] Dental    _MS. Simcox_
- [ ] Other     _SHCA_

| FROM: Inmate Name _Perry J. LaPuma_ | DC Number _086188_ | Quarters _RT-208-C_ | Job Assignment _ISG_ | Date _7/8/2010_ |
|---|---|---|---|---|

## REQUEST

Check here if this is an informal grievance [ ]

Ms. Simcox: Would you please tell me if I'm still scheduled to have a sonigram of my organs? Today I had seven pain of my abdomen and could not stand up for some time.

Thankyou!     _Perry J. LaPuma_

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

### DO NOT WRITE BELOW THIS LINE

## RESPONSE

DATE RECEIVED:

JUL 1 4 2011

TAYLOR C.I. MEDICAL

There is nothing scheduled. If you are having pain, you may access sick call to be evaluated.

[The following pertains to informal grievances only:

Based on the above information, your grievance is _____. (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.]

| Official (Signature): _C. Simcox, SR. HEALTH SERVICES ADA TAYLOR C.I._ | | Date: |
|---|---|---|

Original: Inmate (plus one copy)
CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

C. Simcox, SHSA                                                        7/21/2011

_Exhibit 'E'_

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.
You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form as required by Rule 33-103.006, F.A.C., attaching a copy of your informal grievance and response, and forwarding your complaint to the warden or assistant warden no later than 15 days after the grievance is responded to. If the 15th day falls on a weekend or holiday, the due date shall be the next regular work day.

DC6-236 (Effective )

Incorporated by Reference in Rule 33-103.019, F.A.C.

1109-224-004

TO: ☑ Warden     ☐ Assistant Warden     ☐ Secretary, Florida Department of Corrections

From: LaPuma Perry T.          086188          Taylor Corr. INST. Annex
      Last  First  Middle Initial        Number           Institution

## Part A – Inmate Grievance

MEDICAL:

I'm continually being denied adequate medical care and treatment for my serious medical needs by the medical staff here at Taylor Correctional Institution Annex Constituting deliberate indifference to my serious medical needs as follows: On 5/6/2011 Dr. Tewis-Pichardo, Chief Medical Officer's response to my medical grievance (Log Number 1104-224-038) did indicate that an "ultrasound of your abdomen and pelvis" was ordered. Furthermore, on 5/18/2011 the blood test results taken of the Grievant were positive for an ulcer. Some time in July/August the medical doctor, Bucarelli, A. indicated to the Grievant that these test results were negative for an ulcer. Dr. Bucaralla showed malice toward me during this interview of my test results because she told the Grievant he should have continued taking the medication that ms. Lightfoot had prescribed even though Grievant explained to her he was suffering life threatening reactions from the bloodpressure medication. It's impossible for Dr. Bucaralla to determine that Grievant is or is not suffering from an ulcer because the blood test results were in fact positive for an ulcer. No doubt, Dr. Bucaralla is guilty of deliberate indifference to Grievants serious medical need and other med. staff, et. al.. Without delay provide the necessary ultrasound mentioned above. Also, this is Grievants Notice of Intent to sue.

8/28/2011
DATE

See Attached Response

Perry LaPuma  #086188
SIGNATURE OF GRIEVANT AND D.C. #

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS: NO, Perry LaPuma
                                                                        #        Signature

INSTRUCTIONS

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103
Florida Administrative Code. When an appeal is made to the Secretary, a copy of the initial response ...

1 OF 2     Exhibit 'F'

## PART B - RESPONSE

| LAPUMA, PERRY | 086188 | 1109-224-004 | TAYLOR ANNEX | K1208L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

Ms. Lightfoot ordered an ultrasound of your abdomen on 4/28/11. The request had to be re-sent and we are awaiting the appointment.

Your blood tests were normal, as Dr. Bucarelli told you.

Dr. Bucarelli was practicing good medicine in telling you that you should take your medications as prescribed.  You never reported to sick call or declared a medical emergency with regard to any "allergic" reaction to the medication.  There is no documentation of any adverse effects of the blood pressure medication.

Based on the above information your request for Administrative Remedy or Appeal is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by Chapter 33-103.007(3)(a) and (b), and forwarding your complaint to the Florida Department of Corrections 501 South Calhoun St. Tallahassee , FL 32399.

Dr. A. Bucarelli
Chief Health Officer

James Blackwood
Asst. Warden

| DR. A. BUCARELLI, MD, CHO TAYLOR C.I. | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst /Facility
(1 Copy) C.O. Inmate File

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☐ Warden        ☐ Assistant Warden        ☑ Secretary, Florida Department of Corrections        RECEIVED

From: LaPuma Perry T.          086188          Taylor C.I. Annex
   Last  First  Middle Initial          Number          DEPARTMENT OF CORRECTIONS
                                           INMATE GRIEVANCES

---

Part A – Inmate Grievance                    11-6-30314

Grievant is appealing his attached Medical grievance (Log No. 1109-224-004) that he received on 9/23/2011 and date response on 9/16/2011. Grievant is being denied and/or delayed adequate Medical care and treatment for his serious Medical needs and will show deliberate indifference by Medical Staff as follows: The Assistant Warden Blackwood had Dr. Bucarelli CHO respond to the above mentioned Medical grievance. Dr Bucarelli's response is that Ms. Lightfoot ARNP ordered an ultrasound of Grievant's abdomen on 4/28/2011; that I should have continued taking the Meds prescribed by Ms. Lightfoot ARNP and that I never reported to sick-call or declared a Medical emergency with regard to any "allergic" reaction to the Medication. First of all Dr. Bucarelli states that Ms Lightfoot ordered an ultrasound on 4/28/2011 and that the request had to be re-sent and we are awaiting the appointment. Grievant has good reason to believe that Dr. Bucarelli is being untruthful, when she said the ultrasound request had to be sent a second time because Ms. Lightfoot never sent it period! After several month's Grievant wrote a request to the Sr. Health Service Administrator Ms. Simcox SHSA, asking her if there was anything scheduled? She said, "there is nothing Scheduled."

                         Furthermore, contrary to Dr. Bucarelli, Grievant reported to sick-call several times and at least declared one or more Medical emergency's as follows: On 12/27/2010 sick-call visit allergic reaction to B/P Meds, told by nurse to stop taking all meds until seen by clinician. On 12/31/2010 declared a Medical emergency for pain in lower back and stomach. On 3/1/2011 reported to clinic with stomach pain. On 3/4/2011 MD. clinic complaint of back and abdomen.

9/27/2011                    1 of 2                    Perry J. LaPuma #086188
DATE                                              SIGNATURE OF GRIEVANT AND D.C. #

---

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**  1 of 3 , Exhibit '6!
                                                                        #           Signature

**INSTRUCTIONS**

11-6-30314

APPEAL NO.:
11-6-30314

ON 3/12/2011 reported to sick-call for lower back pain kidney area. (Current Medications Metoprolol 50 Mg. and Nifedipine 30 Mg), burning during urination. ON 4/12/2011 reported to sick-call with back and abdomen pain, blood found in urine, antibiotics prescribed for ten days. ON 4/29/2011 reported to Medical and with complaint of abdomen pain for Months, etc...

It is obvious that the Medical Staff at Taylor C.I. Annex are deliberately indifferent to Grievant's serious Medical needs and will blatently Make false statements to cover up their wrong doings as they have in this case.

Provide the adequate Medical case and treatment guaranteed by the U.S. Constitution and Grievant will decide what steps are necessary for the prior Violations by staff above.

Dated: 9/27/2011          Thank you!

Perry T. LaCuna #086188

2 of 2          2 of 3     Exhibit '6'



**PART B - RESPONSE**

| LAPUMA, PERRY | 086188 | 11-6-30314 | TAYLOR ANNEX | K1208L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

It is determined that the response made to you by Dr. Bucarelli on 9/16/11 appropriately addresses the issues you presented.

It is the responsibility of your Chief Health Officer to determine the appropriate treatment regimen for the condition you are experiencing

Records reviewed indicate that you had and sonogram on 9/23/11 and you are scheduled a follow-up appointment with the physician in the very near future.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY.
UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Ebony O. Harvey IISC

| | | 10/13/ |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

| COPY DISTRIBUTION -INSTITUTION / FACILITY | COPY DISTRIBUTION - CENTRAL OFFICE |
|---|---|
| (2 Copies) Inmate | (1 Copy) Inmate |
| (1 Copy) Inmate's File | (1 Copy) Inmate's File - Inst./Facility |
| (1 Copy) Retained by Official Responding | (1 Copy) C.O. Inmate File |
| | (1 Copy) Retained by Official Responding |

3 of 3   Exhibit 'G'

This message and any attachments are for the sole use of the intended recipient(s) and may contain confidential and privileged information that is exempt from public disclosure. Any unauthorized review, use, disclosure, or distribution is prohibited. If you have received this message in error please contact the sender (by phone or reply electronic mail) and then destroy all copies of the original message.



**Reception and Medical Center**
P.O. Box 628
7765 South CR231
Lake Butler, FL 32054
(386) 496-6348

REQUESTED BY:   Mary Beth Pliskin ARNP, PL08
Taylor Correctional Inst - 218
8501 Hampton Springs Road
Perry, FL 32348

| | |
|---|---|
| Patient Name:   PERRY T LAPUMA | Patient #: 086188 |
| Date of Birth:   03/13/1955 | Age: 56Y      Gender: Male |
| Date Requested:  SEP 09, 2011 | Time Performed:  09:39 |
| Procedure Date: September 23, 2011 | |
| Procedure(s):   US Abdomen | |

## History:
56 YOBM WITH ABDOMINAL PAIN.

## Report:
ABDOMINAL ULTRASOUND:  The liver is homogeneous.  The gallbladder is physiologically distended.  There are several echogenic structures within the lumen of the gallbladder, varying in size, they are mobile, and do not demonstrate a strong acoustic shadowing.  I suspect they may represent sludge balls versus non-shadowing small gallstones.  The gallbladder wall is not thickened and there is no evidence of pericholecystic fluid.  The spleen is not enlarged.  The pancreas is normal size and texture.  Both kidneys demonstrate normal size and echogenic texture.  There is no ascites.  The abdominal aorta appears unremarkable.

IMPRESSION:  THERE ARE SEVERAL ECHOGENIC STRUCTURES WITHIN THE GALLBLADDER LUMEN, WHICH MAY REPRESENT SLUDGE BALLS VERSUS NON-SHADOWING SMALL GALLSTONES.

Thank you for this referral.

| | |
|---|---|
| Dictating Radiologist: | E. E. FRANCO, M.D. |
| Transcribed by: | SCT          Transcription Date:  September 23, 2011 |

**Electronically Signed By:** E. E. FRANCO, M.D. on 09/23/2011 at 12.33

LAB TESTS/CHART REVIEWS
☐ OK TO FILE
   M.D. INITIAL
☑ PULL CHART /          DATE
   FOLLOW UP
☐ NO FURTHER ACTION      DATE 9/29/11
   M.D. INITIAL
                         DATE

10-27-11
DR. A. BUCARELLI, MD. CHO
TAYLOR C.I.

Page 1 of 1

*Exhibit 'H'*

# INMATE REQUEST

**INMATE REQUEST FOR INTERVIEW/COMMUNICATIONS**

Log Number: 77208-C
Team Number: 5
Institution: Taylor Annex

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☑ Medical ☐ Mental Health | ☐ Dental ☐ Other | Ms. Simcox SHCA |
|---|---|---|---|---|---|

| FROM: | Inmate Name Perry T. LaPlume | DC Number 086188 | Quarters K1-208-L | Job Assignment I56 | Date 2/12/2012 |
|---|---|---|---|---|---|

## REQUEST Ms. Simcox

Check here if this is an informal grievance ☐

Ms. Simcox, SHCA: I recently received and reviewed my Ultrasound Test Results. On 9/23/2011 the radiologist attempted to interpret my ultrasound but was unsure of the structures that were found in my gallbladder. I would like verification by you that I will receive a follow up by the gastro-expert at the Medical Center at Lake Butler, Fl. because I am still suffering from abdominal pain. Since Doctor Franco was unsure of his findings and no treatment offered, the next step is the gastro specialist.

Thank you,

Perry T. LaPlume

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

---

**DO NOT WRITE BELOW THIS LINE**

# RESPONSE

DATE RECEIVED: FEB 14 2012
TAYLOR C.I. MEDICAL

No treatment was offered because it was not felt that any was needed.

I cannot verify that you would be referred to a gastroenterologist. That referral decision is the decision of the provider.

If you are continuing to experience discomfort you may access sick call to be re-evaluated.

---

The following pertains to informal grievances only:

Based on the above information, your grievance is _____ (Returned, Denied, or Approved). If your informal grievance is denied, you have the right to submit a formal grievance in accordance with Chapter 33-103.006, F.A.C.

Official (Signature): C. Simcox SHCA Date: 2/14/12

C. SIMCOX HEALTH SERVICES ADMIN TAYLOR C.I.

Original: Inmate (plus one copy)

CC: Retained by official responding or if the response is to an informal grievance then forward to be placed in inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievances and Inmate Requests will be responded to within 10 days, following receipt by the appropriate person.

DC6-236 (Effective 10/19/09) (Technical Change 1/6/10)

Incorporated by Reference in Rule 33-103.019, F.A.C.

Exhibit "I"

**STATE OF FLORIDA**
**DEPARTMENT OF CORRECTIONS**

1203-304-055

## REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

TO: ☑ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From: _LaPuma Perry T._       _086188_       _Taylor C.I. Annex_
       Last   First   Middle Initial       Number         Institution

---

### Part A – Inmate Grievance

Grievant is grieving his inadequate medical care and treatment for his serious medical needs under the deliberate indifferent standard set forth in federal law which reaches to an Eigth Amendment Violation for the United States Constitution under Cruel and unusual Punishment. Medical staff and Ms. Lightfoot and Dr. Bucarelli, M.D CHO (at Taylor C.I.) are denying Grievant access to outside medical care and treatment that cannot be provided here at Taylor C.I., a Gastro Specialist. Failure to provide access to specialist care that a particular prisoners condition may require is deliberate indifferent to his medical needs. On Sept 9th 2011 an abdominal ultrasound was taken of Grievant for ᶜᵒⁿᵗⁱⁿᵍᵉⁱ constitutional pain he was suffering. The ultrasound was done at RMC, Lake Butler, Fla., and the radiologist there DR. E.E. Franco M.D dictated the ultrasound in his report on 9/23/2011. Dr. Franco discovered several echogenic structures that he is unsure what they are, therefore, a gastro specialist is necessary to diagnose these structures in the gallbladder so Grievant can recieve adequate treatment for his serious medical need that is still causing him pain and suffering.

On 2/14/2012 Ms. Simcox verified that no specialist (gastro) referral to date was offered by provider.

Remedy: Have Grievant transported to RMC, Lake Butler, Fla. and seen by a gastro specialist for his serious problem with his gallbladder so he can be properly diagnosed and treated for this painful problem without further detail! Thank You!

_2/22/2012_       **See Attached Response**       _Perry T. LaPuma #086188_
DATE                                              SIGNATURE OF GRIEVANT AND D.C. #

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** _00_ , _Perry LaPuma_
                                                                              #              Signature

**INSTRUCTIONS**

**PART B - RESPONSE**

| LAPUMA, PERRY | 086188 | 1202-224-055 | TAYLOR ANNEX | K1208L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

Ms. Lightfoot will prepare a consult for you to see a gastroenterologist.

Because of the above information, your Request for Administrative Remedy or Appeal is approved.

Dr. A. Bucarelli
Chief Health Officer

James Blackwood
Asst. Warden

SIGNATURE AND TYPED OR PRINTED NAME
OF EMPLOYEE RESPONDING

SIGNATURE OF WARDEN, ASST. WARDEN, OR
SECRETARY'S REPRESENTATIVE

3/1/12
DATE

COPY DISTRIBUTION -INSTITUTION / FACILITY

(2 Copies) Inmate

(1 Copy) Inmate's File

(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE

(1 Copy) Inmate

(1 Copy) Inmate's File - Inst./Facility

(1 Copy) C.O. Inmate File

(1 Copy) Retained by Official Responding

2 of 2   Exhibit "J"

**INMATE REQUEST**

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

Mail Number: K1-208-L
3
Team Number:
Institution: Taylor Annex
mr. simcox

| TO: (Check One) | ☐ Warden ☐ Asst. Warden | ☐ Classification ☐ Security | ☑ Medical ☐ Mental Health | ☐ Dental ☐ Other |
|---|---|---|---|---|

| FROM: | Inmate Name | DC Number | Quarters | Job Assignment | Date |
|---|---|---|---|---|---|
| | Perry T. LaPuma | 086188 | K1-208-L | F56 | 6/29/12 |

**REQUEST**                              Check here if this is an informal grievance ☐

Ms. Simcox: A gastro consult was approved on 3/1/2012 by Dr. Bucarelli. Ms. Lightfoot was to prepare the consult but never did. Please check on this because I'm still suffering pain in the area of my stomach + Gallbladder. Also would you please consider having BP checks more promptly by instructing the nurses and facility BP beside the inmates names on the callouts. Thank you.

All requests will be handled in one of the following ways: 1) Written Information or 2) Personal Interview. All informal grievances will be responded to in writing.

DO NOT WRITE BELOW THIS LINE

**RESPONSE**                              DATE RECEIVED: JUL 1 3 2012

TAYLOR C.I. MEDICAL

checks. You are scheduled for BP
If you are experiencing other
problems you may access sick call
to be evaluated.
No gastro consult has been done

The following pertains to informal grievances only.
Based on the above information, your grievance is
You have the right to submit a formal grievance in accordance with Rule 33-103.006, F.A.C.

Official (Signature): C. Simcox SHSA 7/13/12

C. SIMCOX
SR. HEALTH SERVICES ADMIN
TAYLOR C.I.

Original: Inmate (plus one copy)
CC: Retained by official responding or, if appropriate, to inmate's file

This form is also used to file informal grievances in accordance with Rule 33-103.005, Florida Administrative Code.

Informal Grievance and Inmate Request: one copy will be returned to the inmate.
You may obtain further administrative review of your complaint by completing a Form DC1-303, Request for Administrative Remedy or Appeal, or completing an appeal as required by Rule 33-103.006, F.A.C., attaching a copy of this informal grievance and response to the appeal. An appeal for administrative remedy must be received no later than 15 days after the grievance is responded to. Rule 33-103.011, Florida Administrative Code, sets forth the time frames for submission of grievances.

DC6-236 (Effective)

*Exhibit 'K'*

## DEPARTMENT OF CORRECTIONS

### REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

1207-224-057

TO: ☑ Warden    ☐ Assistant Warden    ☐ Secretary, Florida Department of Corrections

From: _LaPuma  Perry  T._        _086188_        _Taylor C.I. Annex_
     Last   First  Middle Initial     Number     Institution

**MEDICAL**                   Part A – Inmate Grievance

Grievant is again being denied and/or delayed adequate medical care and treatment for his serious medical needs. Grievant is being denied access to specialist care. Also, failure to provide access to specialist care that a particular prisoners condition may require is deliberate indifferent to his medical needs. Grievant is being denied access to an outside gastro-specialist care and/or treatment where Ms. Lightfoot and/or Dr. Bucarelli's lack of evident qualifications to diagnose and treat Grievant's abdomen and/or gall bladder problem and where the radiologist Dr. Franco could not identify the structures that were found in Grievant's gallbladder on Sept. 9th, 2011, during ultrasound of Grievants abdomen. Further, necessary outside appointments must be provided without excessive delay. On March 1st, 2012 Asst. Warden James Blackwood and Dr. A. Bucarelli approved a gastroenterologist consult but Ms. Lightfoot has failed to prepare the consult see grievance Number# 1202-224-055 3/1/12. Grievant has brought this approved Gastro-consult to the attention of medical staff recently at sick-call and wrote a request to Ms. Simcox about this who failed to respond!

History of Abdomen Pain and Suffering-Continued-
Page 1 of 2

July 18th, 2012
DATE

_Perry L. LaPuma 086188_
SIGNATURE OF GRIEVANT AND D.C. #

See Attached Response    1 of 5    Exhibit "L"

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:** ☐ 0, _Perry L. LaPuma_
                                                       #       Signature

*H2204-224-052*
*Griev. Log No.:*
*Taylor C.I. Annex*

## HISTORY OF ABDOMEN PAIN & SUFFERING

Grievant began suffering abdomen pain soon after taking the blood pressure medication [Metoprolol]. Also, Grievant complained of a number of side-affects linked to [Metoprolol], (many times) to medical staff here at Taylor C.I. Grievances were also filed against Ms. Lightfoot, Dr. Bucarelli and staff for being deliberate indifferent to my medical needs concerning adverse and/or allergic reactions to blood pressure medications and refusing to change the medications, see grievances Numbers; #1104-224-038; #1109-224-007; # 1111-224-090; #1169-224-004; 11-6-30314; 11-6-30314; 11-6-34886; and on 3/1/2012 #1202-224-055 approved gastroenterologist.

Grievant has suffered unnecessarily because of deliberate actions and inactions by Ms. Lightfoot, Dr. Bucarelli, medical staff and/or Asst. Warden Blackwood. Notice has been given!

July 18th, 2012                    Perry T. Lahuma #086188
                                   Perry T. Lahuma
                                   Taylor C.I. Annex

2 of 2                              2 of 5 "L"

**PART B - RESPONSE**

| LAPUMA, PERRY | 086188 | 1207-224-057 | TAYLOR ANNEX | K1208L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

Since it has been some time since your previous assessment, you have been scheduled to be seen by a provider for a re-assessment.  She will determine from that evaluation if there is any need for an outside consultation.

Based on the above information your request for Administrative Remedy or Appeal is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by Chapter 33-103.007(3)(a) and (b), and forwarding your complaint to the Florida Department of Corrections 501 South Calhoun St. Tallahassee , FL 32399.

Dr. A. Bucarelli
Chief Health Officer

Greg Archie
Asst. Warden

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN OR SECRETARY'S REPRESENTATIVE | 08/17/17 |
|---|---|---|
| | | DATE |

| COPY DISTRIBUTION -INSTITUTION / FACILITY | COPY DISTRIBUTION - CENTRAL OFFICE |
|---|---|
| (2 Copies) Inmate | (1 Copy) Inmate |
| (1 Copy) Inmate's File | (1 Copy) Inmate's File - Inst./Facility |
| (1 Copy) Retained by Official Responding | (1 Copy) C.O. Inmate File |
| | (1 Copy) Retained by Official Responding |

3 of 5   Exhibit "L"

RECEIVED

AUG 31 2012

DEPARTMENT OF CORRECTIONS
INMATE GRIEVANCES

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

DEPARTMENT OF CORRECTION
INMATE GRIEVANCES

TO: ☐ Warden  ☐ Assistant Warden  ☑ Secretary, Florida Department of Corrections

From: LaPuma  Perry  T.        086188        Taylor Correctional CI.
Last  First  Middle Initial      Number      Institution

12-6-27762

### Part A – Inmate Grievance

Grievant is appealing his formal grievance that was de-
nied on 8/17/2012 at the institutional level at Taylor C.I.
Annex see formal grievance attached No.: #1207-224-057.
This is a medical grievance that was previously approved
at the institutional level on 3/1/2012 by Dr. A. Bucarelli;
chief health officer and Asst. Warden, James Blackwood,
see this formal grievance attached to this grievance:
grievance No.: #1202-224-055.

Grievant's serious medical need requires specialized
care by a gastroenterologist, which cannot be provided
by Taylor C.I. medical personel. Grievant continues to
suffer with abdomenal pain and other medical problems
with his gallbladder while Dr. Bucarelli, the medical de-
partment, and the warden, and security refuse to approve
and transport him to the necessary outside specialist that
his abdomen condition requires, which is deliberate indifferent
to his serious medical need(s).

On 9/23/2011 an abdomen ultrasound of Grievant revealed
several echogenic structures, in gallbladder See copy of Abdomenal Ultrasound
Report attached to this grievance, by Dr. Franco M.D..

There's no doubt that medical personel at Taylor Correctional
Institution and Department staff are deliberate indifferent by
refusing and/or delaying outside medical care and treatment
for Grievant's serious medical needs above.

MAILED ON: P.S.

August 28th, 2012                    Perry T. LaPuma #086188
DATE                                 SIGNATURE OF GRIEVANT AND D.C. #

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

4 of 5
001      "L"
#        Signature

This form is used for filing a formal grievance at the institution

INSTRUCTIONS

MAILED/FILED
WITH AGENCY CLERK

OCT 0·3 2012

Department of Corrections
Bureau of Inmate Grievance Appeals

**PART B - RESPONSE**

| LAPUMA, PERRY | 086188 | 12-6-27762 | TAYLOR ANNEX | K1208L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

Please be advised that this office cannot corroborate your allegations against the health care staff.

It is the responsibility of your Chief Health Officer to determine the appropriate treatment regimen for the condition you are experiencing.

You are encouraged to cooperate with your health care staff by following the treatment regimen prescribed.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY. UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Ebony O. Harvey IISC

| | | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

5 of 5  'L'

[ ] Physical Health

[ ] Mental Health Inpatient

FLORIDA DEPARTMENT OF CORRECTIONS
DRUG EXCEPTION REQUEST

[ ] Mental Health Outpatient

**INSTRUCTIONS:** Drug exception request (DER) to be submitted with the order/prescription. Only one exception per form.
**Requesting Institution:** complete inmate identifier and items 1 through 16 and forward all requests to the Regional Medical Executive Director who will complete items 17 through 20 and forward to the dispensing pharmacy.
**Dispensing Pharmacy:** complete items 21 through 26 and send original to the Health Information Specialist (HIS) and keep a copy on file in pharmacy.
**HIS:** complete lines 27 and 28, file in active health record, forward copy to attending physician, and send copy to the Director of Pharmacy Services in central office.

## PATIENT INFORMATION

1. Height: _5' 7"_   2. Weight: _161_ (lbs)   3. BMI: _26.8_   4. Allergies: _Ace/NSA_

5. Presenting Diagnosis: _Pancreatitis, Hyperlipidemia._

6. Current Drugs/Dosage: _Bentyl 90 Day BID_
   _Creon 240 PO Q8_
   _BSD 81mg PO Q8 (m)_

7. Other Information: _____

## REQUEST FOR AUTHORIZATION

8. Check One:
   [ ] Four or More Psychotropics
   [✓] Nonformulary Drug
   [✓] Drug Dose Variance Requested
   [ ] Nonapproved Use of Approved Drug
   [ ] More than One Med in MH Treatment Category
   [ ] Other

9. Requested Drug (name and strength): _Creon 12_

10. Dosage: _One ē meals_   11. Dose Range: _____

12. Rationale for use of nonformulary medication:
_Chr. Abd Pain_
_Pancreatitis_

13. Route: _Oral_   14. Stop Date: _6 months_

15. Attending Physician Name: _G. Shah MD_

16. Signature/date/(stamp): _____ / 2/17/14_

GAURANG SHAH, MD
GASTROENTEROLOGIST
[illegible]

**FAX NUMBER TO WHICH THE APPROVED/DISAPPROVED DER SHOULD BE SENT:** _faxed 2-17-14_

## AUTHORIZATION/NOTIFICATION
Regional Medical Executive Director or Regional Psychiatric Consultant

17. [ ] Approved   18. Date: _____   19. Comments: _____
    [✓] Disapproved
    [ ] Approved w/ Modification   _Must Be Submitted By SMU_

20. Signature/stamp: _____

## PHARMACY

21. Received By: _____
24. Prescription Dispensed: _____   22. Date: _____   23. Time: _____
25. Date: _____
26. Time: _____

## HEALTH INFORMATION SPECIALIST (HIS)

27. Copy Received (date/time): _____
    Date: _____   Time: _____   28. Received By (signature/time): _____

Inmate Name
DC# _____ 0-086188 TM 40 06/24/2013
Date of Birth _____
Institution _____ LAPUMA, PERRY THOMAS
            W/M DOB 03/13/1955(58) XX

DC4-648 (Revised [illegible])

1-5

Exhibit "M"

Shah 2-5-14

**PHYSICIAN'S ORDER SHEET**

USE BALL POINT PEN ONLY—PRESS FIRMLY—NO MORE THAN ONE ORDER PER LINE

| Institution: TWMCI | Date: 2/5/14 | Time: | ☐ Inpatient ☒ Outpatient | Inms 0-086188 TM 40 06/24/2013 |
|---|---|---|---|---|
| | List Allergies Here | | | DOC# LAPUMA, PERRY THOMAS |
| Initial Each Order as Transcribed | AOB WB | | | Dom |
| STAT | | | | Diag W/M DOB 03/13/1955(58) XX |

① Creon 12 T po c meals x 6 mth

② Low fat diet

Time Noted: 2200

Nurse Signature/Stamp: [signature] RN Taylord

Doctor Signature/Stamp: GAURANG SHAH, MD GASTROENTEROLOGY [signature]

Date/Time:

DC4-714B (9/05)

Distribution: White Original - Pharmacy    Canary—Medical Record

PAGE 16/20    TAYLOR MAIN UNIT    RECEIVED 02/17/2014 08:06    8508384187    02/17/2014 08:04

---

please verify 12,000 u. Creon dose

(only one profiled is 6000u. tid + I will order
12,000 unit size if ↑ dose)

Thanks!

Dr. SHAH wrote the order.
If any specific clarification
give cannot to MS Jacqued
to call Dr. SHAH and
clarify this situation

Thanks

Dr. Shah
904-731-2300

2-5

Exhibit "M"

Dr. Shah 6-6-13

**FLORIDA DEPARTMENT OF CORRECTIONS**
**PHYSICIAN'S ORDER SHEET**
USE BALL POINT PEN ONLY—PRESS FIRMLY—NO MORE THAN ONE ORDER PER LINE

| Institution: | | Date: | Time: | ☐ Inpatient ☐ Outpatient | Inmate Name_____ |
|---|---|---|---|---|---|
| | List Allergies Here | | | | DC#_____ |
| | | | | | Dorm_____ |
| STAT | Initial Each Order as Transcribed | ACE 1 | | | Diagnosis:_____ |

| Time Noted:_____ | Nurse Signature/Stamp _____ | Doctor Signature/Stamp _____ | Date/Time: _____ |
|---|---|---|---|

DC4-714B (9/05)   Distribution: White Original—Pharmacy   Canary—Medical Record

---

**FLORIDA DEPARTMENT OF CORRECTIONS**
**PHYSICIAN'S ORDER SHEET**
USE BALL POINT PEN ONLY—PRESS FIRMLY—NO MORE THAN ONE ORDER PER LINE

| Institution: Taylor | | Date: 6/6/13 | Time: Noon | ☐ Inpatient ☑ Outpatient | Inmate Name 0-086188 TM 40 12/27/2012 |
|---|---|---|---|---|---|
| | List Allergies Here | | | | DC#_____ |
| | | | | | Dorm   LAPUMA, PERRY THOMAS |
| STAT | Initial Each Order as Transcribed | ACE 1 | | | Diagnosis: W/M DOB 03/13/1955 (57) DD |

① Cream 12 T PO c meals x 3 wks

| Time Noted: 1245 | Nurse Signature/Stamp C.B. BECKER SRLPN TAYLOR C.I. | Doctor Signature/Stamp GAURANG SHAH, MD GASTROENTEROLOGIST RMC | Date/Time 6-6-13 |
|---|---|---|---|

DC4-714B (9/05)   Distribution: White Original—Pharmacy   Canary—Medical Record

---

**FLORIDA DEPARTMENT OF CORRECTIONS**
**PHYSICIAN'S ORDER SHEET**
USE BALL POINT PEN ONLY—PRESS FIRMLY—NO MORE THAN ONE ORDER PER LINE

| Institution: Taylor CI | | Date: 3/8/13 | Time: 05 | ☐ Inpatient ☑ Outpatient | Inmate Name Laperna Perry |
|---|---|---|---|---|---|
| | List Allergies Here | | | | DC# 086188 |
| | | | | | Dorm_____ |
| STAT | Initial Each Order as Transcribed | | | | Diagnosis:_____ |

Tolnaftate cream apply bid prn affected area x 3 weeks

| Time Noted: | Nurse Signature/Stamp J. STANALAND SLPN TAYLOR C.I. Stanaland, LPN 5-2-13 1350 | Doctor Signature/Stamp BANEULER ARNP TAYLOR CI | Date/Time |
|---|---|---|---|

DC4-714B (9/05)   Distribution: White Original—Pharmacy   Canary—Medical Record

3-5

Exhibit 'M'

**FLORIDA DEPARTMENT OF CORRECTIONS**
**PHYSICIAN'S ORDER SHEET**
USE BALL POINT PEN ONLY—PRESS FIRMLY—NO MORE THAN ONE ORDER PER LINE

| Institution: | | Date: 2/3/14 | Time: 1231 pm | ☐ Inpatient ☐ Outpatient | Inmate Name: Lapuma Perry |
| | | | | | DC#: 086188 |
| | Initial Each Order as Transcribed | List Allergies Here | | | Dorm: |
| STAT | | | ACB inh | | Diagnosis: Pancreatitis |

Occult blood test (FOBT) X 3 cards

| Time Noted: 770 | Nurse Signature/Stamp | Doctor Signature/Stamp Dr. BuccTaylor, MD CHO | Date/Time: 2/3/14 |

DC4-714B (9/05)          Distribution: White Original—Pharmacy     Canary—Medical Record

---

**FLORIDA DEPARTMENT OF CORRECTIONS**
**PHYSICIAN'S ORDER SHEET**
USE BALL POINT PEN ONLY—PRESS FIRMLY—NO MORE THAN ONE ORDER PER LINE

| Institution: | | Date: 2/3/14 | Time: 1231 pm | ☐ Inpatient ☐ Outpatient | Inmate Name: Lapuma Perry |
| | | | | | DC#: 086188 |
| | Initial Each Order as Transcribed | List Allergies Here | ACB inh | | Dorm: |
| STAT | | | | | Diagnosis: Pancreatitis 470 Dislipidemia |

Buleg 20 mg PO BID PRN

| Time Noted: 720 | Nurse Signature/Stamp | Doctor Signature/Stamp | Date/Time: 2/3/14 |

DC4-714B (9/05)          Distribution: White Original—Pharmacy     Canary—Medical Record

---

**FLORIDA DEPARTMENT OF CORRECTIONS**
**PHYSICIAN'S ORDER SHEET**
USE BALL POINT PEN ONLY—PRESS FIRMLY—NO MORE THAN ONE ORDER PER LINE

| Institution: | | Date: 2/3/14 | Time: | ☐ Inpatient ☒ Outpatient | Inm 0-086188 TM 40 06/24/2013 |
| | | | | | DC# LAPUMA, PERRY THOMAS |
| | Initial Each Order as Transcribed | List Allergies Here | ACB inh | | Dorm |
| STAT | | | | | Diag W/M DOB 03/13/1955(58) XX |

① Creon 12 + PO ī meals × 6 mth
② Low fat diet

| Time Noted: 2200 | Nurse Signature/Stamp | Doctor Signature/Stamp GAURANG SHAH, MD GASTROENTEROLOGY | Date/Time: |

DC4-714B (9/05)          Distribution: White Original—Pharmacy     Canary—Medical Record

4-5

Exhibit "M"

8-6-13

## FLORIDA DEPARTMENT OF CORRECTIONS
### PHYSICIAN'S ORDER SHEET
USE BALL POINT PEN ONLY-PRESS FIRMLY—NO MORE THAN ONE ORDER PER LINE

Institution: Taylor   Date: 8/15/13   Time: 10 30   ☐ Inpatient  ☒ Outpatient

Inmate Name: Lapuma P.
DC# 006188
Dorm
Diagnosis: HTN

List Allergies Here   ACI   ACE Inhibitors

Initial Each Order as Transcribed / STAT

✓ flu appt c̄ me or Dr. B next wk
✓ see diet pass encountered
✓ Zantac 150mg po bid x tomos

V. COUCH
SR. LPN
TAYLOR C.I.

Time Noted: 35   Nurse Signature/Stamp   Doctor Signature/Stamp   Date/Time:
B. HEULER
ARNP
TAYLOR C.I.

DC4-714B (9/05)   Distribution: White Original—Pharmacy   Canary—Medical Record

---

## FLORIDA DEPARTMENT OF CORRECTIONS
### PHYSICIAN'S ORDER SHEET
USE BALL POINT PEN ONLY-PRESS FIRMLY—NO MORE THAN ONE ORDER PER LINE

Institution: Taylor   Date: 6/4/13   Time: 11.30   ☐ Inpatient  ☐ Outpatient

Inmate Name: Lapuma P.
DC# 006188
Dorm
Diagnosis:

List Allergies Here   An   Ace

Initial Each Order as Transcribed / STAT

Neon 12 c̄ meals # 6 wtks

Time Noted:   Nurse Signature/Stamp   Doctor Signature/Stamp   Date/Time:
GAURANG SHAH, MD.
GASTROENTEROLOGIST
RMC

DC4-714B (9/05)   Distribution: White Original—Pharmacy   Canary—Medical Record

---

## FLORIDA DEPARTMENT OF CORRECTIONS
### PHYSICIAN'S ORDER SHEET
USE BALL POINT PEN ONLY-PRESS FIRMLY—NO MORE THAN ONE ORDER PER LINE

Institution:   Date: 6/26/13   Time: 12.3   ☐ Inpatient  ☐ Outpatient

Inmate: LAPUMA, PERRY T   AGE:58
A#J00214466206   URN:J770687   SEX:M
Shah MD,Gaurang N.   DOB:03/13/1955
DOS:Jun 27, 2013   U#J001224412086188

List Allergies Here   Lopressor

Initial Each Order as Transcribed / STAT

(1) Discharge to RMC Today
(2) Return all Meds + order
(3) Recheck urg dyne in 6 wtks

Time Noted:   Nurse Signature/Stamp   Doctor Signature/Stamp   Date/Time:
GAURANG SHAH, MD.
GASTROENTEROLOGIST
RMC

DC4-714B (9/05)   Distribution: White Original—Pharmacy   Canary—Medical Record

5 of 5

Exhibit 'M'

8-26-13

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

1308C18073
13-6-31105

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

TO: ☑ Warden     ☐ Assistant Warden     ☐ Secretary, Florida Department of Corrections

From: LaPuma Perry T.      086188      Taylor C. I,
      Last    First    Middle Initial      Number        Institution

---

Part A – Inmate Grievance

Grievant is being denied and/or delayed adequate medical care and/or treatment for a serious medical need. On December 26th, 2012 Grievant declared a medical emergency at Taylor C.I. I was taken to Taylor C.I's clinic, Doctors Memorial Hospital and two hours later to Memorial Hospital in Jacksonville. I was diagnosed with severe/chronic pancreatitis with an inflamed gallbladder. On 12-29-2013 Grievant's gall bladder was removed and he remained in critical condition for 14 days. Grievant's surgeon and/or other gastro-specialist at R.M.C. Lake Butler, Fla. recommended treatment for Grievant's stomach that included medication for my pancreas on two occasions, in April 2013 and on 8-8-2013. To date, the Health Care Providers here at Taylor Corr. Inst. medical clinic have not approved this necessary medication nor have they prescribed it, even though Grievant asked several Nurses about it and wrote a request that was not answered in three weeks.

    Please provide the above mentioned medication without further delay!

---

8-26-2013      See Attached Response      Perry T. LaPuma   086188
DATE                                       SIGNATURE OF GRIEVANT AND D.C. #

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

1 of 4, Exhibit 'N'
#        Signature

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary

**PART B - RESPONSE**

| LAPUMA, PERRY | 086188 | 1308-218-073 | TAYLOR C.I. | F2105L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

It is the responsibility of your health care staff to determine the appropriate treatment regimen for the condition you are experiencing including medication prescriptions.

Records reviewed indicate that you have not accessed sick call to address any complaints.

If you are experiencing problems, sick call is available so that you may present your concerns to your health care staff.

Based on the above information your request for Administrative Remedy or Appeal is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by Chapter 33-103.007(3)(a) and (b), and forwarding your complaint to the Florida Department of Corrections 501 South Calhoun St. Tallahassee , FL 32399.

Dr. Ogunsanwo
Asst. Secretary of Health Services

David McCallum
Warden

| | | 9-6-13 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

2 of 4  1N

STATE OF FLORIDA
DEPARTMENT OF CORRECTIONS

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED
SEP 2 0 2013
TAYLOR CORRECTIONAL INSTITUTION
ASSISTANT WARDEN'S OFFICE

RECEIVED
SEP 2 6 2013
CORRECTIONS
APPEALS

TO: ☐ Warden   ☐ Assistant Warden   ☑ Secretary, Florida Department of Corrections

From: LaPuma  Perry  T.   086188   Taylor C.I.
      Last    First  Middle Initial   Number   Institution

---

Part A – Inmate Grievance

*Medical*                                          1306-3/105

This is Grievant's Appeal to his Formal Grievance #
1308-218-073 with return date, 9-6-13. Contrary to
to response several times as follows: During a
medical callout with Ms. Heulfr, ENP where
she asked me about 'ALL' my medications and if
I had received them? I told her I was not re-
ceiving my pancreas medication. She told Grievant
she would check on it to check back at the
medication window in a few days. Grievant
checked back at the medication window for
weeks talking to a number of nurses about the
pancreas meds. Finally on or about 8-15-13 one
nurse told me Dr. Bucarelli, MD had not approved
the pancreas meds that it probly cost to much.
Grievant then filed his Formal Grievance on 8-26-
13. On February 4th, 2012 Grievant returned from
Lake Butler, RMC after having his gallbladder removed
and suffering sever pancritius (Chronic). Two or
three Gastro Specilist ordered and/or recommended
I to put on the pancreas medication. To deny the
Grievant the necessary treatment in the form of
medication is deliberate indifference to his serious
medical needs. Dr. Bucarelli should follow these gastro
specilist necessary recommendations. Refusing to do so
is deliberate indifference. Please provide said med ASAP.

September 18th, 2013 (Grievance Attached)          Perry T. LaPuma 086088
DATE                   1308-218-073               SIGNATURE OF GRIEVANT AND D.C. #
                            O.Y.

---

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

3 of 4        Exhibit 'N'
#              Signature

---

**INSTRUCTIONS**

This form is used for filing a formal grievance at the institution or facility level as well as for filing appeals to the Office of the Secretary in accordance with Rule 33-103.006,

MAILED/FILED
WITH AGENCY

DEC 23 2013

Department of Corrections
Inmate Grievance Appeals

**PART B - RESPONSE**

| LAPUMA, PERRY | 086188 | 13-6-31105 | TAYLOR C.I. | F2105L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

Please be advised that this office cannot corroborate your allegations against the health care staff; nor do inmates have the authority to dictate disciplinary action on Health Care Staff members.

It is the responsibility of your Chief Health Officer to determine the appropriate treatment regimen for the condition you are experiencing. This includes medication prescriptions.

You are encouraged to cooperate with your health care staff by following the treatment regimen prescribed.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY.
UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Ebony O. Harvey IISC

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 12/19/13 DATE |
|---|---|---|

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

4 of 4 'N'

6-16-15
gauche

**FLORIDA DEPARTMENT OF CORRECTIONS**

**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ Warden   ☐ Assistant Warden   ☐ Secretary, Florida Department of Corrections

1506 218 041

From or **IF Alleging Sexual Abuse**, on the behalf of:

LaPuma          Perry      T.              086188              Taylor C.I. M/u
Last      First      Middle Initial            DC Number                Institution

---

Medical

<u>Part A – Inmate Grievance</u>

Grievant is being denied adequate medical care and treatment for his serious medical needs because Corizon Health Services, Inc, do not want the medical doctors at Taylor C.I. to send inmates to outside specialist consults because of Cost. Grievant's Gastro Specialist Dr. Gaurang Nagrial Shah MD was approved by Central Office at Tallahassee for follow-up medical care and treatment for Grievant's serious needs but Corizon Health Care, Inc. still denied his necessary outside specialist care that cannot be provided at Taylor C.I. clinic, thereby, denying Grievant his Right to adequate medical care and treatment for his serious medical needs that cannot be provided at this institution. Recently, Grievant was seen by Dr. Lopez MD at Taylor clinic where he gave X-ray results that revealed spots on kidneys that could not be diagnosed by him. Grievant is suffering serious problems with his stomach and kidneys and needs outside specialist care and treatment without further delay!

    If Grievant is not approved the necessary out consults mentioned above he will have to file a 1983 complaint to U.S. District Judge Robert Hinkle Northern District for an injunction against Corizon Health Services, Inc.

6-16-2015
DATE

Perry LaPuma 086188
SIGNATURE OF GRIEVANT AND D.C. #

See Attached Response

Exhibit 'O'    1 of 4

**PART B - RESPONSE**

| LAPUMA, PERRY | 086188 | 1506-218-041 | TAYLOR C.I. | F2105L |
|---|---|---|---|---|
| INMATE | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

In your request for administrative remedy or appeal you grieved inadequate medical care.

Your grievance has been reviewed and considered, and your record reviewed.

Review of your record reveals that your medical concerns have been evaluated and treated by the provider. You have a pending diagnostic test scheduled.

For continued or worsening of symptoms, please complete sick call request.

Based on the above information your request for Administrative Remedy or Appeal is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by Chapter 33-103.007(3)(a) and (b), and forwarding your complaint to the Florida Department of Corrections 501 South Calhoun St. Tallahassee , FL 32399.

Dr.  Magaly Matanzo
Chief Health Officer

Shannon Varnes,
Warden

| M. MATANZO M.D | | 6/29/15 |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

COPY DISTRIBUTION -INSTITUTION / FACILITY
(2 Copies) Inmate
(1 Copy) Inmate's File
(1 Copy) Retained by Official Responding

COPY DISTRIBUTION - CENTRAL OFFICE
(1 Copy) Inmate
(1 Copy) Inmate's File - Inst./Facility
(1 Copy) C.O. Inmate File
(1 Copy) Retained by Official Responding

2 of 4  '01

RECEIVED

JUL 06 2015

TAYLOR CORRECTIONAL INSTITUTION
ASSISTANT WARDEN'S OFFICE

FLORIDA DEPARTMENT OF CORRECTIONS

REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL

Gastro - Corrosp

RECEIVED

JUL 1 0 2015

DEPARTMENT OF CORRECTIONS
INMATE GRIEVANCES

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden    ☐ Assistant Warden    ☑ Secretary, Florida Department of Corrections

From or IF Alleging Sexual Abuse, on the behalf of:

LaPuma Perry T.          086188          Taylor M.I.
Last    First    Middle Initial    DC Number    Institution

---

**Part A – Inmate Grievance**

MEDICAL                                                    15-6-23919

Grievant is appealing the denial of his Formal Grievance #1506-218-041 at the institutional level. Dr. Magaly Matanzo Chief Health Officer (C.H.O.) for Corizon Health Services and Shannon Vares (Warden) denied Grievants formal grievance above, see attached; Grievant provides his response as follows: Grievant's medical concerns have not been adequately evaluated nor treated by the Provider above. Before Corizon Health Services, Inc. took over as the medical Provider at Taylor Corr. Inst., Grievant was being provided access to his specialist appointments that his condition required, that Corizon has now continued to deny. Furthermore, Corizon is now attempting to render medical services to Grievant by unqualified personal which is deliberate indifference, as is the failure to provide access to his Gastro-specialist Dr. Gaurang Naginial Shah, M.D. which his condition requires. Also, even though recent diagnostic test revealed serious condition (s) with Grievant's kidneys and abnormal results in blood tests Corizon still is denying him outside specialist appointment (s) to his gastro-specialist Dr. Shah, even though Florida's Secretary's Representive acknowledges he was approved by them previously, but Corizon is choosing to deny Grievant nevertheless.

7-5-2015
DATE

Perry LaPuma    #086188
SIGNATURE OF GRIEVANT AND D.C. #

---

*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:

3 of 4    Exhibit "O"
#    Signature

MAILED/FILED
WITH AGENCY CLERK

AUG 1 2 2015

Department of Corrections
Inmate Grievance Appeals

**PART B - RESPONSE**

| **LAPUMA, PERRY** | **086188** | **15-6-23919** | **TAYLOR C.I.** | **F2105L** |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

It is determined that the response made to you by Dr. Mantanzo on 6/29/15 appropriately addresses the issues you presented.

It is the responsibility of your health care staff to determine the appropriate treatment regimen for the condition you are experiencing including specialty consults.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY.
UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Ebony O. Harvey IISC

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |
|---|---|---|

4 of 4   Exhibit "O"

6-21-16 orig
1609-218-053
gastro chron

FLORIDA DEPARTMENT OF CORRECTIONS
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

☐ **Third Party Grievance Alleging Sexual Abuse**

TO: ☑ Warden ☐ Assistant Warden ☐ Secretary, Florida Department of Corrections

From or **IF Alleging Sexual Abuse, on the behalf of:**

| LaPuma | Perry | T. | 086188 | Taylor M/U |
|--------|-------|-----|--------|------------|
| Last | First | Middle Initial | DC Number | Institution |

---

Part A – Inmate Grievance

Medical

Grievant is being denied medical care and Treatment
for his serious medical Needs (Chronic Pancretitis).
On June 9th, 2016, Grievant was seen by Ms.
Kendrick C. NP (at Taylor clinic) for pain in his abdo-
men, to renew his special diet pass (low residue) and to
renew his pancreas medication (Creon-12) for his
Chronic pancretitis. For no medical reason Ms. Kendrick
C. NP refused to renew Grievant's diet pass and has failed
to renew his prescription for Creon-12. Furthermore, the
Health Service Provider at Taylor C.I. and/or Ms. Kendrick
C. NP have failed to follow Statutory Law by refusing
to provide, "Followup Consultations (gastroenterologist)
and Treatment prescribed by Dr. Shah (gastroenterologist)
pursuant to section 395.1041 Fla. Stat." Access To
Emergency services and Care". Initially, Grievant was
treated by Dr. Shah and other specialist as a medical
emergency at Memorial Hospital, Jacksonville, Fl. for a
life-threatening illness (Acute gallstone pancretitis)
(chronic) for 18 days, therefore, the emergency services
require Grievants "followup consultations and treatment that
was ordered by Dr. Shah above. Should Ms. Kendrick C.
NP and/or the Provider refuse the above mentioned followup
Consultations and Treatment they will be guilty of
"intentionally interfering with Treatment once prescribed"
see Estelle v. Gamble, 429 US at 105

June 21, 2016
DATE

Perry A. LaPuma 086188
SIGNATURE OF GRIEVANT AND D.C. #

---

***BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

1 of 4, Exhibit 1P1
#       Signature

## PART B - RESPONSE

| LAPUMA, PERRY | 086188 | 1606-218-053 | TAYLOR C.I. | F2105L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

In your request for administrative remedy or appeal you grieved inadequate medical care.

Review of your record reveals that you have been seen by the provider and you medical concerns addressed.

Referrals to the specialty clinic is done at the discretion of the provider.

Therefore based on the above information your request for Administrative Remedy or Appeal is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by Chapter 33-103.007(3)(a) and (b), and forwarding your complaint to the Florida Department of Corrections 501 South Calhoun St. Tallahassee, FL 32399.

Dr. Tyrone Lopez
Chief Health Office

Acting on behalf of
Shannon Varnes, Warden

Robert Surles, Asst Warden - Operations

| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING OR CI | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | 7-5-16 |
|---|---|---|
| | | DATE |

T. LOPEZ, MD

2 of 4 Exhibit 'P'

**FLORIDA DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

RECEIVED
JUL 18 2016

RECEIVED
JUL 18 2016
TAYLOR CORRECTIONAL INSTITUTION
ASSISTANT WARDEN'S OFFICE

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☐ Warden   ☐ Assistant Warden   ☑ Secretary, Florida Department of Corrections
DEPARTMENT OF FLORIDA CORRECTIONS
INMATE GRIEVANCE APPEALS

JUL 21 2016

From or **IF Alleging Sexual Abuse**, on the behalf of:

<u>LaPuma   Perry   8 -</u>          <u>086188</u>          <u>Taylor M/U</u>
Last       First    Middle Initial      DC Number          Institution

---

**Part A – Inmate Grievance**

*MEDICAL*                                           166-32238

Grievant is appealing his formal medical grievance #1606-
218-053 see attached. Asst. Warden Robert Surles
acting on behalf of Shannon Varnes Warden for
Taylor Correctional Institution (TCI) had Dr. Tyrone
Lopez respond to the attached grievance as follows:
"Referrals to specialty clinics is done at the
discretion of the Provider". Consequently, Dr. Lopez's
response is in direct conflict with Statutory Law
see section 395.1041 Florida Statutes "Acess to
Emergency Services and Care". This statute also
requires the physician and/or Provider to provide appro-
priate emergency services and care, 'followup consultations
and Treatment' after the patient leaves the outside
hospital where the treating physician (Dr. Shah) pre-
scribes "followup consultations and treatment (creon-ix etc)
see section 395.1041 (1) Florida Statutes. Ms. Kendrick C.
Nurse Practitioner NP, Dr. Lopez and/or Taylor C.I's
Wardens above are 'Intentionally denying Grievants
prescribed Followup consultations and Treatment ordered
by Dr. Shah (gastroenterologist) several times, thereby,
violating Grievants Eighth Amendment right (to adequate
medical care and treatment) for the United States
Constitution see Estelle v. Gamble, 425 US at
105. The DOC, Corizon Health Services, Inc. and the
Provider presently in charge are put on Notice.
July 15th, 2016

<u>July 15th, 2016</u>                    Perry S-LaPuma #086188
DATE                              SIGNATURE OF GRIEVANT AND D.C. #

                    3 of 4   Exhibit 'P'

**\*BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

None +  Perry S-LaPuma
#              Signature

E-FILED
WITH AGENCY CLERK

OCT 26 2016

Department of Corrections
Inmate Grievance Appeals

**PART B - RESPONSE**

| LAPUMA, PERRY | 086188 | 16-6-32238 | TAYLOR C.I. | F2105L |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Appeal Denied:

Your request for administrative remedy was received at this office and it was carefully evaluated. Records available to this office were also reviewed.

In addition, the institution was contacted and they provided this office with information regarding the issues you presented.

It is determined that the response made to you by Dr. Lopez on 7/5/16 appropriately addresses the issues you presented.

Reviewed records indicate that you are being monitored in the chronic clinic and you were last seen on 7/19/16.

It is the responsibility of the health care staff to determine the appropriate treatment regimen for the condition you are experiencing including specialty consults, medication prescriptions, diagnostic testing, or lab work.

Should you experience problems, sick call is available so that you may present your concerns to your health care staff.

CONFIDENTIAL HEALTH RECORD/CARE INFORMATION INTENDED FOR ADDRESSEE(S) ONLY.
UNAUTHORIZED RELEASE OR DISCLOSURE MAY VIOLATE STATE AND FEDERAL LAW.

Tom Reimers
Health Services Director

| _signature_ | _T. Bowden_ | |
|---|---|---|
| SIGNATURE AND TYPED OR PRINTED NAME OF EMPLOYEE RESPONDING | SIGNATURE OF WARDEN, ASST. WARDEN, OR SECRETARY'S REPRESENTATIVE | DATE |

4 of 4   Exhibit "D"

**FLORIDA DEPARTMENT OF CORRECTIONS**
**REQUEST FOR ADMINISTRATIVE REMEDY OR APPEAL**

1701-218-091

☐ Third Party Grievance Alleging Sexual Abuse

TO: ☑ Warden       ☐ Assistant Warden       ☐ Secretary, Florida Department of Corrections
From or IF Alleging Sexual Abuse, on the behalf of:

LaPuma  Penny T.
_Last_       _First_       _Middle Initial_

086188
DC Number

Taylor M/C
Institution

**Part A – Inmate Grievance**

Medical:

Grievant is being denied and/or intentionally delayed adequate medical care and treatment that had been treated as a medical emergency by Gastroenterologist Dr. Shah and others at memorial Hospital and North Florida Reception Center, Regional Medical Center Lake Butler, FL., where follow-up consultations and treatment were ordered as follows: (1) Creon-12 (pills) for Seven-Chronic Pancretitis, (2) Special diet for pancretitis, (3) Follow-up Gastro-Consultations every (6) months, (4) Follow-up blood tests in order to monitor the chronic pancretitis, (5), and other tests and/or x-rays as are necessary.

On or about 1-11-17, Grievant was seen by a female health provider at his chronic clinic for his high blood-pressure and to review recent blood-cell count where he gave blood some two weeks before. Consequently, no blood had been drawn for Grievant's pancretitis even though previous tests showed high level of amylase, changes in high levels of bicarbonate glucose and lipids ("fats") etc. on or about 1-16-16. As a result of Grievant not being treated for Chronic Pancretitis he is suffering malnutrition because his pancreas is not producing the enzymes needed and the health Provider is refusing to provide Grievant with the

January 22, 2017        1 of 2
DATE

Penny T. LaPuma #086188
SIGNATURE OF GRIEVANT AND D.C. #

**BY SIGNATURE, INMATE AGREES TO THE FOLLOWING # OF 30-DAY EXTENSIONS:**

1 of 4,  Exhibit "Q"
#

From: Layuma Perry T.    086188    Taylor M/I
      Last    First    Middle Initial    DC Number    Institution

---

Medical ( 1-22-17    **Inmate Grievance Continued**

necessary Treatment that was in fact
ordered by Dr. Shah some three times, the
medication Creon-22 (pills) enzymes. Grievant
did point this out to the Provider on 1-11-17,
but she has failed to do anything about
it to date. Grievant is experiencing pain in
his abdomen, teeth problems and hip and back
pain due to pancretitis.

The health Provider should provide the
follow-up Gastro-Consultations and Treatment
recommended and ordered by Dr. Shah, without
further delay.

---

January 22, 2017    2 of 2    Derry Latham  # 086188
DATE    SIGNATURE OF GRIEVANT AND D.C. #

2 of 4    EXHIBIT 'Q'

**PART B - RESPONSE**

| LAPUMA, PERRY | 086188 | 1701-218-091 | TAYLOR C.I. | F2105L |
|---|---|---|---|---|
| NAME | NUMBER | FORMAL GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

Your request for Administrative Remedy or Appeal was received, reviewed and evaluated.

You have been seen and evaluated appropriately by a licensed clinician. The last order for Creon was written on 2/5/14 for only 6 months and is now expired. Your treatment will depend on your upcoming current labs that were ordered on 1/11/17.

Therefore based on the above information your request for Administrative Remedy or Appeal is denied.

You may obtain further administrative review of your complaint by obtaining form DC1-303, Request for Administrative Remedy or Appeal, completing the form, providing attachments as required by Chapter 33-103.007(3)(a) and (b), and forwarding your complaint to the Florida Department of Corrections 501 South Calhoun St. Tallahassee, FL 32399.

Richard Laubaugh
Chief Health Officer

Shannon Varnes, Warden

_____           Acting Warden
                                        S. Varnes
SIGNATURE AND TYPED OR PRINTED NAME OF        SIGNATURE OF WARDEN, ASST.        2-10-17
EMPLOYEE RESPONDING                           WARDEN, OR SECRETARY'S           DATE
                                              REPRESENTATIVE



MAILED
2-10-17

3 of 4                    EXHIBIT 'Q'

**PART C - RECEIPT (TO BE COMPLETED BY DC STAFF)**

RETURN TO:

| **LAPUMA, PERRY** | **086188** | **17-6-07432** | **TAYLOR C.I.** | **F2105L** |
|---|---|---|---|---|
| NAME | NUMBER | GRIEVANCE LOG NUMBER | CURRENT INMATE LOCATION | HOUSING LOCATION |

I ACKNOWLEDGE RECEIPT THIS DATE OF A GRIEVANCE FROM THE ABOVE INMATE IN REGARD TO THE FOLLOWING SUBJECT:

07H (INADEQUATE TREATMENT (MEDICAL))

| **2/13/17** | **17-6-07432** |
|---|---|
| DATE | GRIEVANCE LOG NUMBER |

4 of 4  EXHIBIT 'Q'

Perry T. Laluma 086188
8501 Hampton Springs Rd.
Perry, FL. 32348

United States District Court
Northern District of Florida
Office of Clerk
111 North Adams street, Suite 222
Tallahassee, Florida 32301-7730

MAILED FROM A STATE
CORRECTIONAL INSTITUTION

LEGAL MAIL

OUTGOING LEGAL MAIL
PROVIDED TO TAYLOR C.I. FOR
MAILING ON
8-18-2017
DATE (MAILROOM MAIN UNIT)   OFFICER INT.