# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE' DIVISION

**PERRY T. LAPUMA,**

    **Plaintiff,**

**vs.**                                           **Case No. 4:16cv799-WS/CAS**

**V. COUCH, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

The pro se Plaintiff filed a second amended complaint, ECF No. 18, on August 22, 2017. Shortly thereafter, he filed a motion for temporary restraining order and preliminary injunction, ECF No. 19. Both the second amended complaint and motion have been reviewed. Finding the complaint insufficient as filed, an Order has been separately entered this day directing Plaintiff to file a third amended complaint.

Plaintiff's motion for a temporary restraining order and preliminary injunction, ECF No. 19, is based on events concerning his medical care from several years ago. No events are detailed which have taken place

since 2014. ECF No. 19-1. Plaintiff has not demonstrated that need for a preliminary injunction.

Granting or denying a preliminary injunction is a decision within the discretion of the district court. Carillon Importers, Ltd. v. Frank Pesce Intern. Group Ltd., 112 F.3d 1125, 1126 (11th Cir. 1997) (citing United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983)). Preliminary injunctive relief may be granted only if the moving party establishes:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury unless the injunction issues;

(3) the threatened injury to the movant outweighs whatever harm the proposed injunction may cause the opposing party; and

(4) granting the injunction would not be adverse to the public interest.

Keeton v. Anderson–Wiley, 664 F.3d 865, 868 (11th Cir. 2011); Carillon Importers, Ltd., 112 F.3d at 1126; United States v. Jefferson Cnty., 720 F.2d 1511, 1519 (11th Cir. 1983). A preliminary injunction is an extraordinary and drastic remedy and should not be granted unless the movant "clearly carries the burden of persuasion" of all four prerequisites, which is always on the Plaintiff. Siegel v. LePore, 234 F.3d 1163, 1176

(11th Cir. 2000); Jefferson County, 720 F.2d at 1519 (citing Canal Auth. v. Callaway, 489 F.2d 567 (5th Cir. 1974)).

Because Plaintiff's second amended complaint has been found insufficient to properly state a claim and Plaintiff has been required to submit a third amended complaint, Plaintiff has correspondingly failed to meet the prerequisites for injunctive relief.  Therefore, the instant motion must be denied as Plaintiff has not demonstrated a substantial likelihood of success on the merits.

There is no need to go "farther than the first prong of this analysis because [Plaintiff] cannot show a substantial likelihood of success on the merits."  Pine v. City of West Palm Beach, FL, 762 F.3d 1262, 1268 (11th Cir. 2014).  Nevertheless, Plaintiff has also not shown irreparable injury.  He has not presented any specific facts which demonstrate any recent problems, issues, or injuries, nor has he shown that any such injury is irreparable.

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for a temporary restraining order and preliminary injunction, ECF No. 19, be **DENIED** and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on September 6, 2017.

S/ Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**