# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE' DIVISION

**PERRY T. LAPUMA,**

    **Plaintiff,**

**vs.**                             **Case No. 4:16cv799-WS/CAS**

**V. COUCH, et al.,**

    **Defendants.**
_____/

## O R D E R

The pro se Plaintiff filed a second amended complaint, ECF No. 18, on August 22, 2017. Shortly thereafter, he filed a motion for temporary restraining order and preliminary injunction, ECF No. 19. This Order deals only with the second amended complaint. ECF No. 18.

Previously, an Order was entered directing Plaintiff to file a second amended complaint. ECF No. 14, 17. In particular, the Order noted that Plaintiff was seeking to litigate claims and issues against Defendants from 2011 and 2012. Events from that time period are barred. Plaintiff's second amended complaint, ECF No. 18, did not comply with that direction and he

included detailed facts concerning barred events. *Id.* at 5-10. The events which are time barred dominate the second amended complaint.

It would be appropriate for Plaintiff to briefly note in his complaint that he had gallbladder surgery in December 2012. However, a detailed history should not be provided. Doing so unnecessarily lengthens the complaint as the events which support a claim contending that he was wrongfully denied surgery prior to that date are time barred.

Additionally, by so limiting the factual basis for Plaintiff's complaint to events which occurred within four years of the date this case was initiated (December 29, 2016), the number of Defendants will be limited as well. It appears that the only persons who are appropriately named as Defendants based on events which took place since December 2012 are: Warden McCallum, Dr. Bucarelli, Warden Varnes, ARNP Kendrick, Nurse Key, Dr. Laubaugh, and possibly a John Doe Defendant.[1] Plaintiff has not provided facts concerning any events which took place between December 2012 and December 2016 which concern Defendants Greg Archie, Fran Wood, Julie Jones, Corizon Health Services or Centurion of Florida. Thus,

---

[1] It is unclear whether Plaintiff exhausted administrative remedies concerning the events which support a claim against John Doe. If Plaintiff had done so, he would likely know the identity of the person who delayed his transfer to the hospital.

Case No. 4:16cv799-WS/CAS

Plaintiff should eliminate the claims against those Defendants which are based on events occurring more than four years prior to Plaintiff's initiation of this case.[2]

Plaintiff is also advised that, as filed, his complaint is insufficient to present a claim against either Corizon or Centurion. He must provide specific allegations in a third amended complaint addressing why Corizon and/or Centurion has been named as a Defendant. Plaintiff must clarify whether he was denied medical care pursuant to a policy or custom of those entities, or whether he seeks to hold Corizon and/or Centurion liable for the acts or omissions of nurses or doctors who Plaintiff believes were employed by those entities.[3] The factual basis of Plaintiff's claim against Corizon, Centurion, or both entities must be clear in the third amended

---

[2] Additionally, Plaintiff has included events which transpired *after* he filed this case. ECF No. 18 at 15. It is likely that such events are not viable in this case because Plaintiff could not have exhausted administrative remedies concerning those events *prior* to case initiation because they did not occur until after this case was filed.

[3] A prisoner may sue a municipality which has a "custom or policy that constituted deliberate indifference to that constitutional right." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Although neither Corizon nor Centurion is "a governmental entity, '[w]here a function which is traditionally the exclusive prerogative of the state (or here, county) is performed by a private entity,' that private entity, like a municipality, may be held liable under § 1983." Ancata v. Prison Health Servs., 769 F.2d 700, 703 (11th Cir. 1985) (quoted in Fields v. Corizon Health, Inc., 490 F.App'x 174, 181-82 (11th Cir. 2012) (affirming that jury could "reasonably conclude that Prison Health's policy restricting the transportation to hospitals of inmates with serious medical needs was a direct cause of Mr. Fields' injuries.")).

Case No. 4:16cv799-WS/CAS

complaint, and must be presented in short, separately numbered paragraphs.

In submitting a third amended complaint, Plaintiff is reminded again that Local Rule 5.7 provides that a "petition, motion, or complaint, together with any memorandum, must not exceed 25 pages, unless the Court authorizes it." N.D. Fla. Loc. R. 5.7(B). Pursuant to Rule 10(c), exhibits which are attached to a pleading are considered "part of the pleading for all purposes." Fed. R. Civ. P. 10(c). Thus, exhibits which are attached to a complaint are included in the page calculation and result in exceeding the 25-page limitation. Plaintiff's third amended complaint must be limited to 25 pages.

With that guidance, Plaintiff will be provided another civil rights complaint form. Plaintiff must provide all relevant facts to support his claim on the form, and he must limit the factual allegations to those facts which are not time barred. Plaintiff must name as Defendants only those persons who are responsible for the alleged constitutional violations. Plaintiff must demonstrate the manner in which he has been harmed by Defendants' actions or inactions, and he must clearly state what each person did, or failed to do, which he believes violates his rights. Plaintiff is reminded that

the factual allegations must be stated in short, separately numbered paragraphs.

Plaintiff's "third amended complaint" must contain all of Plaintiff's allegations and should not in any way refer to prior versions of his complaint. An amended complaint completely replaces all previous complaints and claims not raised in the third amended complaint are deemed abandoned. N.D. Fla. Loc. R. 15.1. The third amended complaint filed with the Court must contain Plaintiff's original signature, but Plaintiff must also keep an identical copy for himself.

Accordingly, it is

**ORDERED**:

1. The Clerk of Court shall provide Plaintiff with another § 1983 complaint form so that Plaintiff can file the third amended complaint as explained above.

2. Plaintiff has until **October 6, 2017**, to file a third amended civil rights complaint, which shall be typed or clearly written, submitted on court forms, and in compliance with this Order.

3. **Failure to comply with this Court Order may result in a recommendation of dismissal of this action.**

Case No. 4:16cv799-WS/CAS

4.  Plaintiff shall immediately file a notice to the Clerk's Office in the event his address changes, he is transferred, or released from custody.

5.  The Clerk of Court shall return this file upon receipt of Plaintiff's third amended complaint, or no later than October 6, 2017.

**DONE AND ORDERED** on September 6, 2017.

**S/   Charles A. Stampelos**
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**