# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**PERRY T. LAPUMA,**

    **Plaintiff,**

vs.                                           Case No. 4:16cv799-WS/CAS

**ANA BUCARELLI, et al.,**

    **Defendants.**

_____/

## O R D E R

Plaintiff, who is pro se in this action, has filed a third amended complaint [hereinafter "complaint"]. ECF No. 29. Plaintiff's complaint has been reviewed as is required by 28 U.S.C. § 1915A. Because Plaintiff's complaint as is explained in greater detail below, Plaintiff will be required to file a fourth amended complaint. Plaintiff will be provided another complaint form, and he shall have until **May 15, 2018**, to file his fourth amended complaint.

The complaint broadly asserts two types of claims: failure to provide medical care in violation of the Eighth Amendment and a First Amendment violation for abridging the right to file grievances without retaliation. ECF

No. 29 at 8. However, Plaintiff does not provide any factual allegations against any named Defendant which reveal a basis for a retaliation claim. Because that claim is insufficient, Plaintiff must omit that claim from his fourth amended complaint.

Furthermore, Plaintiff's complaint concerning his medical needs is based on events which took place between 2011 and 2013. Plaintiff contends he was denied appropriate medical care and was forced to endure unnecessary pain and suffering due to Defendant Bucarelli's excessive delay in providing treatment.

Plaintiff contends that in August of 2013, he filed a formal grievance to Warden McCallum concerning his medical care which was denied in September 2013. ECF No. 29 at 19. Plaintiff appealed the denial of his grievance to the Secretary's Office on September 18, 2013. He indicates that the response provided to him said that his allegations could not be corroborated and, presumably, the appeal was denied. *Id.* Thereafter, in June of 2015, Plaintiff filed another formal grievance to the warden complaining that he was denied medical treatment due to cost and Corizon's policy. *Id.* at 20. Defendant Varnes denied his grievance and

Plaintiff filed an appeal on July 5, 2015. *Id.* The appeal was denied by Defendant Harvey "for non-medical reasons." *Id.*

Plaintiff says that he filed another grievance on June 21, 2016, to Defendant Kendrick, but she denied his grievance. ECF No. 29 at 21. Plaintiff alleges that Defendant Kendrick's decision to deny him medication and follow-up consultations was because of Defendant Centurion's cost-saving policies. *Id.* at 21. Plaintiff filed an appeal to the Secretary's Office and his appeal was "answered" by Defendant Reimers who noted that Plaintiff was "last seen on 7/19/16" and his condition was being monitored in the chronic clinic. *Id.*

On January 22, 2017, Plaintiff filed another formal medical grievance "for the continual tortious acts" of health care providers. *Id.* at 22. Defendant Key allegedly refused to provide Plaintiff medical care and follow-up appointments, but Plaintiff's grievance was denied by Defendants Laubaugh and Varnes in February 2017. Plaintiff filed an appeal to the Secretary's Office on February 11, 2017, which he contends was denied a remarkable seven months later, on September 5, 2017, again for "non medical reasons." *Id.*

First, Plaintiff initiated this case on December 29, 2016. Thus, Plaintiff may not complain about events which transpired in 2017 because they could not have been exhausted prior to this case being filed.

Second, as Plaintiff has already been advised, see ECF Nos. 14 and 21, he may not complain about events from 2011 either. Such events are barred by Florida's four year statute of limitations.

Third, Plaintiff has not adequately alleged a basis for his claims against Defendants Kendrick or Key. Plaintiff has made only conclusory allegations and has not provided any specific facts which state what those Defendants did, or failed to do.

Fourth, Plaintiff is advised that the denial of a grievance is not an appropriate basis for a claim. Instead, Plaintiff must articulate facts which demonstrate that the named Defendants failed to provide him medical care for a serious medical need. His allegations must be specific as each Defendant must be able to determine what Plaintiff contends he or she failed to do, or what they did improperly. Plaintiff may not indicate generally that "the Defendants" took some action, but he must provide specific facts for each Defendant.

Plaintiff is reminded that his statement of facts must be presented in short, separately numbered paragraphs. His fourth amended complaint shall be no longer than 20 pages, and he is cautioned to review the prior Order which gave direction in filing an amended complaint. *See* ECF Nos. 14 and 21. The number of opportunities to submit a viable complaint is not unlimited.

An amended complaint completely replaces all previous complaints and claims not raised in the third amended complaint are deemed abandoned. N.D. Fla. Loc. R. 15.1. The fourth amended complaint must contain Plaintiff's original signature, but Plaintiff must keep an identical copy of the complaint for himself. Plaintiff shall not submit service copies until directed to do so.

Accordingly, it is

**ORDERED**:

1. The Clerk of Court shall provide Plaintiff with another § 1983 civil rights complaint form so Plaintiff can file a fourth amended complaint as explained above, and in prior Orders. *See* ECF Nos. 14 and 21.

2. Plaintiff has until **May 15, 2018**, to file a fourth amended complaint, which must be typed or clearly written, submitted on the court form provided to him, and in compliance with this Order.

3. **Failure to comply with this Order may result in a recommendation of dismissal of this action.**

4. Plaintiff shall immediately file a notice to the Clerk's Office in the event his address changes, he is transferred, or released from custody.

5. The Clerk of Court shall return this file upon receipt of Plaintiff's fourth amended complaint, or no later than May 15, 2018.

**DONE AND ORDERED** on April 12, 2018.

> S/    Charles A. Stampelos
> **CHARLES A. STAMPELOS**
> **UNITED STATES MAGISTRATE JUDGE**