# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

PERRY T. LAPUMA,

      Plaintiff,

vs.                                     Case No. 4:16cv799-WS/CAS

DR. ANA BUCARELLI, et al.,

      Defendants.

_____/

## REPORT AND RECOMMENDATION

On December 3, 2018, the pro se Plaintiff filed his fifth amended civil rights complaint. ECF No. 45. Prior to reviewing Plaintiff's allegations, it would be beneficial to explain the history of this case.

Plaintiff initiated this case in late December 2016.[1] ECF No. 1. Since that time, numerous Orders were entered providing opportunities for Plaintiff to file a viable complaint that presents sufficient factual allegations against the named Defendants and states a claim upon which relief may be

---

[1] The complaint was received in this Court and filed on December 29, 2016. ECF No. 1 at 1. However, Plaintiff gave it to prison officials on December 28, 2016, for mailing. Pursuant to the "prison mailbox rule," pro se prisoners are deemed to have filed a document when they hand it over to prison officials to mail on their behalf. Houston v. Lack, 487 U.S. 266, 271-72, 108 S.Ct. 2379, 2382-83 (1988).

granted.  In particular, Plaintiff was required to omit claims which are time

barred.  In numerous Orders, Plaintiff was informed that the statute of

limitations which is applicable to a civil rights action is four years.  *See* ECF

Nos. 14, 21, 31, 42, and 44.  Thus, Plaintiff was directed to eliminate claims

based on events that occurred in 2011 and most of 2012.  ECF Nos. 14 at

2; ECF No. 21 at 1-2; ECF No. 31 at 4; ECF No. 42 at 1-2.  Plaintiff was

informed that he must limit the factual basis of his complaint to events

which occurred within four years of December 29, 2016.  ECF No. 21 at 2.[2]

In addition, Plaintiff was instructed in numerous Orders that he must

"provide factual allegations for each named Defendant which reveal how

they were involved and how they violated his eighth Amendment right to

medical care."  *See*, e.g., ECF No. 42 at 2-3.  Conclusory allegations are

insufficient to state a viable claim.

At this point, sufficient opportunity has been provided to Plaintiff to

comply with those Orders.  Plaintiff has been given a multitude of

extensions of time in which to do so.  *See* ECF Nos. 11, 17, 24, 27, 33, and

44.  This case has been pending for two years and, still, the complaint has

---

[2] Additionally, Plaintiff was informed that he could not complain about events which occurred in 2017 either because those events could not have been exhausted considering that the case was initiated in December of 2016.  ECF No. 31 at 4.

not been served on the Defendants.[3]  When Plaintiff was directed to file his

fifth amended complaint, he was specifically advised that "opportunities to

file an amended complaint are not unlimited."  ECF Nos. 42, 44.  He was

cautioned to review the many Orders entered in this case prior to drafting

his fifth amended complaint.  *Id.*

Plaintiff's fifth amended complaint [hereinafter "complaint"] has now

been reviewed as required by 28 U.S.C. § 1915A.  Plaintiff details some of

his medical history, noting that between 2011 and December 2012, he

experienced acute pancreatitis and had an allergic reaction to certain blood

pressure medication.  ECF No. 45 at 9.  On December 26, 2012,[4] while at

Taylor Correctional Institution, Plaintiff experienced another "acute

pancreatic attack" and alleged that he was in severe pain and became

quite ill.  *Id.* at 10.  He was transported first to Doctors Memorial Hospital

(presumably in Perry, Florida, where Taylor C.I. is located) and then to

Memorial Hospital in Jacksonville, Florida.  *Id.* at 10-11.  Plaintiff was

diagnosed with gallstone pancreatitis and it appears that surgery was not

---

[3] It is noteworthy that Plaintiff's listing of Defendants has been continually in flux. Each amended complaint included new and varying Defendants.

[4] This date is more than four years from case initiation.  Plaintiff's complaint was given to prison officials on December 28, 2016.

required to remove the gallstone, although Plaintiff's gallbladder was removed on December 28, 2016. *Id.* at 11. Plaintiff indicates that he "remained in this life threatening condition for (14) days from the 26th of December 2012, until on or about January 10, 2013." *Id.*

Plaintiff then makes the conclusory allegation that Defendants Bucarelli, Corizon, and Harvey denied him adequate medical care and caused "fantastic delays" in providing a referral to an outside gastroenterologist for a consult. *Id.* at 12. Plaintiff did not, however, provide any facts to support that assertion. No allegations are presented to show what those three Defendants did or failed to do, or when any such events occurred.

Furthermore, Plaintiff makes another conclusory allegation that while he was hospitalized, nurses gave him the same blood pressure medication he was allergic to which, he alleges, caused his white blood cell count to "jump up by 10,000.00" and alarmed his doctor. ECF No. 45 at 12. According to Plaintiff, the doctor asked Plaintiff what caused the spike in his white blood cell count, and Plaintiff advised that it was an allergic reaction to Metaprolol, the blood pressure medication given to him. *Id.* at 12-13. The doctor told Plaintiff he would stop prescribing it and advised

Plaintiff to stop taking that medication. *Id.* at 13. Fourteen days later, the doctor told Plaintiff he was "a miracle in the making" because his white blood count was back to normal. *Id.*

Plaintiff contends that "it was Defendant Bucarelli's fault" that he was given Metaprolol in the hospital because inaccurate medical records were provided to Memorial Hospital or hospital staff was "intentionally directed: to give that medication to Plaintiff "as an act of punishment." *Id.* That is a conclusory allegation unsupported by facts.

After 18 days, Plaintiff was released from Memorial Hospital and transferred to the North Florida Reception Center and Regional Medical Center. *Id.* He was treated by Dr. Shah and given medication ("creon-12 pills") for chronic pancreatitis. Plaintiff also was to have follow-up consultations every 6 months. *Id.* at 14. However, when Plaintiff returned to Taylor Correctional Institution on February 4, 2013, Defendant Bucarelli and "the provider" refused to renew that medication "because of cost." *Id.* Plaintiff filed grievances which complained of being denied that medication, but they were denied by Defendant McCallum (the warden) and Defendant Harvey (the Secretary's representative). *Id.* Plaintiff contends the grievances were denied "without medical reason[s]." *Id.*

Plaintiff further alleges that Dr. Shah "ordered the creon-12 pills on 6-6-13, 8-6-13, 2-5-14 and 2-17-14." *Id.* On February 17, 2014, Dr. Shah submitted a "drug exception request" to the Regional Medical Executive Director, Defendant Rosko. *Id.* Plaintiff reports that the "form was signed by the Director and the creon-12 was 'disapproved.'" *Id.* In 2014, Defendants Bucarelli and Corizon stopped all further consultations with Dr. Shah. *Id.*

Plaintiff contends that he exhausted administrative remedies concerning the denial of the medication ordered previously by Dr. Shah and his follow-up consultations. *Id.* at 14-15. All of his grievances and appeals were denied by Defendants Harvey, Varnes, Corizon, and Reimers, and by non-party, Centurion. *Id.* at 14-15.

Plaintiff asserts Eighth Amendment claims against the Defendant for failure to provide adequate medical care and treatment. *Id.* at 15. He claims that failing to provide him with an "outside gastroenterologist [sic] consult . . . constitutes deliberate indifference to his serious medical need . . . ." *Id.* He also alleges that all of the Defendants "intentionally interfered with prescribed and/or ordered" medication and treatment by Dr. Shah. *Id.* at 15-16.

**Analysis**

A complaint should be dismissed if it fails to state a claim upon which relief can be granted because Plaintiff has not alleged sufficient facts to support the claim asserted.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955).  To do so, the complaint must provide factual content which shows that a named Defendant is liable for the alleged misconduct.  Iqbal, 556 U.S. at 677.  The requirements of Rule 8 do "not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."  Iqbal, 556 U.S. at 678-79, 129 S.Ct. at 1949.  A complaint does not need detailed factual allegations to survive a motion to dismiss, but Rule 8 "demands more than an unadorned, the-defendant-unlawfully- harmed-me accusation."  556 U.S. at 678, 129 S.Ct. at 1949.  "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'"  *Id.* (quoting Twombly, 550 U.S. at 555).  Thus, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts

Case No. 4:16cv799-WS/CAS

will not prevent dismissal." <u>Davila v. Delta Air Lines, Inc.</u>, 326 F.3d 1183, 1185 (11th Cir. 2003).

In this case, Plaintiff's factual allegations are conclusory. He does not provide facts which show that any named Defendant denied him adequate and appropriate medical care. The Eighth Amendment governs the conditions under which convicted prisoners are confined and the treatment they receive while in prison. <u>Farmer v. Brennan</u>, 511 U.S. 825, 832, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The Eighth Amendment guarantees that prisoners will not be "deprive[d] ... of the minimal civilized measure of life's necessities." <u>Rhodes v. Chapman</u>, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981) (quoted in <u>Chandler v. Crosby</u>, 379 F.3d 1278, 1289 (11th Cir. 2004)). "[B]asic human necessities include food, clothing, shelter, sanitation, medical care, and personal safety." <u>Harris v. Thigpen</u>, 941 F.2d 1495, 1511 (11th Cir. 1991) (cited in <u>Collins v. Homestead Corr. Inst.</u>, 452 F.App'x 848, 850-851 (11th Cir. 2011)).

Deliberate indifference to serious medical needs of prisoners violates the Eighth Amendment's prohibition against cruel and unusual punishment. <u>Estelle v. Gamble</u>, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). "A serious medical need is 'one that has been diagnosed by a physician as

mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." <u>Farrow v. West</u>, 320 F.3d 1235, 1243 (11th Cir. 2003) (quotations omitted) (quoted in <u>Bingham v. Thomas</u>, 654 F.3d 1171, 1176 (11th Cir. 2011)). "In either of these situations, the medical need must be 'one that, if left unattended, 'pos[es] a substantial risk of serious harm.'" <u>Farrow</u>, 320 F.3d at 1243 (citation omitted); *see also* <u>Mann v. Taser Intern., Inc.</u>, 588 F.3d 1291, 1307 (11th Cir. 2009). Alternatively, "a serious medical need is determined by whether a delay in treating the need worsens the condition" or "if left unattended, poses a substantial risk of serious harm." <u>Mann v. Taser Intern., Inc.</u>, 588 F.3d 1291, 1307 (11th Cir. 2009) (citations omitted).

Deliberate indifference requires more than negligence,[5] but it is unnecessary to show a defendant intended to cause harm. <u>Farmer v. Brennan</u>, 511 U.S. 825, 835, 114 S. Ct. 1970, 1978, 128 L. Ed. 2d 811 (1994). Deliberate indifference requires a plaintiff to show that a defendant was subjectively reckless and consciously disregarded a substantial risk of

---

[5] "Conduct that is more than mere negligence includes: (1) grossly inadequate care; (2) a decision to take an easier but less efficacious course of treatment; and (3) medical care that is so cursory as to amount to no treatment at all." <u>Bingham</u>, 654 F.3d at 1176 (citing <u>Brown v. Johnson</u>, 387 F.3d 1344, 1451 (11th Cir. 2004)).

serious harm.  Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991) (explained in Farmer, 511 U.S. at 838-40, 114 S. Ct. at 1979-80).  "The inadvertent or negligent failure to provide adequate medical care 'cannot be said to constitute 'an unnecessary and wanton infliction of pain.'"  Estelle, 429 U.S. at 105-06, 97 S.Ct. 285 (quoted in Farrow, 320 F.3d at 1243).

In a claim for the denial of medical care, a plaintiff must show: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts."  Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000), cert. denied, 531 U.S. 1077 (2001); Farrow, 320 F.3d at 1243. Put another way, to show a defendant acted with deliberate indifference, "a prisoner must show the prison official's: '(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence.'"  Bingham, 654 F.3d at 1176 (quoting Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004) (citing McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir. 1999)).

 "However, not 'every claim by a prisoner that he has not received adequate medical treatment states a violation of the Eighth Amendment.' "

McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999) (citation omitted)

(quoted in Farrow, 320 F.3d at 1243).  For example, medical malpractice

does not constitute deliberate indifference.  Estelle, 429 U.S. at 106, 97 S.

Ct. at 292.  "Nor does a simple difference in medical opinion between the

prison's medical staff and the inmate as to the latter's diagnosis or course

of treatment support a claim of cruel and unusual punishment."  Harris v.

Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991) (citing Waldrop v. Evans,

871 F.2d 1030, 1033 (11th Cir. 1989)).  "A 'complaint that a physician has

been negligent in diagnosing or treating a medical condition does not state

a valid claim of medical mistreatment under the Eighth Amendment.'"

Estelle, 429 U.S. at 106, 97 S.Ct. at 292 (quoted in Bingham, 654 F.3d at

1176).  For example, the prisoner in Estelle received treatment for his back

injury, but complained that more should have been done in the way of

diagnosis.  The Court rejected this as a basis for liability:

> But the question whether an X-ray--or additional diagnostic
> techniques or forms of treatment--is indicated is a classic
> example of a matter for medical judgment.  A medical decision
> not to order an X-ray, or like measures, does not represent
> cruel and unusual punishment.

429 U.S. at 107, 97 S. Ct. at 293.  Put simply, an "official acts with

deliberate indifference when he or she knows that an inmate is in serious

need of medical care, but he fails or refuses to obtain medical treatment for the inmate." McElligott, 182 F.3d at 1255 (citations omitted).

Plaintiff has alleged no facts which show that any Defendant was deliberately indifferent to his medical needs after his release from the Medical Center. Plaintiff alleges no specific medical problem, issue, or symptoms that went untreated following his gallbladder removal surgery. By and large, Plaintiff's complaint focuses on his pain and health problems before his hospitalization, not after. Thus, he has not alleged facts which show that he had a serious medical need which went untreated when he returned to Taylor C.I.

To the degree Plaintiff's complaint asserts that his needs were ignored *prior* to the surgery, that claim cannot proceed in this case. Any such events occurred more than four years prior to the initiation of this action. Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing Owens v. Okure, 488 U.S. 235, 249-50, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989) and Wilson v. Garcia, 471 U.S. 261, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985)). In Florida, a § 1983 action must be commenced "within four years of the allegedly unconstitutional or otherwise illegal act." Burton, 178 F.3d at 1188 (citing Baker v. Gulf & Western Indus., Inc., 850

F.2d 1480, 1483 (11th Cir. 1988)). Plaintiff's medical issues surrounding his gallstone pancreatitis arose more than fours years prior to the commencement of this case. Those claims are barred by the statute of limitations and must be dismissed.

Furthermore, Plaintiff's complaint alleges, at most, a disagreement between the medications provided to him. Such a dispute is not a viable claim under the Eighth Amendment. <u>Estelle</u>, 429 U.S. at 107, 97 S. Ct. at 293. That is especially true in this case where Plaintiff has not alleged facts showing that he suffered from a serious medical need following his return to Taylor Correctional Institution that was untreated. Although Plaintiff did not receive a specific medication prescribed by one doctor because it was rejected by another doctor, he has not alleged facts showing that this medication change caused him any harm. Because Plaintiff has alleged no facts showing that his condition deteriorated because he was not given creon-12, or that he otherwise suffered harm, that claim is insufficient.

Additionally, his claim that Defendants denied him a particular medication due to its cost is insufficient as alleged. Decisions about which medication should be provided are routinely based on costs. Lesser,

generic medications are frequently taken by patients due to cost even though a different medication was prescribed. Absent factual allegations which show that alternative medications were not effective on controlling Plaintiff's symptoms, the decision to provide a more cost effective medication is not unconstitutional. Even if no other medication was provided, without specific factual allegations which demonstrate a medical need that is untreated, the complaint is insufficient to state a claim. In this case, Plaintiff has not alleged that he suffered with any medical problem following the denial of that medication. ECF No. 45 at 13-15.

Moreover, Plaintiff's complaint names several persons as Defendants who are not medical providers, but who responded to his grievances. An Eighth Amendment medical care claim is generally appropriately brought against the medical staff who are responsible for providing treatment, but not against supervisory officials who were not personally involved in providing medical care. "[I]t is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." Keith v. DeKalb Cty., Ga., 749 F.3d 1034, 1047 (11th Cir. 2014) (quoting Cottone v. Jenne, 326 F.3d 1352, 1360 (11th Cir. 2003)). "Liability

attaches only if a supervisor 'directly participated in the unconstitutional conduct' or there is a causal connection between the supervisor's actions and the alleged constitutional violation."  Hoever v. Belleis, 703 F. App'x 908, 911 (11th Cir. 2017) (citing Cottone, 326 F.3d at 1360).  A causal connection may be shown by pointing to a supervisor's "custom or policy" that results in deliberate indifference, but Plaintiff has not alleged any such custom or policy.  Thus, his claim against Corizon is insufficient.

Further, Plaintiff's claims against Defendants Varnes, Harvey, and McCallum are based solely on the fact that they denied his grievances.  An allegation that "supervisors denied grievances against their subordinates [is] insufficient to establish that the supervisors instigated or encouraged unlawful conduct."  Hoever, 703 F. App'x at 912.  Here, Plaintiff's claims against these Defendants are insufficient.  He has not alleged specific facts against these persons which demonstrate a basis for a claim that they were deliberately indifferent to a serious medical need.

For all the reasons stated above, Plaintiff's fifth amended complaint should be dismissed.  Because Plaintiff has already had the benefit of multiple amendments and two years to file a viable complaint, further opportunities should not be extended.

Case No. 4:16cv799-WS/CAS

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that

Plaintiff's fifth amended complaint, ECF No. 45, be **DISMISSED** for failure

to state a claim upon which relief may be granted pursuant to 28 U.S.C.

§ 1915(e)(2), and that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this

cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on January 10, 2019.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**
**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations.  Fed. R. Civ. P. 72(b)(2).  A copy of the objections shall be served upon all other parties.  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.  Fed. R. Civ. P. 72(b)(2).  Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.  If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on**

appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.